## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DERRICK SHELTON,** | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| **MAYA ANGELOU PUBLIC CHARTER** | ) |
| **SCHOOL,** | ) |
| **1851 9th St., NW** | ) |
| **Washington, DC 20001** | )    Civil Action No. |
| | ) |
| | ) |
| **To serve:** | ) |
| **DEMETRI TYLER, Registered Agent** | ) |
| **Maya Angelou Public Charter** | ) |
| **1851 9th St., NW** | ) |
| **Washington, DC 20001** | ) |
| Defendant | ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Derrick Shelton, in his own right, files this Complaint, by and through his undersigned attorney against Maya Angelou Public Charter School (MAPCS), alleging violations of the Individuals with Disabilities Education Improvement Act 20 U.S.C. §1400 et seq., and 42 U.S.C. § 1983. Plaintiff seeks declaratory and injunctive relief. In support of the complaint, the Plaintiff states the following:

### JURISDICTION

1.    This Court has jurisdiction pursuant to:

   a.    The Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§1400-1461 ("IDEIA") and 28 U.S.C. §§ 1441 and 1442; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 - 3701.3 (2005);

1

b.    Declaratory relief is authorized by 28 U.S.C. §§2201 and
2202.

## VENUE

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

3.    Derrick Shelton at all times relevant to this suit, is now and has
been a resident of the District of Columbia and resides at 125
Franklin St., N.E. #M13; Washington, DC 20002 and attended
MAPCS.

4.    MAPCS is a District of Columbia Public Charter School located
on 1851 9th St., NW; W.D.C. 20001 and operates as its on Local
Education Agency ("LEA") under the Individuals with Disabilities
Education Improvement Act (IDEIA).

## FACTS

5.    Derrick Shelton's, ("Derrick") Individualized Educational Program
("IEP") identifies him as learning disabled with ninety (90)
minutes of counseling, one (1) hour of special education
consultation, one (1) hour and fifty-five minutes of advisory
services. *See March 2006 Individualized Education Plan Exhibit
5.*

6.    On November 22, 2006, Derrick was suspended after he assaulted
a fellow student.

2

7.  That MAPCS was required to hold a manifestation determination review meeting within ten (10) days of the incident and failed to do so as required by statute.

8.  That as result of MAPCS' failure to hold the MDR meeting, the parent requested that MAPCS convene the meeting immediately.

9.  That notwithstanding, MAPCS failed and/or refused to convene the statutorily required meeting and as consequence Derrick has remained out of school and is now failing all of his course work.

10. That on December 12, 2006, counsel for the parent filed an administrative due process hearing request was filed alleging that MAPCS failed 1) to comply with disciplinary procedures by failing to schedule a manifestation determination meeting review meeting; 2) comply with disciplinary procedures by failing to conduct a functional behavioral assessment and/or implement a behavior plan; 3) ensure that the student continued to receive a free and appropriate public education after his suspension exceeded the days; and 4) MAPCS failed to provide the student with FAPE. *See December 12, 2006 Administrative Due Process Hearing Complaint Exhibit 4.*

11. That the hearing was held on March 12, 2007 and on April 5, 2007 the Hearing Officer issued a determination that found Derrick had been denied access to FAPE and ordered that within ten (10) days that 1) MAPCS to convene a MDT/IEP meeting to develop an

3

[functional behavior assessment] and a [behavioral implementation

plan], discuss if any additional evaluations were warranted, review

and revise the student's IEP as appropriate, discuss and determine

the student's placement and discuss compensatory education and

develop a compensatory education plan for the time student had

not been provided an alternative interim placement decided by the

IEP team; 2) MAPCS shall ensure a representative of DCPS

participates in the MDT/IEP meeting; 3) MAPCS shall either

allow the student to re-enroll at MAPCS or DCPS shall issue a

prior notice of placement within five (5) school days of the

MDT/IEP meeting if the recommended placement is public and

thirty (30) calendars if recommended placement is private. . . ."

*See April 2007 Hearing Officer's Determination Exhibit 3.*

12.     That MAPCS scheduled a MDT/IEP meeting with parent's counsel

for April 13th, 2007 at 10:00 p.m.

13.     That on April 12th, 2007 Mr. Luseni, special education coordinator,

contacted Roberta Gamble, counsel for Plaintiff, and informed her

that he could not go forward with the meeting because he had been

advised by counsel for MAPCS that the April 5, 2007 Hearing

Officer's Determination would be appealed. *See Exhibit 21.*

14.     That in an April 12, 2007 letter, parent's counsel wrote Jessica

Smith, Esq. of Dalton, Dalton, & Houston, requesting that MAPCS

comply with the April 5, 2007 HOD. *See Exhibit 1.*

4

15.   That to date, counsel for MAPCS has failed to counsel to convene the MDT meeting as ordered by the April 5, 2007 HOD.

16.   That upon information and Plaintiff's belief, MAPCS has not appealed the April 12, 2007 HOD to the federal court nor otherwise undertaken any action to stay or otherwise release it of its obligation to comply with the HOD issued on April 5, 2007.

## COUNT I

### FAILURE TO COMPLY WITH THE
### APRIL 5, 2007 HEARING OFFICER'S DETERMINATION

17.   That the Plaintiff repeats and re-alleges paragraphs 1-16.

18.   That the April 5, 2007 HOD ordered MAPCS to convene a MDT/IEP meeting to address the issues presented in the December 12, 2006 administrative due process hearing request.

19.   That the MDT/IEP meeting was to occur within in ten (10) days of the issuance of the HOD.

20.   That Mr. Luseni and the parent agreed to convene the MDT/IEP on April 13, 2007 at 10:00 am at MAPCS.

21.   That on April 12, 2007, Mr. Luseni contacted Roberta Gambale and stated the he could not go forward with the meeting as counsel for MAPCS stated it would appeal the decision and it further ordered him to cancel the meeting.

22.   That counsel for the parent contacted opposing counsel and requested that MAPCS comply with the April 5, 2007 HOD.

23.   That to date MAPCS nor its counsel has responded to counsel
      request to convene an MDT/IEP meeting.

23.   That because Derrick has not been allowed to return to school, he
      will likely fail the eleventh(11th) grade.

## COUNT II

### MAPCS VIOLATED 42 SECTION 1983.

26.   That Plaintiff repeats and re-alleges paragraphs 1-25.

27.   That MAPCS have violated and continue to violate section 1983
      by blatantly refusing to comply with the April 5, 2007 HOD.

28.   That in violating the April 5, 2007 HOD, MAPCS have violated
      Derrick's rights under federal statute.

29.   That MAPCS is a school chartered under the District of Columbia,
      and its actions of MAPCS, as they relate to Derrick, were
      performed under the color of state law.

30.   That Derrick has suffered and is suffering irreparable harm to his
      education and development.

31.   That the actions of MAPCS are interfering with Derrick's ability
      obtain access to a free and appropriate education.

**Wherefore,** the Plaintiff prays that this Court grant its requests for an injunction
prohibiting the Defendants from refusing Derrick admission to MAPCS; a declaratory
judgment declaring that the Defendant is in violation of the April 5, 2007, Hearing
Officer's Determination; award Plaintiff reasonable attorney fees and costs of this action;
and award any other relief that the Court deems just and proper.

6

Respectfully Submitted,

Roxanne D. Neloms 478157
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2000
202-742-2097/2098 (facsimile)
*Attorney for the Plaintiff*

# Exhibit 1

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

------------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

---------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

**April 12, 2007**

<u>**Via Facsimile Only**</u>
Jessica Smith Esq.
Dalton, Dalton and Houston, P.C.
1008 Pendleton Street
Alexandria, VA  22314

Re:   <u>**Derrick Shelton, DOB: 3/08/88**</u>

Dear  Ms. Smith :

    I have recently received a voicemail message from your client indicating that he would not proceed with the meeting scheduled for tomorrow for the above referenced student because your office intended to file an appeal of the order.

    Please be advised that the filing of an appeal in itself <u>does not</u> act as a automatic stay of an administrative order.  Absent a court order staying Hearing Officer's Determination ("HOD") your client has an obligation to comply with the provisions therein.  This student will be irreparably harmed by a failure to comply with the order.  A willful disregard of legal order constitutes contempt.

    Please feel free to contact me at (202)742-2000 (ext. 2021) to advise me how the school intends to proceed.

Sincerely,

Roberta L. Gambale Esq.

Cc: Student

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown

Domiento C.R. Hill

Roberta Gambale

Miguel A. Hull

Christopher L. West

----------------------------------

Attorneys at Law

1220 L Street, NW

Suite 700

Washington, DC 20005

Telephone: (202) 742-2000

Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+

Tilman L. Gerald

John A. Straus

Roxanne D. Neloms

Omar Karram

Christie Fontaine-Covington

----------------------------------

! DC Bar Special Legal Consultant

+ Admitted in Bolivia

# *FAX COVER SHEET*

TO:     Ms. Jessica Smith, Esq.

FROM:  Roberta L. Gambale

DATE:  4/12/07

FAX NO: (703) 739-2323

SUBJECT:  Derek Shelton

NUMBER OF PAGES, INCLUDING FAX COVER SHEET:  2

COMMENTS:

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

*\* Admitted Only in Virginia. Practicing Pursuant to Rule 49(c) (8); Supervision by Tilman L. Gerald and John Straus, Members of the D.C. Bar.*

HP Fax Series 900
Plain Paper Fax/Copier

Fax History Report for

(202) 742-2099
Jan 06 1970 9:32pm

Last Fax

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Jan 6 | 9:31pm | Sent | 97037392323 | 0:47 | 2 | OK |

Result:
  OK - black and white fax

# Exhibit 2

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown

Domiento C.R. Hill

Roberta Gambale

Miguel A. Hull

Christopher L. West

John A. Straus

------------------------------------

Attorneys at Law

1220 L Street, NW

Suite 700

Washington, DC 20005

Telephone: (202) 742-2000

Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+

Tilman L. Gerald

Roxanne D. Neloms

Omar Karram

Christie Fontaine-Covington

Jani Tillery

--------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

**April 26, 2007**

**Via Facsimile Only**

Jessica Smith Esq.

Dalton, Dalton and Houston, P.C.

1008 Pendleton Street

Alexandria, VA 22314

### Re:   Derrick Shelton, DOB: 3/08/88

Dear Ms. Smith :

Please be advised that it is our intent to file a preliminary injunction within five (5) business days unless Maya Angelou Public Charter School takes the necessary actions to comply with the Hearing Officer's Determination ("HOD") issued for the above referenced student. This student is being irreparably harmed by the school's failure to comply with the order.

Sincerely,

Roberta L. Gambale Esq.

Cc:    Paul Dalton Esq.
        Student

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO              4419
CONNECTION TEL                    97037392323
CONNECTION ID
ST. TIME             04/27 09:40
USAGE T              00'22
PGS. SENT            2
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Fontaine-Covington |
| John A. Straus | Facsimile: (202) 742-2098 | Jani Tillery |
| | e-mail: Admin@Jeblaw.biz | |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE:  April 27, 2007

TO:    Jessica Smith, Esq. Dalton, Dalton & Houston, P.C

PHONE NO: (703) 739-4300

FAX NO: (703) 739-2323

FROM: Yamileth Amaya, Paralegal for Roberta Gambale, Esq.

SUBJECT:  Derrick Shelton
DOB: 3/8/88

NUMBER OF PAGES INCLUDING COVER SHEET: **2**

COMMENTS:  Please find attached correspondence regarding preliminary injuction.

STATEMENT OF CONFIDENTIALITY:

# Exhibit 3

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Derrick Shelton ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: March 8, 1988 ) | |
| ("Student") ) | **HEARING OFFICER'S DECISION** |
| ) | |
| Petitioner, ) | Hearing Date: March 12, 2007 |
| ) | Record Closed: March 20, 2007 |
| v. ) | Held at: 825 North Capitol St. NE |
| ) | Washington, DC |
| Maya Angelou Public Charter School) | |
| (MAPCS) and ) | |
| ) | |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District") ) | |
| School: Cardozo SHS ) | |
| ) | |
| Respondents. ) | |

Counsel for Student:

Roberta Gambale, Esq.
1220 L Street, NW #565
Washington, DC 20001

Counsel for Maya Angelou PCS

Jessica M. Smith, Esq.
1008 Pendleton Street
Alexandria, Virginia 22314

Counsel for DCPS:

Aaron E. Price, Sr., Esq.
Office of General Counsel
825 North Capitol St. NE
Washington, DC 20002

## JURISDICATION:

A Due Process Hearing was convened on March 12, 2007, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a due process complaint submitted by counsel for the student and parent filed January 12, 2007. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

1

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (DS 1-30, MAPCS 1-15) which were admitted into the record. The record was closed with the submission by the parties of post hearing briefs on March 20, 2007.

## FINDINGS OF FACT [1]:

1. The student has been determined to be eligible for special education and related services with a disability classification of learning disabled (LD). The student attends Maya Angelou Public Charter School (MAPCS). (MAPCS 3)

2. The student's most recent individualized educational program (IEP) was developed March 16, 2006, at MAPCS and prescribes the following weekly services: 90 minutes of counseling, 1 hour of special education consultation, 1 hour and 55 minutes of "advisory" services.[2] (MAPCS 3)

3. The student performed well academically during the first quarter of school year (SY) 2006-07. However, the student was suspended and/or sent home early on a number of occasions the first quarter because of his behavior. (Student's testimony, DS 23)

4. On November 17, 2006, the student was engaged in an altercation and struck another student.[3] He was suspended from MAPCS as of the date of this incident. (Student's testimony, DS 24)

5. Prior to the student's November 17, 2006, suspension he was suspended for a total of four days: two days in September 2006 for being disrespectful to a teacher and for two other incidents for one day each. (Mr. Luseni's testimony)

6. Following the November 17, 2006, suspension, the student father instructed him to return to school because he had not been provided any documentation of the suspension. The student was not allowed to attend school and his father accompanied him to school a day or two later. The father was told by the school staff that the person responsible for sending out the suspension documentation was

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

[2] Mr. Luseni, MAPCS' special education coordinator testified that he provided the student consultation services and the "advisory" services were assistance from a special education teacher in an inclusion setting within general education classes. (Mr. Luseni's testimony)

[3] Based on testimony from a number of witnesses it appears the other student was his girlfriend.

not at school but would send the documentation upon her return. The student was not allowed to return to school. (Father's testimony)

7. On November 22, 2006, MAPCS' Dean of Student Affairs, Ms. Melanie Cobb, sent a letter to the student's parents indicating the student had been suspended with the intent to expel him from the school. The letter indicated that the schools' special education coordinator would be scheduling a manifestation determination review (MDR) meeting as soon a possible. (DS 17)

8. On Monday, November 27, 2006, the student and his father came to MAPCS and met with Mr. Michael Luseni, the special education coordinator. Mr. Luseni indicated that a MDR meeting needed to be held but he could not say if the student would be expelled. (Mr. Luseni's testimony)

9. The father requested to speak with the principal and Mr. Luseni arranged for the father to come the next day, November 28, 2006, and speak with the principal, Mr. Pinkard. The father requested that the student have a lesser punishment than expulsion and that the MDR meeting be delayed. Because the father seemed distraught about the possibility of having to find another school for his son Mr. Luseni did not press the father about setting a date to convene the MDR meeting and asked the father to call him about scheduling the meeting. The father did not call to schedule the meeting, however. (Mr. Luseni's testimony)

10. Because Mr. Pinkard and Mr. Luseni indicated to the father the student would not be allowed to return to the school and should go to his neighborhood school the parent retained counsel. (Father's testimony)

11. On December 4, 2006, the student's counsel sent a letter to MAPCS. The letter requested a MDR meeting and proposed dates for the meeting. The letter also advised the school the student should continue to be provided services under IDEIA §1515(k)(1), that an IEP team should be convened to discuss a possible alternative placement and that a functional behavior assessment (FBA) should be conducted. (DS 11)

12. The student's counsel filed a due process complaint on behalf of the parent and the student against MAPCS. That complaint was later amended to include the student only because he is over the age of eighteen. (DS 3)

13. On December 12, 2006, Mr. Luseni sent the parents a letter scheduling a combined MDR and resolution meeting for December 20, 2006, one of the dates proposed by the student's counsel. However, MAPCS later issued a notification scheduling the meetings for December 19, 2006. The MDR meeting was scheduled at 10:00 am; the resolution meeting was scheduled at 2:00 pm. (DS 19, 25)

14. MAPCS convened the multidisciplinary team (MDT)/MDR meeting on December 19, 2006. The student, his parents and his educational advocate, Mr. Corey

3 .

Hamilton, attended the meeting. The MAPCS participants of the MDT included, Ms. Corey Bellamy, counselor, Ms. Nakita West, Algebra teacher, Quentin Graham, PhD., psychologist, and Mr. Luseni, the special education coordinator. (DS 22)

15. The MDT determined the student's behavior was not a manifestation of his disability. Despite the fact that the student had been previously suspended the MDT thought the assault on the student that led to the suspension was an aberration. During the meeting Mr. Hamilton expressed a desire to review the student's IEP at a later date. The MDT did not discuss a placement for the student and there was no discussion of the services the student would be provided for the time he was not attending school. The decision to expel the student was not made at the MDR meeting. (Mr. Hamilton's testimony, Dr. Graham's testimony, DS 22)

16. On December 19, 2006, following the MDR meeting Mr. Hamilton sent a letter to Mr. Luseni, disputing the notes MAPCS had prepared from the MDR meeting. Mr. Hamilton pointed out that while the student's current disability classification was LD, the student and his parents believed the IEP did not reflect his true disability and if it did the behavior would have been a manifestation of that disability. (DS 10)

17. Mr. Hamilton indicated that he hoped the defects in the IEP would be addressed at the next MDT meeting. Mr. Hamilton believed the MDT had agreed at the MDR meeting to reconvene in January 2007 to discuss the issues related the student's IEP. (Mr. Hamilton's testimony, DS 10)

18. Mr. Hamilton also indicated in the letter to Mr. Luseni the student and his parents wanted to challenge the student's expulsion in a hearing.[4] (DS 10)

19. On December 19, 2006, following to the MDR meeting MAPCS' principal sent a letter to the student indicating that he had been expelled as of December 19, 2006. The letter indicated that MAPCS would provide the student tutoring for the time he was out of school after the tenth day of suspension. The letter directed the student to register at his neighborhood school as soon as possible and that his transcript and other records would be forwarded to DCPS. The letter did not indicate how the student could appeal the suspension. (DS 20)

20. Despite the letter from the MAPCS' principal indicating the student was expelled the student and his parents were under the impression the student was still enrolled at MAPCS until the due process hearing was complete. Consequently, they took no action to register the student in any other school. (Student's testimony, Mother's testimony)

---

[4] MAPCS Parent and Student Handbook sets forth a procedure for appealing expulsion decisions. The handbook states appeals are to be filed within three business days of the expulsion and directed to the principal of the school. (MAPCS )

21. Immediately following the MDR meeting MAPCS held the resolution meeting. The student's counsel attended the resolution meeting. There was a brief discussion of interim services for the student. Ms. Luseni offered to provide the student tutoring services; however, there was no agreement as to the amount of tutoring. Counsel indicated she wanted the student readmitted. MAPCS did not agree to readmit the student and the meeting ended. (Mr. Luseni's testimony)

22. Following the resolution meeting Mr. Luseni telephoned the student's counsel and left a message offering three hours of tutoring per week. Mr. Luseni then arranged for a tutor to provide the student services. (Mr. Luseni's testimony)

23. Mr. Luseni thereafter telephoned Dr. Peggy Peagler the schools DCPS liaison and informed her of the student's expulsion. Dr. Peagler stated that because of the limited number of specialized instruction hours in the student's IEP the student could go to the neighborhood school. Mr. Luseni then went to Cardozo Senior High School (Cardozo) and provided Cardozo's special education coordinator the student's records. Dr. Peagler informed Mr. Luseni no MDT/placement meeting was required for the student to enroll at his neighborhood school. (MAPCS 8)

24. On January 12, 2007, the student's counsel filed the amended due process complaint. (DS 3)

25. On January 18, 2007, Mr. Hamilton sent another letter to MAPCS proposing dates to reconvene the MDT to discuss the student's IEP. (Mr. Hamilton's testimony)

26. Mr. Luseni made three attempts to call the parent's counsel and was unable to leave a message regarding convening the resolution meeting. (Mr. Luseni's testimony, MAPCS 9, 12)

27. The student believed MAPCS began providing him tutoring on January 17, 2007. Prior to the tutoring starting MAPCS provided the student no services following his suspension. The student's Math teacher Ms. Nakita West provided the tutoring. The student went to tutoring once per week at MAPCS on Wednesdays when most other students were out of the school attending internships. The student has not been provided any related services following his suspension.[5] (Student's testimony)

28. The school's tutor had resigned and Mr. Luseni indicated the three hours would be provided on retroactive basis. On December 22, 2006, Ms. West began providing

---

1.  [5] The student also testified the tutoring was inconsistent and he primarily received tutoring in Math and only received work in other subjects on one or two occasions. The parties submitted post hearing affidavits and there is a tutoring log in MAPCS' disclosures. In addition, Mr. Luseni testified that because the school's prior tutor had resigned tutoring was to be provided to the student retroactively. In review of this evidence there is disagreement as to when the tutoring began, the quantity of tutoring delivered, the subjects covered in the tutoring and the student's availability for tutoring.

tutoring and she maintained a log of when she provided tutoring. (Mr. Luseni's testimony)

29. On February 8, 2007, the student's counsel sent a letter to Mr. Luseni regarding the tutoring MAPCS was providing. The letter indicated that there had only been four tutoring sessions and only in Math. Counsel requested the student receive additional tutoring so that he would not fall behind in his graduation requirements. (DS 13)

30. On February 22, 2006, the student's counsel sent Mr. Luseni another letter indicating the student was not being provided the tutoring services consistently. The letter stated the student had invoked his right to "stay put" under IDEIA and should be allowed to return to MAPCS until a due process hearing was held. Counsel asked to be advised when the student would be allowed to return to school or when FAPE would be made available. (DS 14)

31. On March 2, 2007, MAPCS' counsel sent a letter to parent's counsel proposing dates for a resolution meeting on the amended complaint. A second resolution meeting was convened but the complaint was not resolved. (MAPCS 12)

## ISSUE(S): [6]

Did DCPS deny the student FAPE by:

1. Failing to follow the disciplinary procedures under IDEA by failing to timely convene a MDR?
2. Failing to conduct a functional behavior assessment (FBA) and implement a behavior intervention plan (BIP) following the student's suspension?
3. Failing to provide the student an alternative placement and or continue to provide services following the student's suspension/expulsion?

## CONTENTIONS OF THE PARTIES: [7]

The student's counsel asserted the following:

1. The MDR was not convened until December 19, 2006, outside the required ten day period.
2. MAPCS conducted no FBA and did not provide the student an alternative placement and/or sufficient services during his suspension.

---

[6] The alleged violation(s) and/or issue(s) raised in the complaint may or may/not directly correspond to the issue(s) outlined here. However, the issue(s) listed here were reviewed during the hearing and clarified and agreed to by the parties as the issue(s) to be adjudicated.

[7] The contentions are the arguments made by opposing counsel and do not reflect any findings or conclusions made by the Hearing Officer.

3. Tutoring services were not put in place until after the student was expelled and outside the statutory period when services were to be provided.
4. There was a unilateral determination by MAPCS as to the amount of tutoring and that the student would be returned to his neighborhood school.
5. There was no placement meeting ever convened.
6. A suspension of more than ten days constitutes a change of placement and a placement meeting should have been convened.
7. Stay put protections were asserted.
8. The advocate requested a MDT meeting to review the student's IEP which was never convened.

MAPCS counsel asserted the following:

1. MAPCS sent a letter to the parents on November 22, 2006, indicating a MDR would be convened.
2. MAPCS made attempts to convene the MDR within the required ten day period.
3. The parent requested the MDR be postponed at the meetings with Mr. Luseni.
4. Nonetheless, any delay in convening the meeting does not rise to the level of a denial of FAPE.
5. A FBA is only required if the behavior is deemed to be a manifestation of the student's disability. Or if removed for more than 10 days for a violation of code of conduct. (42 CFR 300.530 (d)(1), (c) and (f)).
6. MAPCS made provisions for services to continue through tutoring for a reasonable time until another placement was secured.
7. A request for more tutoring hours was not made for two months after the tutoring began and after another placement at DCPS was offered.
8. The student was informed he should report to his neighborhood school and his records were transferred to Cardozo.
9. The student was informed of his right to appeal the expulsion but the proper appeal procedures were not followed thus his expulsion is final.
10. The student has not availed himself of the full tutoring services that were provided.
11. IDEIA provides that during the pendency of the due process proceeding the student is to remain in the current educational placement.
12. After the MDR the parties agreed the tutoring provided by MAPCS would be the alternative placement.
13. There was no requirement for a placement meeting as the student was provided an alternative placement.
14. There was no unilateral placement to Cardozo; MAPCS did not and cannot issue a notice of placement to a DCPS school.
15. Once the student's new location (Cardozo) was determined the student should have enrolled there and challenged the location if he so chose.
16. The post hearing documents submitted by student's counsel should be excluded.

## CONCLUSIONS OF LAW:

Pursuant to IDEIA Sec. 1415 (f)(3)(E)(i) a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education (FAPE).

Pursuant to IDEIA § 1415 (f)(3)(E)(ii) in matters alleging a procedural violation a hearing officer may find that a child did not receive FAPE only if the procedural inadequacies impeded the child's right to FAPE, significantly impeded the parent's opportunity to participate in the decision making process regarding provision of FAPE, or caused the child a deprivation of educational benefits.

Pursuant to 5 DCMR 3030.3 the burden of proof is the responsibility of the party seeking relief. [8] In this case the student is seeking relief and has the burden of proof that the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

1. Did DCPS deny the student FAPE by failing to follow the disciplinary procedures under IDEA by failing to timely convene a MDR? Conclusion: The student's counsel did not sustain the burden of proof.

Pursuant to 42 CFR 300.530(e) [9] MAPCS was to convene a manifestation determination within 10 school days of the student's suspension of more than ten school days. The student had been suspended a total of four school days prior to the November 17, 2006, suspension. Therefore, as of the sixth school day following the November 17, 2006, suspension a MDR meeting was to have occurred. This would have been on or before November 28, 2007. Mr. Luseni testified that he met with the student and his father on November 27, 2007, and reiterated the need to convene a MDR meeting within ten school days as was mentioned in MAPCS' November 22, 2006, letter to the student's parents.

Mr. Luseni credibly testified that the father wanted to delay the meeting and once the student retained counsel the MDR was convened on a date proposed by his counsel. Although MAPCS convened the MDR meeting nearly fifteen school days beyond the date it should have occurred, the meeting was convened on a date the parent's counsel suggested. MAPCS offered to provide the student compensation in the form of tutoring

---

[8] Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

[9] 42 CFR 300.530 (e) Manifestation determination. (1) Within 10 school days of any decision to change the placement of a child with a disability because of a violation of a code of student conduct, the LEA, the parent, and relevant members of the child's IEP Team (as determined by the parent and the LEA) must review all relevant information in the student's file, including the child's IEP, any teacher observations, and any relevant information provided by the parents to determine – (1) if the conduct in question was caused by, or had a direct and substantial relationship to, the child's disability, (ii) If the conduct in question was the direct result of the LEA's failure to implement the IEP.

for the days he was out of school beyond that time frame. The Hearing Officer concludes that despite the fact that the MDR did not occur within the required time, under these circumstances, the delay was justified and did rise to the level of a denial of FAPE.

2. Did DCPS deny the student FAPE by failing to conduct FBA and implement a BIP? Conclusion: The student's counsel sustained the burden of proof.

Once the MDR meeting was convened the MDT determined the student's behavior, that was the basis for the suspension, was not a manifestation of his disability. Although Mr. Hamilton testified that at the MDR meeting he raised concerns that the student's IEP was inappropriate and later indicated in his letter that the IEP did not reflect the student's true disability classification, the student's disability classification was not challenged in the complaint and there was no evidence presented that the student's disability classification was other than LD. In addition, there was no evidence that the MDT determination that the student's behavior was not a manifestation of the student's disability was erroneous. Consequently, the Hearing Officer concludes that the student's behavior for which he was suspended on November 17, 2007, was not a manifestation of his disability.

Pursuant to 42 CFR 200.530(d)(i)[10] if the behavior for which the student was removed from MAPCS was determined to not be a manifestation of his disability, the student was to have received, as appropriate, a functional behavioral assessment, and behavioral intervention services and modifications, designed to address the behavior violation so that it did not recur.

There was no dispute that a FBA and BIP were not developed and or implemented. Although there was testimony from Mr. Luseni and Dr. Graham that the MDT discussed the student's behavior and found it to be an aberration, their testimony was not sufficient evidence that a FBA and/or BIP, designed to address the student's behavior violation so that it did not recur, was inappropriate or unwarranted.

Therefore, the Hearing Officer concludes MAPCS should have conducted a FBA and BIP following the MDR meeting. The student was suspended because of his behavior on three occasions prior to the November 17, 2006, suspension. In addition, there was some indication the student may not haven taking full advantage of the tutoring that had been put in place following the suspension. The number of suspensions and the student's behavior seemed to have warranted some intervention to ensure the student would not continue to engage in behavior disruptive to his education. The fact that the FBA was not

---

[10] 42 CFR 300.530 (d) Services (1) a child with a disability who is removed from the child's current placement pursuant to paragraphs (c), or (g) of this section must (i) continue to receive educational services, as provided in 300.100(a), so as to enable the child to continue to participate in the general education curriculum, although in another setting, and to progress toward meeting the goals set out in the child's IEP; and (ii) receive, as appropriate, a functional behavioral assessment, and behavioral intervention services and modifications, that are designed to address the behavior violation so that it does not recur. (2) The services required in paragraph (d)(1)…may be provided in an interim alternative setting… (5) If the removal is a change of placement under §300.536, the child's IEP Team determines appropriate services under paragraph (d)(1) of this section.

9

conducted and a BIP was not implemented caused the student a deprivation of educational benefits and was a denial of FAPE.

3. Did DCPS deny the student FAPE by failing to provide the student an alternative placement and/or continue to provide services following the student's suspension/expulsion? Conclusion: The student's counsel sustained the burden of proof.

Pursuant to 42 CFR 300.530(b)[11] and 300.536[12] once MAPCS removed the student from school for a total of ten school days in SY 2006-07, any further removal from school constituted a change of placement. The student had been suspended a total of four school days prior to the November 17, 2006, suspension. Therefore, as of the sixth school day following the November 17, 2006, suspension the student was considered to have had a change of placement.

Pursuant to 42 CFR 300.530 (d)(i) MAPCS was to have continued to provide educational services to the student so as to enable him to participate in the general education curriculum, although in another setting and to progress toward meeting the goals set out in the student's IEP.

Pursuant 42 CFR 300.530(g)[13] MAPCS was authorized to remove the student to an interim alternative educational setting for not more than 45 school days regardless of whether the student's behavior was a manifestation of his disability. And pursuant to 42

---

[11] 42 CFR 300.530(b)(1) - school personnel under this section may remove a child with a disability who violates a code of student conduct from his or her current placement to an appropriate interim alternative educational setting, another setting or suspension for not more than 10 consecutive school days (to the extent those alternatives are applied to children without disabilities), and for additional removals of not more than 10 consecutive school days in that same school year for separate incidents of misconduct (as long as those removals do not constitute a change of placement. (2) After a child with a disability has been removed from his or her current placement for 10 school days in the same school year, during any subsequent days of removal the public agency must provide services to the extend required under paragraph (d) of this section.

[12] 42 CFR 300.536 - Change of placement because of disciplinary removals. (a) For purposes of removals of a child with a disability from the child's current educational placement under 300.530 through 300.535, a change of placement occurs if (1) the removal is for more than 10 consecutive school days; or (2) the child has been subjected to a series of removals that constitute a pattern, - (i) because the series of removals total more than 10 school days in a school year; because the child's behavior is substantially similar to the child's behavior in previous incidents that resulted in the series of removals and (iii) because of such additional factors as the length of each removal, the total amount of time the child has been removed, and the proximity of the removals to one another.
(b)(1) The public agency decides on a case by case basis whether a pattern of removals constitutes a change of placement.

[13] 42 CFR 300.530(g) - school personnel may remove a student to an interim alternative educational setting for not more than 45 school days without regard to whether the behavior is determined to be a manifestation of the child's disability if the child ...(3) has inflicted serious bodily injury upon another person while at school, on school premises or at a school function under the jurisdiction of an SEA or an LEA.

10

CFR 330.531 the student's IEP team was to determine the interim alternative educational setting for services under 300.530(d) and (g).

Dr. Graham credibly testified there was no discussion during the MDR meeting of what services would be provided to the student following the MDR meeting or for the time the student had already been out of school. Dr. Graham also testified there was no discussion at the MDR meeting as to a placement for the student. At the resolution meeting that followed the MDR meeting the evidence seems to indicate the full MDT, save the student's educational advocate, remained and participated in the resolution meeting. The educational advocate was replaced by the student's counsel.

Mr. Luseni testified that there was a discussion of what services would be provided the student; however, there was no agreement among the team as to the services that would be provided. There seemed to be a general agreement the student would be provided tutoring but there was no agreement as to the details of the tutoring and the amount. Beyond the discussion of tutoring there was no discussion as to the student's placement. Mr. Luseni unilaterally decided the amount of the tutoring after the resolution meeting. He stated that amount was his first offer and the student's counsel did not request any more tutoring prior to the due process complaint being filed.

Dr. Graham testified the decision to expel the student from MAPCS was not made at the MDR meeting by the MDT. The decision was apparently made by the MAPCS' principal since he signed the letter notifying the student of the expulsion. The expulsion also constituted a change of placement. Although MAPCS apparently has no authority to place a student in another school including a DCPS school, MAPCS was still obligated as an LEA to fulfill the requirement of 42 CFR 300.531 and ensure an IEP team determined the student's interim alternative placement. [14]

MAPCS' counsel asserted that the tutoring provided the student constituted the interim alternative placement. However, this assertion is not consistent with the notification to the student by the principal that he should register at his neighborhood school, and is not consistent with Mr. Luseni's testimony about his conversations with DCPS and carrying the student's records to Cardozo. The Hearing Officer concludes that the decision to provide the student tutoring was not a decision made by the student's IEP team. [15] The Hearing Officer concludes there was no interim alternative placement decided by the IEP team and that failure impeded the student's right to FAPE and caused the student a deprivation of educational benefits.

Although during the hearing there was no specific discussion of "stay put" rights, the Hearing Officer concludes that even if the tutoring was considered to be the student's

---

[14] Whether the student's removal from MAPCS was a suspension or an expulsion it remained a removal from the student's current educational setting that required a placement decision by an IEP team.

[15] Although MAPCS' counsel provided an affidavit from Ms. West in which she stated that in her view the tutoring was an appropriate interim alternative placement for the student, there was no supporting testimony that the MDT came to that conclusion.

11

interim alternative placement, pursuant to 42 CFR 300.530(g) the tutoring was to have been in place no longer than 45 school days, and the student would have returned to his regular classes at MAPCS.[16]   MAPCS has posited apparently conflicting assertions, one that the student's alternative interim placement was the MAPCS tutoring and two, that the student's placement was changed to Cardozo and no placement meeting by a MDT/IEP team was necessary.  The Hearing Officer concludes that under either assertion the student was denied FAPE.  He has not been allowed to return to MAPCS and he has not been provided a MDT/IEP meeting in which is placement could be determined.

**ORDER:**

1.  MAPCS shall within ten (10) school days of the issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to develop a FBA and BIP for the student, discuss if any additional evaluations are warranted, review and/or revise the student's IEP as appropriate, discuss and determine the student's placement, and discuss compensatory education and develop a compensatory education plan for the time student had not been provided an alternative interim placement decided by the IEP team.

2.  MAPCS shall ensure that a representative of DCPS participates in the MDT/IEP meeting.

3.  MAPCS shall either allow the student to reenroll at MAPCS or DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.

4.  Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

5.  MAPCS and DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

6.  If there is not agreement by the parties as to the compensatory education plan for the student pursuant to this Order either party may petition this Hearing Officer for an expedited hearing on this issue.

---

[16] Even if the tutoring was considered to be the interim alternative placement the evidence was not clear from the evidence as to whether the full amount of tutoring was delivered.

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

Coles B. Ruff, Esq.
**Hearing Officer**
**Date: April 4, 2007**

Issued:  04/5/07

## In the MATTER OF Derrick Shelton V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| DS 1-30 | Parent's Disclosures | Yes |
| MAPCS 1-15 | MAPCS Disclosures | Yes |
| | | |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**In the MATTER OF Derrick Shelton V. DCPS**

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 1/12/07 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 2/21/07 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

# INDEX OF NAMES

## In the MATTER OF Derrick Shelton V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Maya Angelou PCS Special Education Coordinator | Mr. Michael Luseni |
| Maya Angelou PCS Psychologist | Quentin Graham, Ph.D. |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vs. child's name) | Mr. Derrick Shelton |
| Child's Parent(s) (specific relationship) | Ms. Rachelle Bobo (Mother) |
| Child/Parent's Representative | Roberta Gambale, Esq. |
| DCPS Representative | Aaron E. Price, Sr., Esq. |
| Parent's Educational Advocate | Mr. Corey Hamilton |
| Maya Angelou PCS Representative | Jessica M. Smith, Esq. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

16

# Exhibit 4

*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A. INFORMATION ABOUT THE STUDENT:

Name of the Student: **Derrick Shelton**     Date of Birth: **3/8/88**
Address: **125 Franklin Street , N.E. # M13  Washington, DC 20002**
Home School: **Maya Angelou School**
Present School of Attendance: **Same**

Is this a charter school? Yes     (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student:  **Rachelle Bobo**
Address (if different from the student's above): same

**B.**   **Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**
Address: 1220 "L" Street, Suite 700, Washington, DC 20005
Phone: (w) (202)742-2000 (ext. 2021) (Fax) (202) 742-2098      (e-mail)
Rgambale@jeblaw.biz
Will attorney / legal representative attend the resolution session?  **X** Yes                  ☐ No

**C.**   **Complaint Made Against (check all that apply):**

**X**  Maya Angelou Public Charter School ("MAPCS")
X District of Columbia Public Schools ("DCPS")

**D.**   **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also
understand that I may voluntarily waive this right if I choose. (Note:  All parties must agree
to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for  this
process.

**E.**   **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be
offered at no cost to the parent.  Both parties can request mediation as an alternative to the
Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all
that apply:

**I am requesting an administrative due process hearing only.**

**F.**   **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA),
please complete the following questions (attach additional pages if needed):

**I.  Nature of the problem.**
### RELEVANT FACTS

1.  Derrick Shelton, ( hereinafter "D.S..")  is a repeating 11th grade learning disabled
    student who last attended Maya Angelou Public Charter High School (hereinafter
    "MAPCS").  MAPCS is the school where he first repeated the 11th grade.

2.  According to D.S.'s Individualized Educational Program ("IEP") he should be
    receiving fifteen (15) hours of instruction and thirty (30) minutes of counseling per
    week.

2

3.     ~~Case about~~ a result of an incident wherein he assaulted a fellow student.

4. A Manifestation Determination Review meeting was never held to address the relationship between the student's disability and the incident despite the express request of the parent that such a meeting be held as soon as possible.

5. Despite repeated requests from the parent on both the day of incident and/or the next school day following the incident when the father accompanied D.S. to school and spoke with both principal and the special education coordinator, Mr. Luseni, the parent was not provided with a copy of the incident report.

6. Though the student has been out of school for more than ten (10) days arrangements have not been made to ensure that this student continues to receive a free and appropriate public education (FAPE). He has been given no class work to take home. He has been given no access to parallel instruction. He has not been provided with related services.

7. The parent went to the school on or about November 27, 2006 for the purpose of obtaining records and/or picking up class work for his son.

8. An MDT meeting has yet to be convened to address the incident, discuss the need for a change of placement, and/or address behavior interventions that might be warranted for this student.

9. To the best of the parent's knowledge, MAPCS has never sent written notice to DCPS so as to advise them that they are not able to meet this student's individualized needs.

10. Though D.S. is identified as a learning disabled student, he has had difficulties with behavior and self esteem and depression since the time of his initial evaluations and receives counseling as a related service. In the past, evaluators have found that the student's frustration, self esteem issues stem from depression around school failure. *(See – psychological evaluation pg 3)*

## ISSUES/ARGUMENTS

### 1. MAYA ANGELOU PUBLIC CHARTER SCHOOL ("MAPCS") FAILED TO COMPLY WITH DISCIPLINARY PROCEDURES BY FAILING TO SCHEDULE A MANIFESTATION DETERMINATION REVIEW MEETING

District of Columbia Public Schools ("DCPS") suspended this student for more than ten (10) days and failed to comply with procedural safeguards involving discipline and suspensions of students suspected of having a disability by failing to convene a manifestation determination review meeting to discuss the relationship between the incident and the students disability.

Because a suspension of more than ten (10) days has been determined to constitute a change of placement, within ten(10) days of such a suspension, the public agency is

3

caused the behavior which violated the code of conduct for which the student is being suspended. See 20 U.S.C. Section 1412(a)(1)(A).

A suspension of a student for more than ten (10) days as a result of the violation of student conduct code is considered to be an impermissible "change of placement" unless the local education agency convenes a meeting within ten (10) days to address the nexus between the behavior warranting the suspension and the student's disability and/or suspected disability. The team must determine whether the behavior is a manifestation of his disability and if so they are not permitted to suspend.[1] Even where the school determines that the behavior was not a manifestation of the disability, the school still has an obligation to provide the child with a Free and Appropriate Public Education ("FAPE") even if the violation involves the violation of a code of conduct and/or possession of a weapon. See: 20 U.S.C. Section 1412(a)(1)(A)

In the instant matter, it is clear DCPS failed to comply with the requirements of the statute. A manifestation was never held within the requisite time frame despite the parent's request.

Though the student is identified as a learning disabled student, there is a history of behavior concerns at school and depression linked to school failure. Parent is concerned that current behavior exhibiting is the direct result over continued academic frustrations and grade placement issues.

## 2. MAYA ANGELOU PUBLIC CHARTER SCHOOL ("MAPCS") FAILED TO COMPLY WITH DISCIPLINARY PROCEDURES BY FAILING TO CONDUCT A FUNCTIONAL BEHAVIORAL ASSESSMENT AND/OR IMPLEMENT A BEHAVIOR PLAN

### A Functional Behavioral Assessment and Behavior Plan should have been developed for this student

Upon the suspension of a student with a disability, the Individualized Educational Team ("IEP") team is required to conduct a Functional Behavioral Assessment and implement a Behavior Plan for the student as soon as possible following the incident. If a behavior plan is already in place, the school is required to modify that plan to address behavior as necessary and thereby prevent reoccurrence. See: 20 U.S.C. Section 1415(k)(1)(g). If a behavior plan is not in place then the MDT is required to discuss behavior strategies.

MAPCS failed to reconvene the IEP team to discuss behavior and/or failed conduct a Functional Behavioral Assessment and/or develop a Behavior Plan for this student. Parent is concerned that the student's emotional needs are not being fully met and that acting out behavior is the result of frustration over academics. As a result, this student has been denied a Free and Appropriate Public Education ("FAPE").

---

[1] It should be noted that even where the behavior is determined to not be a manifestation, the public agency still must continue to provide the student a Free and Appropriate Public Education ("FAPE")

4

**3.    MAYA ANGELOU PUBLIC CHARTER SCHOOL ("MAPCS") FAILED TO
ENSURE THAT THE STUDENT CONTINUED TO RECEIVE A FREE AND
APPROPRIATE PUBLIC EDUCATION**

Irregardless of whether the student's behavior was a manifestation of his disability or
not, the public education still has an obligation to ensure that a Free and Appropriate
Public Education is provided to disabled students irregardless of the severity of the
action for which they are being suspended.  See: 20 U.S.C. Section 1415(k)(1)(g) so
that the child can participate in the general education curriculum, make progress on
IEP goals and receive the services needed to ensure behavior doesn't' repeat it self.

The obligation is to ensure that a "Free and Appropriate Public Education is available
to all children with a disabilities residing within the State between the ages of 3 and
21"

Not only did MAPCS fail to ensure this student continued to receive a FAPE to
ensure that he didn't' fall behind in his classes, they failed to give the student any
homework to do during the suspension period despite the fact that the father went to
the school to pick up homework for his son to complete.  IN the event that MAPCS
could not continue to provide FAPE to D.S. an alternate placement should have been
located.  However, MAPCS failed to undertake the appropriate steps to ensure that
this student had an alternate educational placement during the suspension period.
Such an undertaking would require that the MDT be convened as the decision to
place a child in an alternate interim educational setting must be made by the MDT
team not by school administration acting on its own.  I

_MAPCS failed to reconvene the IEP team to discuss behavior and/or failed
conduct a Functional Behavioral Assessment and/or develop a Behavior Plan for
this student. Since that time, this student has  been feeling discouraged, frustrated
and parent is concerned that frustration is impacting his motivation to attend
school.  In the event that MAPCS could not meet this student's needs, District of
Columbia Public Schools ("DCPS") should have been notified in writing. 30
DCMR Section 30019 and 30019.9 and *Gadsby v. Grasmick, 109 F.3d 940, 952-
953 (4th Cir. 1997)* requires that the LEA notify the SEA when it cannot provide
services to the student.

As a result, this student has been denied a Free and Appropriate Public Education
("FAPE").

## II. Issues presented.

1. MAYA ANGELOU PUBLIC CHARTER SCHOOL ("MAPCS")FAILED TO
   COMPLY WITH DISCIPLINARY PROCEDURES BY FAILING TO SCHEDULE
   A MANIFESTATION DETERMINATION REVIEW MEETING IN A TIMELY
   MANNER?

2. MAYA ANGELOU PUBLIC CHARTER SCHOOL ("MAPCS") FAILED TO
   COMPLY WITH DISCIPLINARY PROCEDURES BY FAILING TO  CONDUCT

5

3. MAYA ANGELOU PUBLIC CHARTER SCHOOL ("MAPCS") FAILED TO ENSURE THAT THE STUDENT CONTINUED TO RECEIVE A FREE AND APPROPRIATE PUBLIC EDUCATION AFTER HIS SUSPENSION EXCEEDED THE DAYS.

4. MAYA ANGELOU PUBLIC CHARTER SCHOOL )"MAPCS") HAS FAILED TO PROVIDE THIS STUDENT WITH A FAPE.

III. **To the extent known to you at this time, how can this problem be resolved?**

**WHEREFORE**, the guardian, by and through counsel, requests the following relief:

1. A finding that D.S. has been denied a FAPE by Maya Angelou Public Charter School ;

2. The student shall be immediately allowed to return to Maya Angelou Public Charter School;

3. The student shall b provided with individualized tutoring to assist the student in making up any class work that missed during the suspension period;

4. A functional behavioral assessment and clinical evaluation shall be conducted for this student;

5. That upon completion of the evaluations the MDT shall convene to review completed evaluations, to revise the student's program, discuss placement, discuss compensatory education, and issue a Notice of Placement to a suitable program with parent participation;

6. Parent reserves the right to address compensatory education and request that compensatory education plan that addresses the individual needs of this student and remediation for denials of FAPE be drafted that includes but is not limited to individualized tutoring, make up services, and/or counseling;

7. That at the afore mentioned meeting, MAPCS shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child;

8. In the event that MAPCS determines that they cannot meet this student's needs, MAPCS shall promptly notify DCPS in writing with copies to be provided to the parent;

9. That MAPCS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

6

Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

11. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the MAPCS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

12. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

13. MAPCS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

14. MAPCS within ten (10) calendar days of the filing of this complaint, pursuant to 20 U.S.C. 1415(b)(7),[2] provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

15. MAPCS in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the guardian will be deemed true and accurate and act as a waiver, on the part of MAPCS for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

16. That MAPCS within fifteen (15) calendar days of receiving the parent's complaint, pursuant to 20 U.S.C. 1415(c)(2)[3] respond to the parent's request alleging any insufficiency of notice.

17. That MAPCS failure to comply with the Individuals with Disabilities Education Improvement Act of 2004 and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of MAPCS to make such argument at any later date and time.

18. That MAPCS, pursuant to 20 U.S.C. 1415(f)(1)(B)[4] within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact

---

[2] 300.508(e)
[3] 300.508(d)
[4] 300.510

7

2098, to schedule and convene a Resolution Session Meeting;

19. That MAPCS convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student and/or would be qualified to conduct the evaluations requested in the parent's complaint.

20. That MAPCS failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified in 20 U.S.C. !415(f)(1)(B) constitute joint waiver between MAPCS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

21. A finding that the parent is the prevailing party in this action.

**Accommodations and Assistance Needed:**

- N/A

Dated this 12th Day of December 2006

_____

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

8

```
*********************
***   TX REPORT    ***
*********************

TRANSMISSION OK

TX/RX NO            0800
CONNECTION TEL                  99399084
CONNECTION ID
ST. TIME            12/12 13:54
USAGE T             06'32
PGS. SENT           9
RESULT              OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE: December 12, 2006

TO:    Special Education Coordinator,
       Maya Angelou Public Charter School

PHONE NO: (202) 939-9080

FAX NO: (202) 939-9084

FROM: Yamileth Amaya, Paralegal

SUBJECT:  Derrick Shelton
DOB:      3/8/88

NUMBER OF PAGES INCLUDING COVER SHEET: 9

COMMENTS: Please find attached Due Process Complaint for the above- mentioned
student.

```
************************
***    TX REPORT    ***
************************

TRANSMISSION OK

TX/RX NO              0801
CONNECTION TEL                   94425556
CONNECTION ID
ST. TIME             12/12 14:01
USAGE T              01'34
PGS. SENT            9
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |
| | e-mail: Admin@Jeblaw.biz | |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE:       December 12, 2006

TO:         Sharon Newsome, Student Hearing Office Coordinator, DCPS

PHONE:      202-442-4800

FAX NO:     202-442-5556

FROM:       Yamileth Amaya, Paralegal

Subject:    Derrick Shelton
            DOB: 7/28/90

NUMBER OF PAGES INCLUDING COVER SHEET: 9

COMMENTS:  Please find attached Due Process Complaint.

# Exhibit 5

MAPCS—IEP
1

## THE MAYA ANGELOU PUBLIC CHARTER SCHOOL
### WASHINGTON, D.C.
### INDIVIDUALIZED EDUCATIONAL PROGRAM

| I. IDENTIFICATION INFORMATION | II. CURRENT INFORMATION |
|---|---|
| | Date of IEP Meeting: 3/16/2006 |
| Student Name: Last: Shelton   First: Derrick   MI: | Date of Last IEP Meeting: 3/23/05 |
| Student ID: 9103653   SSNo.:   Grade: 11th | Date of Most Recent Eligibility Decision: 3/16/06 |
| Gender: Male   Date of Birth: 3/8/88   Ethnic Group: African Amer. | Purpose of IEP Conference: |
| | ___ Initial IEP    X Annual Review |
| Address: 125 Franklin Street, NE M-13 | ___ 3-Yr. Reeval.   ___ Requested Eval. |
| Washington, DC 20002   Telephone: Home: 202-232-5092 | ___ Review of IEP |
| School (Home) MAPCS   (Attending) MAPCS | Indicate Level of Standardized Assessment: 11 |
| Elem.   Mid/JHS   HS X   CWS   Non-attending | ADDENDA TO BE ATTACHED AS NEEDED |
| Parent: Rachelle Bobo | Check the appropriate box(es) |
| Address of (If different from student): ___ Parent ___ Guardian ___ Surrogate | BEHAVIOR        TRANSPORTATION |
| Telephone: Home:_____   Work:_____ | |
| | ESY         X  TRANSITION |

### III. LANGUAGE

| | Language | Language Used For Evaluation | Language Used In Conference | Communication Requirements | To be completed by Language Minority English Assess./Eval. |
|---|---|---|---|---|---|
| Student | English | English | English | English | Oral |
| Parent | English | English | English | English | Reading/Written |
| Home | English | English | English | English | Instrument: |
| | | | | | Date: |

### V. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | FREQUENCY Hr. Min. | Day/Wk./Mo. | PROVIDER (By Discipline) | SETTING Gen. Ed. | Sp. Ed. | DURATION (Mo./Day/Yr.) Begin | End |
|---|---|---|---|---|---|---|---|
| Counseling | 1 Hour 30 Min. | Wk. | Counselor | X | | 3/16/06 | 3/15/07 |
| Advisory | 1 Hour 55 Min. | Wk. | | | | 3/16/06 | 3/15/07 |
| Consultation | 1 Hour | Wk. | | | X | 3/16/06 | 3/15/07 |
| TOTAL | 4 Hours 25 Min. | Wk. | | X | X | 3/16/06 | 3/15/07 |

| V. DISABILITY(IES) LD | GENERAL ED. SETTING   AMOUNT OF SPEC SERV. 14% |
|---|---|
| | Check if setting is general ed. PERCENTAGE OF TIME IN REGULAR EDUCATION SETTING 86% |

### VI. IEP TEAM (Participants in the development of IEP)

| | Print and sign your name below: |
|---|---|
| Parent/Guardian *Ms. Bobo* | Student *Derrick Shelton DS* |
| Special Education Teacher *Michael Luggin* | Surrogate |
| General Education Teacher *(History)* | Other |
| LEA Representation | Other |
| Evaluator | Other |
| Principal | Other |

I AGREE with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of the procedural safeguards and parent rights pertaining to special education.

Parent/Guardian Signature _____   Date 3-21-06

May 11 2007 12:05PM   DCPS SPECIAL EDUCATION     (202)442-5517     p.3
Case 1:07-cv-00933-CKK   Document 1-6   Filed 05/21/2007   Page 3 of 11

MAPCS--IEP
2

**Student: Derrick Shelton**

**udent ID Number: 9103653**

**VII. Present Educational Performance Levels in Areas Affected By the Disability**

| | |
|---|---|
| **Academic Areas:** (Evaluator)<br>**Strengths:**<br>**Math:** Derrick is capable of solving math problems when formulas/equations are provided for him. He is an asset to the class when he participates during instruction.<br>**Writing:** Derricks writing is getting better<br>**Reading Comprehension:** Derrick has the ability to understand textual concepts; cause and effect and inferences.<br><br>**Impact of disability on educational performance in general education curriculum:**<br>**Math:** Derrick's ability to stay focus and ask clarifying questions when experiencing confusion during math instruction is greatly affecting his academic performance.<br>**Writing:** Derrick needs to add more complex sentences when writing and edit his work for spelling before turning in final draft.<br>**Reading Comprehension:** Derrick's ability to stay focus and return to text to gather information is greatly affecting his academic performance | **Math Cal. = 6.2 GE**<br>**Math Rea. = 5.4 GE**<br>**Rdg. Com. = 5.1 GE**<br>**Rdg. Basic = 4.2 GE**<br>**Written Ex. = 4.6 GE**<br>Date: **3/12/04** |
| **Communication** (Speech and Language) (Evaluator)<br>**Strengths:**<br><br>**Impact of disability on educational performance in general education curriculum:** | Score(s) When Available<br>Exp. Lang _____<br>Rec. Lang _____<br>Artic. _____<br>Voice _____<br>Fluency _____<br>See goal page: _____<br>Date: |
| **octor/health** (Evaluator): _____<br>**Strengths:** _____<br>**Impact of Disability on educational performance in general education curriculum:** | Score(s)/Results When Available<br><br>See goal page: _____<br>Date: |
| **Emotional Behavioral Areas:** (Evaluator) _____<br>**Strengths:** Derrick has shown to have the ability to communicate effectively and engage in positive interactions with both peers and adults.<br><br>**Impact of Disbility on educational performance in general education curriculum:**<br>Derrick's motivation to be in school and to take learning seriously is impacting his academic performance. He acknowledges this and understands the impact it is having on his education. | Score(s) When Available<br><br>See goal page: _____<br>Date: |
| **Cognitive/Adaptive Behavior:** (Evaluator) _____<br>**Strengths:** _____<br>**Impact of Disbility on educational performance in general education curriculum:** __ | Score(s) When Available<br><br>See goal page: _____<br>Date: |
| **Prevocational Skills:** (Evaluator) _____<br>**Strengths:** Using the TPI student form Derrick indicated that he understood the employment process and knows his interests and abilities at this point in his life.<br><br>**Impact of Disability on educational performance in general education curriculum:**<br>Derrick needs to meet with the Special Education Coordinator to discuss his interests and abilities as they relates to his post secondary options. He lacks understanding of the relationship between his attitude towards school and task completion and the impact on post secondary employment or educational options. | **Transition Planning Inventory**<br>**(TPI) – Student Form**<br>Date: **12/7/05** |

MAPCS--IEP
3

| Student Name: | Derrick Shelton | DOB: | 3/8/88 | Student ID No.: | 9103653 |
|---|---|---|---|---|---|

## VIII. SPECIALIZED INSTRUCTION

ANNUAL GOAL: (Including mastery criteria.)    Area addressed by goal: **Social/Emotional**

| Derrick will demonstrate improved awareness of social emotional functioning by the end of the school year. | QUARTERLY RESULTS |
|---|---|
| | DATE        PROGRESS |

**Progress Codes:**
A=achieved
MP/C=making progress/continue, I/D=Inappropriate/discontinue, NAY=not addressed yet, I=introduced, C=continue
**Mastery of these goals will be determined through classroom observation, teacher conferences, and anecdotal records at 80% accuracy.**

SHORT-TERM OBJECTIVES (Include mastery criteria or benchmarks    **Provider: Counselor/Special Education Coordinator**

1. When in conflict situations, Derrick will accurately identify and express emotions about the situation without going into the consequences.

2. When in conflict situations, Derrick will demonstrate an awareness of the impact of his actions on others

3. Derrick will ignore distractions in environment (classroom; auditorium and other learning settings) by continuing to focus on own or group task

| Obj. | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

EVALUATION PROCEDURE
___Portfolio  X Observation
___Log        X Report
___Chart      X Other
___Test

MAPCS--IEP
4

| Student Name:   Derrick Shelton | DOB:  3/8/88 | Student ID No. :   9103653 |
|---|---|---|

## VIII.  SPECIALIZED INSTRUCTION

ANNUAL GOAL: (Including mastery criteria.)                    Area addressed by goal: **Math**

Derrick will increase his ability to ask clarifying questions when experiencing confusion during math instruction.

**Progress Codes:**
A=achieved
MP/C=making progress/continue, I/D=Inappropriate/discontinue, NAY=not addressed yet, I=introduced, C=continue
Mastery of these goals will be determined through classroom observation, teacher conferences, and anecdotal records at 80% accuracy.

QUARTERLY RESULTS
DATE                    PROGRESS

SHORT-TERM OBJECTIVES (Include mastery criteria or benchmarks          Provider: **Math/Special Education Teacher**

1. When given math problems that Derrick doesn't understand he will ask the teacher for more clarity during class and not put his head on the desk.

2. When Derrick recognizes difficulties in understand some math concepts and equations, he will seek clarification or assistance before proceeding with the task.

3. When given notes on the board or handouts Derrick will write or organize them for later use during assignments and/or other seatwork.

| Obj. | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

EVALUATION  PROCEDURE
___ Portfolio     **X** Observation
___ Log           **X** Report
___ Chart         **X** Other
___ Test

MAPCS--IEP
5

| Student Name: Derrick Shelton | DOB: 3/8/88 | Student ID No. 9013653 |
|---|---|---|

## VIII. SPECIALIZED INSTRUCTION

ANNUAL GOAL: (Including mastery criteria.)                    Area addressed by goal: **Transition**

| Derrick will increase his awareness in the area of transition to ensure that he understands how his interest and abilities relates to his post secondary options. <br><br> **Progress Codes:** <br> **A**=achieved <br> **MP/C**=making progress/continue, **I/D**=Inappropriate/discontinue, **NAY**=not addressed yet, **I**=introduced, **C**=continue <br> **Mastery of these goals will be determined through classroom observation, teacher conferences, anecdotal records at 80% accuracy.** | QUARTERLY RESULTS <br> DATE           PROGRESS <br> ———————  ——————— <br> ———————  ——————— <br> ———————  ——————— |
|---|---|

SHORT-TERM OBJECTIVES (Include mastery criteria or benchmarks   Provider: **Transition/Special Education Coordinators**

| 1. Derrick will meet with the special education coordinator weekly to identify personal interests and abilities to develop realistic career/academic post secondary options. | Obj. | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|---|
| | 1. | | | | |
| 2. Derrick will meet with the special education coordinator weekly to develop an awareness regarding the relationship between his attitude towards school and task completion and the impact on post secondary employment or educational options. | 2. | | | | |
| | 3. | | | | |
| 3. Derrick will meet with the Special Education Coordinator weekly review progress reports and develop strategies to increase his ability to become proactive. | EVALUATION PROCEDURE <br> ___ Portfolio   **X** Observation <br> ___ Log   **X** Report <br> ___ Chart   **X** Other <br> ___ Test | | | | |

MAPCS--IEP
6

| Student Name: Derrick Shelton | DOB: 3/8/88 | Student ID No. | 9103653 |

## VIII. SPECIALIZED INSTRUCTION

ANNUAL GOAL: (Including mastery criteria.)     Area addressed by goal: **Reading Comprehension**

| Derrick will increase his reading comprehension skills by staying focus and returning to text to gather information. | QUARTERLY RESULTS |
|---|---|
| | DATE                    PROGRESS |

**Progress Codes:**
A=achieved
MP/C=making progress/continue, I/D=Inappropriate/discontinue, NAY=not
addressed yet, I=introduced, C=continue
Mastery of these goals will be determined through classroom observation,
teacher conferences, and anecdotal records at 80% accuracy.

SHORT-TERM OBJECTIVES (Include mastery criteria or benchmarks     **Provider: English Teacher**

1. When given reading passages/materials, Derrick will locate information by returning to the text for inference information, conclusion information and answers to comprehension questions.

2. When given reading passages/materials, Derrick immediate begin work and ignore distractions while completing independent work

| Obj. | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |

EVALUATION PROCEDURE
___Portfolio      **X** Observation
___Log            **X** Report
___Chart          **X** Other
**X** Test

MAPCS—IEP
7

| Student Name: Derrick Shelton | DOB: 3/8/88 | Student ID No. 9103653 |
|---|---|---|

## VIII. SPECIALIZED INSTRUCTION

ANNUAL GOAL: (Including mastery criteria.)                    Area addressed by goal: **Writing**

Derrick will add more complex sentences when writing and edit his work for spelling before turning in final draft.

**Progress Codes:**
A=achieved
MP/C=making progress/continue, I/D=Inappropriate/discontinue, NAY=not addressed yet, I=introduced, C=continue
Mastery of these goals will be determined through classroom observation, teacher conferences, anecdotal records at 80% accuracy.

QUARTERLY RESULTS
DATE                    PROGRESS

SHORT-TERM OBJECTIVES (Include mastery criteria or benchmarks   Provider: **Reading/Lang. Arts Teacher**

1. When given writing assignments, Derrick will turn in a completed rough draft and review it with his school assigned tutor, special education teacher and/or classroom teacher.

2. After revision, Derrick will be responsible for making all changes before turning in final draft.

| Obj. | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |

EVALUATION PROCEDURE
___ Portfolio     __X__ Observation
___ Log           __X__ Report
___ Chart         __X__ Other
___ Test

MAPCS--IEP
8

| Student: Derrick Shelton | DOB : 3/8/88 | School : MAPCS | Student ID No. : 9013653 |
|---|---|---|---|

**Additional Information**

| IX.    LEAST RESTRICTIVE (LRE) DETERMINATION SERVICE ALTERNATIVES | Consult School Support Unit through the technical support supervisor for LREs in this section.* |
|---|---|
| A.   Full time general education class<br>B.   Full time general education w/specialized instructional services<br>C.   Combination – part-time in regular education classes and part-time in special education class or learning center<br>Complete an INTERIM PLACEMENT NOTICE to continue in the attending public school when considering D through J LREs. | D.   Special class (with no academic nor non-academic participation with non-disabled peers) in neighborhood school.<br>E.   Special class in other than neighborhood school<br>F.   Separate day special education school<br>G.   Residential School<br>H.   Homebound (VIS)<br>I.   Hospital (VIS)<br>J.   Correctional Facility |
| *Explain why curricular modification, accommodation and/or supplemental aids and services cannot be used for a LRE setting in regular education._____ | Check the percentage of time the student receives specialized instruction and related services.<br>❏   0-20%<br>❏   21-60%<br>❏   61-100% |

***************************************************************************************

| X.  Supplementary Aid(s) and Service(s)<br>(Do not name products or companies) | Frequency | | Provider<br>(By Discipline) | Setting | | Duration | |
|---|---|---|---|---|---|---|---|
| | Hr./Min. | Wk./Mo. | | Gen. Ed. | Sp. Ed. | Begin | End |
| Counseling (see page 1) | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Check and list modifications and/or accommodations for testing:
Timing/Scheduling: <u>Additional Time (if needed)</u>
Setting: <u>Small classroom, minimal distraction</u>
Presentation: <u>Gain student's attention before giving directions, asking questions (eye contact and proximity)</u>
Behavior: <u>Derrick and his mother were informed that he will be asked to leave the building immediately if he is assigned ISS. This will be in effect for the rest of the school year.</u>

**XI. STATE AND DISTRICT ASSESSMENTS:**

___Level I Tested with non-disabled peers under standard conditions without accommodations

_X_ Level II  (Describe accommodations for Level II.) Tested under standard conditions with special accommodations

___ Level III (Describe non uniform conditions for Level III.) Tested under non-standard conditions with permissible accommodations

___Level IV (Describe the alternative assessment) Exempted students.  Must have proper notification and determination that cognitive functioning is impaired to the extent that Permitted accommodations will benefit student.

***************************************************************************************

**XII. Areas Requiring Specialized Instruction and Related Services:**

_X_ Language Arts /English          ___ Social Sciences          _X_ Social Emotional
_X_ Mathematics          ___ Fine Arts          ___ Speech/Language
___ Biological and Physical Sciences          ___ Physical Development          ___ Transition
___Other: _____          ___ Independent Living          _X_ Vocational
          ___ Physical/Sensory

Develop annual goals and/or modifications to address barriers in each area checked above.

MAPCS—IEP
9

## XIII. PLACEMENT CONSIDERATIONS AND JUSTIFICATION

| DESCRIBE CONSIDERATIONS | ACCEPT/REJECT REASONS | POTENTIAL HARMFUL EFFECTS |
|---|---|---|
| General Education | Reject – this level of services would not adequately meet the student's academic and emotional needs. | Derrick's self esteem would deteriorate and academic progress would be limited because of inadequate support. |
| Combination of General Education and Resource Classroom | Accept With periodic monitoring by special education coordinator, counselor, improve teaching techniques and strategies that each teacher uses during instruction, Derrick can be academically successful in a general education setting with peers without disabilities. Classroom sizes are small giving him the opportunity to learn at his own pace and become a part of a small learning community. | |
| | | |
| | | |

Modification(s)/Accommodations to address the harmful effects:


Explanation for removal out of regular education classroom.

# D.C. PUBLIC SCHOOLS
# OFFICE OF SPECIAL EDUCATION
### MAIN NUMBER (202) 442-4800
### FAX NUMBERS (202) 442-5517, 442-5518

## FACSIMILE TRANSMITTAL SHEET

TO: Ms. Roberta Gambale    FROM: Dr. Peggy L. Feagler

COMPANY:    DATE: 5/11/07

FAX NUMBER: 742-2098    TOTAL NO. OF PAGES INCLUDING COVER: 10

PHONE NUMBER:    SENDER'S REFERENCE NUMBER:

RE:    YOUR REFERENCE NUMBER:

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

IEP of D. Shelton

### 825 NORTH CAPITOL STREET N.E., SIXTH FLOOR
### WASHINGTON, DC 20002

# Exhibit 6

Maya Angelou Public Charter School

September 14, 2006

Ms. Rachelle Bobo
5 Franklin Street NE #M-13
Washington, D.C. 20002

Dear Ms. Bobo:

Derrick Shelton is suspended for two (2) days for disrupting the learning environment and disrespecting a staff member. Derrick can only return to school on Monday, September 18 accompanied by a parent. At that time I would like to discuss how we can help Derrick develop a plan to be successful at MAPCS.

If you have any questions or concerns, you can contact me at (202) 939-9080, extension 104.

Sincerely,

Julie Cobb
of Student Affairs

# Exhibit 7



The See Forever Foundation
The Maya Angelou Public Charter School

November 22, 2006

Mr. Derrick Shelton Sr.
125 Franklin Street NE #M-13
Washington, D.C. 20002

Dear Mr. Shelton:

Derrick Shelton is suspended, with the intent to expel, for assaulting a fellow student. Assault on another student or staff is an infraction warranting expulsion. MAPCS has also notified the D. C. Metropolitan Police Department of the assault.

Per your conversation with Michael Luseni, Special Education Coordinator, a manifestation meeting will be scheduled as soon as possible.

If you have any questions or concerns, you can contact me at (202) 939-9080, extension 104.

Sincerely,

Melanie Cobb
Dean of Student Affairs

# Exhibit 8

## JAMES E. вROWN & ASSOCIATES, PLLɔ

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

--------------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

--------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

**December 4, 2006**

**Via Facsimile Only**
Maya Angelou Public Charter School
Attn: Mr. Luseni, Special Education Coordinator
1851 9th Street N.W. – (Shaw Campus)
Washington, D.C. 20001

**Re: <u>Suspension of Derrick Shelton, DOB: 3/08/88</u>**

Dear Mr. Luseni:

It was a pleasure speaking with you earlier. As I indicated during our conversation, Ms. Bobo has recently contact me regarding the suspension of her child, Derrick Shelton, as of November 22, 2006. It is my understanding that this is not the first suspension of Derrick this school year and that a Manifestation Determination Review Meeting has not yet been scheduled.

Parent is concerned that arrangements have not been made to continue to provide Derrick with education. He will have been out of school for more than ten(10) days as a result oft his suspension. Please be advised that Maya Angelou still has an obligation to provide Derrick with a free and appropriate public education ("FAPE") pursuant to 20 U.S.C. Section 1415(k)(1). Furthermore, the IEP team should be convened immediately to discuss the suspension and possible placement in an alternate educational setting. In addition, a functional behavioral assessment should be conducted. I would propose the following meeting dates: <u>December 20th</u> at 2:30 p.m., <u>December 19th</u> at 10 a.m., or <u>December 18th</u> at 10 a.m. Please confirm by noon on Friday, December 8, 2006.

Please feel free to contact me at (202)742-2000 (ext. 2021) and/or the Educational Advocate working with the family, Mr. Corey Hamilton, at (202)742-2000 (ext 2014). I appreciate your cooperation and look forward to hearing from you.

Sincerely,

Roberta L. Gambale Esq.

Cc: Parent

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO             0406
RECIPIENT ADDRESS    99389084
DESTINATION ID
ST. TIME             12/04 16:02
TIME USE             01'22
PAGES SENT           2
RESULT               OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |
| | e-mail: Admin@Jeblaw.biz | |

--------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

TO:    Mr. Michael Luseni, Special Education Coordinator, Maya Angelou PCS

FROM:  Roberta L. Gambale, Esq.

DATE:  12/4/06

FAX NO: (202) 939-9084

SUBJECT:  Derrick Shelton

NUMBER OF PAGES, INCLUDING FAX COVER SHEET:  2

COMMENTS:

# Exhibit 9

**Maya Angelou Public Charter School**

Case 1:07-cv-00933-CKK    Document 1-10    Filed 05/21/2007    Page 2 of 2

December 12, 2006

Ms. Rachelle Bobo
Mr. Derrick Shelton Jr.
125 franklin Street NE
# M-13
Washington, DC 20002

Dear Ms. Bobo & Derrick Shelton Jr,

Based on a conversation with your attorney (Ms. Gambale) on 12/12/2006, she agreed for MAPCS to schedule meetings for Derrick on 12/20/2006 to discuss the following:

1. **Manifestation Determination @ 10:00 AM**

2. **Resolution of a recent issue in a Due Process Compliant Notice @ 2:00 PM**

Please review the form attached to this letter and call 202-939-9080 ex: 303 to confirm that you will be present or to reschedule the meeting at a more convenient time. I look forward to hearing from you. Thank you!

Sincerely, Michael Luseni

# Exhibit 10

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

-----------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

---------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

**December 19, 2006**

**Via Facsimile Only**
Maya Angelou Public Charter School
Attn: Mr. Luseni, Special Education Coordinator
1851 9th Street N.W. – (Shaw Campus)
Washington, D.C. 20001

**Re:   Derrick Shelton, DOB: 3/08/88**

Dear Mr. Luseni:

Upon review of the meeting notes and discussion with the parent, I wanted to make sure the parent's position regarding the Manifestation Determination was accurately reflected.

While parent acknowledges that based on the current IEP the incident would not appear to be a manifestation, parent strongly feels the IEP does not correctly identify Derrick's disability. If Derrick's IEP correctly reflected his disability- parent feels the incident would have been a manifestation. Hopefully we can rectify the defects with the IEP at the next meeting.

Parent and Derrick also dispute the school's version of what transpired. According to Derrick- the other party initiated physical contact and he responded. PArent and Derrick would request a hearing to address the proposed expulsion.

Please contact me once the functional behavioral assessment is completed to discuss available meeting dates. I would hope the meeting could go forward immediately after school reconvenes following the Christmas Holiday.

Sincerely,

Corey Hamilton
Educational Advocate

Cc: Parent

HP Fax Series 900
Plain Paper Fax/Copier

Fax History Report for

(202) 742-2099
Jan 12 1970 8:25am

Last Fax

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Jan 12 | 8:25am | Sent | 99399084 | 0:48 | 2 | OK |

Result:
  OK – black and white fax

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

--------------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

--------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

TO:     Mr. Michael Luseni, Special Education Coordinator, Maya Angelou PCS

FROM:   Corey Hamilton

DATE:   12/19/06

FAX NO: (202) 939-9084

SUBJECT:  Derrick Shelton

NUMBER OF PAGES, INCLUDING FAX COVER SHEET:   2

COMMENTS:

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

* Admitted Only in Virginia. Practicing Pursuant to Rule 49(c) (8); Supervision by Tilman L. Gerald and John Straus, Members of the D.C. Bar.

# Exhibit 11

His
**JAMES E. BROWN & ASSOCIATES, PLLC**
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| wn | Attorneys at Law | Juan J. Fernandez!+ |
| .R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| ambale | Suite 700 | John A. Straus |
| ʌ. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| ɔpher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |
| | e-mail: Admin@Jeblaw.biz | |

--------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

**January 18, 2007**

**VIA FACSIMILE**
Mr. Luseni, Special Education Coordinator
Maya Angelo Public Charter School
1851 9th Street, NW (Shaw Campus)
Washington, DC 20001

**Re: Derrick Shelton**

Dear Mr. Luseni:

I am writing in regards to the above referenced-student, **Derrick Shelton**. In our recent meeting we were able to discuss the IEP and it was decided by the team that we would come back and to convene an MDT/IEP meeting after the holiday. There were some concerns about the amount of services the student was receiving and parent would like to revisit those concerns. I have proposed the following dates for your consideration.

Wednesday, January 31, 2007 at 10:00
Friday, February 2, 2007 at 1:30
Monday, February 5, 2007 at 9:00

Please confirm or reschedule by close of business Wednesday, January 24, 2007.

Sincerely,

Corey Hamilton
Education Advocate

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

----------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez !+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram

----------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:                **01/19/06**

TO:                  **Special Education Coordinator**

FAX NO.:             **(202) 939-9084**

FROM:                **Corey Hamilton, Education Advocate**

SUBJECT:             **Derrick Shelton**

NUMBER OF PAGES INCLUDING COVER SHEET:       **2**

COMMENTS:

----------------------------------------------------------------

----------------------------------------------------------------

----------------------------------------------------------------

----------------------------------------------------------------

The attached information is **CONFIDENTIAL** and is intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s). Please note that any dissemination, distributions or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

# Exhibit 12

## JAₘES E. BROWN & ASSOCIATᴇS, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

-----------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

----------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

**February 8,2007**

<u>Via Facsimile Only</u>
Maya Angelou Public Charter School
Attn: Mr. Luseni, Special Education Coordinator
1851 9th Street N.W. – (Shaw Campus)
Washington, D.C. 20001

### Re:   Derrick Shelton, DOB: 3/08/88

Dear Mr. Luseni:

I have recently spoken to Derrick regarding the tutoring that the school has promised him. So far there have been only four sessions that have been scheduled despite the fact that the suspension took place last November, 2006. Each time Derrick has gone to the school work has not been ready for him in any other course except for math. He also needs assistance in his other course, English, Science and History and assignments so that he doesn't fall behind in achieving his graduation requirements.

Derrick is also concerned that the hours the school is willing to provide aren't enough to give him the academic assistance he needs and would request additional tutoring time of at least 1- 2 more hours per week.

Please feel free to contact me at (202)742-2000 (ext. 2021) and/or the Educational Advocate working with the family, Mr. Corey Hamilton, at (202)742-2000 (ext 2014). I appreciate your cooperation and look forward to hearing from you.

Sincerely,

Roberta L. Gambale Esq.

Cc: Student

```
**********************
***   TX REPORT   ***
**********************


TRANSMISSION OK

TX/RX NO                2044
RECIPIENT ADDRESS       99399084
DESTINATION ID
ST. TIME                02/08 11:04
TIME USE                00'57
PAGES SENT              2
RESULT                  OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

------------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

TO:    Mr. Michael Luseni, Special Education Coordinator, Maya Angelou PCS

FROM:  Roberta L. Gambale

DATE:  2/8/07

FAX NO: (202) 939-9084

SUBJECT:  Derrick Shelton

NUMBER OF PAGES, INCLUDING FAX COVER SHEET:  2

COMMENTS:

# Exhibit 13

## J..MES E. BROWN & ASSOCIA₁ ᴄS, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

----------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

----------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

**February 22, 2007**

**Via Facsimile Only**
Maya Angelou Public Charter School
Attn: Mr. Luseni, Special Education Coordinator
1851 9ᵗʰ Street N.W. – (Shaw Campus)
Washington, D.C. 20001

**Re:   Derrick Shelton, DOB: 3/08/88**

Dear Mr. Luseni:

We have recently heard from Derrick regarding the tutoring that the school is supposed to be providing to him. It is our understanding that tutoring services have been discontinued. Though Derrick has been allowed to pick up class work- he is not being provided with the assistance that he needs to complete it nor are graded assignments that he turns in being returned to him. He has done his part. He has shown up faithfully and is willing to put forth the effort to earn the credits he needs to graduate.

This student has invoked his right to a "Stay Put" pursuant to the Individuals with Disabilities Education Act of 2004. This student should be entitled to return to the school and his classes until such time as a determination is rendered at a hearing. The student does not feel that his neighborhood school can meet his educational needs and has no intentions of voluntarily withdrawing from Maya Angelou.

Please advise us in writing as to when this student may return to his classes and/or when and how a FAPE will be made available to this student.

Sincerely,

Roberta L. Gambale Esq.

Cc: Student
    Advocate
    File

```
*********************
***    TX REPORT    ***
*********************


TRANSMISSION OK

TX/RX NO              2704
CONNECTION TEL                    99399084
CONNECTION ID
ST. TIME             02/22 15:16
USAGE T              00'47
PGS. SENT            2
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

------------------------------
! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE: February 22, 2007

TO:    Mr. Luseni, Special Education Coordinator,
        Maya Angelou Public Charter School

PHONE NO· (202) 939-9080

FAX NO: (202) 939-9084

FROM: Yamileth Amaya, Paralegal

SUBJECT:  Derrick Shelton
DOB:      3/8/88

NUMBER OF PAGES INCLUDING COVER SHEET: 2

COMMENTS: Please find attached correspondence regarding services and placement.

# Exhibit 14

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile:   (703)-739-2323

Paul S. Dalton[1][*]
Ellen Douglass Dalton[1][*][+]
William E. Houston[*][+]
Jessica M. Smith[1][+]
Kathryn T. McAuliffe[¥]

¶ ADMITTED IN VA
+ ADMITTED IN D.C.
* ADMITTED IN W. VA

Washington DC. Office:
601 Pennsylvania Avenue, NW
South Building,  Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

*ADMITTED TO THE U.S. SUPREME COURT
*ADMITTED IN PA
¥ ADMITTED IN CT

March 1, 2007

Roberta Gambale, Esq.
James E. Brown and Associates
1220 L Street, NW, Suite 700
Washington, DC 20005

**VIA FAX: 202-742-2098**

Re:    Derrick Shelton

Dear Ms. Gambale:

This letter is in response to your letter to Mr. Luseni, Special Education Coordinator at Maya Angelou PCS ("MAPCS"), dated February 22, 2007.  Your letter indicates that 1) Derrick is not being provided with the agreed upon tutoring services, and 2) stay put protections have been invoked.  As counsel for MAPCS, I would like to correct the inaccuracies in your letter.

Derrick was expelled from MAPCS following a proper manifestation determination review where the team determined that the behavior was not a manifestation of the student's disability.  The parents were informed of their right to appeal the expulsion decision, however they failed to do so and the time frame for appeal has lapsed.  After expulsion, MAPCS referred the student to DCPS for placement.  In the interim, while placement is pending, MAPCS has been and continues to provide Derrick with tutoring after school for three hours per week in order to allow him to access his education.  This interim alternative placement was agreed to by the MDT team and the parent at the December 19, 2006 meeting.

MAPCS has been and continues to provide FAPE to this student.  If you have any questions or concerns, please contact me.

Sincerely,

Jessica M. Smith, Esq.

Cc:    Quentin Graham, MAPCS
         Michael Luseni, MAPCS

## FAX TRANSMISSION COVER SHEET
### Dalton, Dalton & Houston P.C.
### Attorneys at Law
### 1008 Pendleton Street
### Alexandria, Virginia 22314-1837
### (703) 739-4300
### FAX (703)739-2323

**DATE:**       March 1, 2007

**TO:**         Roberta Gambale, Esq.

**AT FAX:**     202-742-2098 / 2097

**FROM:**       Jessica M. Smith, Esq.

**RE:**         Derrick Shelton

**NUMBER OF PAGES INCLUDING THIS PAGE:**        2

**COMMENTS:**

*******************************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
*******************************************************************************************

# Exhibit 15

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |
| ---------------------------------- | e-mail: Admin@Jeblaw.biz | ----------------------------------- |
| | | ! DC Bar Special Legal Consultant |
| | | + Admitted in Bolivia |

**March 2, 2007**

<u>Via Facsimile Only</u>
Ms. Jessica Smith, Esq
March 2, 2007
1008 Pendleton Street
Alexandria, VA 20005

Re:  <u>Derrick Shelton, DOB: 3/08/88</u>

Dear Ms. Smith:

I am in receipt of your March 1, 2007 correspondence. It is the student's position that 1) the behavior for which he was suspended was the result of a disability and 2) that the placement proposed by DCPS and MAPCS at the December 19, 2006 meeting was inappropriate. For these reasons, he has elected to invoke his right to Stay Put. As MAPCS was the last educational placement for this student, student should remain in his current educational setting until such time as the opportunity to litigate presents itself.

At the December 19, 2006 meeting, the Charter School was in agreement with this and verbally offered tutoring to the student to take place after school which they have failed to deliver. While MAPCS offered only three hours of tutoring despite the fact that Derrick felt like he needed more assistance in order to keep up with work, he has shown up faithfully to receive these services and pick up his assignments. Unfortunately, the school has not had the tutor available.

Derrick is clearly not receiving a FAPE at this time. Please feel free to contact me at (202)742-2000 (ext. 2021) and/or the Educational Advocate working with the family, Mr. Corey Hamilton, at (202)742-2000 (ext 2014). I appreciate your cooperation and look forward to hearing from you.

Sincerely,

Roberta L. Gambale Esq.

Cc: Derrick Shelton, Student

HP Fax Series 900
Plain Paper Fax/Copier

Fax History Report for

(202) 742-2099
Mar 02 2007 11:29am

## Last Fax

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Mar 2 | 11:28am | Sent | 97037392323 | 0:51 | 2 | OK |

Result:
  OK - black and white fax

# Exhibit 16

# OFFICE REFERRAL

Mayor and DC Public Charter School – Shaw Campus
1851 9th Street, NW
Washington, DC 20001
(202) 939-9040

**STUDENT'S NAME** Derrick Shelton     **CLASS - GRADE** 11th

**DATE AND TIME OF INCIDENT** 11/17/06   12:40 - 1:00 pm   **TEACHER** Cobb

| Reason for Referral | Actions Taken by Teacher | Teacher Recommendations |
|---|---|---|
| __ Disrupting own or other's learning | __ Conference with student | __ Conference and return to class |
| __ Insubordination | __ Parent/Guardian Contact | __ Out for remainder of class |
| __ Unprepared | __ Referral to Counselor | __ Request conference with student |
| ✓ Fighting | __ Detention | teacher or administrator |
| __ Disrespectful to staff | __ Changed seat/workspace | |
| __ Inappropriate language | __ Time out | **Additional Comments:** |
| __ Excessive tardiness | | |
| __ Vandalism | | |

_____
Teacher's Signature

| Actions Taken by Administrator | |
|---|---|
| __ Conference and return to class | __ Detention |
| __ Behavior packet | ✓ Suspension (# of days) TBD |
| __ Parent conference | __ Parent contact |
| | __ Referral to counselor |
| | __ Loss of privileges |
| | __ Other |

**Additional Comments** Derrick was suspended for grabbing Azalea
but didn't leave the bldg, went to his class and started a
fight. Azalea said he choked her & punched her in the face.
with her.

_____     11/17/06
Administrator's Signature     Date

White - Teacher Copy     Yellow - Counselor Copy     Pink - Student File Copy     Gold - Parent/Guardian Copy

# Exhibit 17

**See Forever**

**The Maya Angelou Public Charter School**

1851 9th Street, NW - WDC 20001 - phone: 202/939-9080 - fax: 202/939-9084
www.seeforever.org

## Notification of Multi-Disciplinary Team (MDT) Meeting

Student's Name: **Derrick Shelton**
ID#: **9103653**      DOB: **3/8/88**      Grade: **11th**
Campus: **SHAW**   Disability: **Learning Disabled**

Date: December 12, 2006

Parent/Guardian: Rachelle Bobo

Student: Derrick Shelton
**Only if there is a documented transfer of rights**

We would like to invite you to a Multi-Disciplinary Team (MDT) meeting to discuss the following:

| | | | | | |
|---|---|---|---|---|---|
| | Develop IEP (Individual Education Plan) | | Annual | | Initial |
| | Assessment Review | Re-Evaluation | | Initial Evaluation | |
| | Academic Progress Review | | | | |
| | Develop Transition Goals | | | | |
| | Parent Request | | | | |
| X | Other: Manifestation Determination Meeting And A Resolution Meeting | | | | |

Comments:
**10:00 AM** - This is Manifestation Determination Meeting to discuss whether recent incident involving Derrick was a manifestation of his disability.
**2:00 PM** – Resolution Meeting to discuss issues that are listed on the December 12, 2006 compliant form.

Multi-Disciplinary Team (MDT) meeting:

| | |
|---|---|
| Location | MAPCS Room 311 |
| Date | December 19, 2006 |
| Time | 10:00 AM – Manifestation Determination<br>2:00 PM - Resolution Meeting |

The following Special Education Team Members are requested to attend:

| Name | Title |
|---|---|
| Ms. Rachelle Bobo | Parent |
| Derrick Shelton | Student (Now of Age) |
| Roberta L. Gambale Esq. | Student Attorney |
| Mr. Corey Hamilton | Education Advocate |
| Dr. Graham | School Psychologist |
| Michael Luseni | Director of Special Education Services |
| Margaret Reed | Regular Education Teacher |
| Jesse Kearney | Counselor |

**Parents are encouraged to attend and to participate as a partner in all discussions during the meeting. If someone who is not on this notice will join you please let me know one day before the meeting.

*Michael Luseni, Director of Special Education Services*
**(202) 939-9080 ex: 303**

# Exhibit 18

The Maya Angelou Public Charter School

Official Report Card
Term: First Quarter (9/5/2006) - (11/3/2006)

Derrick Shelton    Student Number: 9103653
125 Franklin Street NE #M-13
Washington, DC 20002

| Period | Class | Teacher | Grade | Percent | Abs. | Comments |
|---|---|---|---|---|---|---|
| P1(M-F) | Biology | Houseman, Esther | B- | 81 | 8 | Derrick has greatly improved in attitude and academic performance. He is a very capable student and shouldn't settle for less than his best, so I expect him to complete revisions to bring his 1st quarter grade even higher and make even higher grades 2nd quarter |
| P2(M-F) | English 3:Contemp Lit | Homonoff, Heather | A- | 90 | 8 | Excellent effort, class work, and participation - pleasure to have in class |
| P3(M-F) | Algebra IIA | West, Nakita | B- | 80 | 3 | 1 |
| P4(M-F) | US History | Reed, Margaret | B+ | 89 | 2 | Derrick- you have been GREAT in class lately. However, you HAVE TO MAKE UP YOUR PRESENTATION. You are too smart to be failing this class. Please make up the presentation and do your homework more consistently and you can get your grade where it belongs-- on the Presidential Scholars board! |
| L/N(M-F) | Literacy/Numeracy Block | Gray, Chauncey | | 109 | 2 | |
| ENR(M-T,H) | Basketball | Schrepfer, Kelly | A | 95 | 0 | |
| TUT(M-T,H) | Tutoring | Schrepfer, Kelly | | 0 | 1 | |
| VOC(M-F) | Vocational Education | Wilson, Denye L | I | 61 | 2 | |

*** Printed: November 22, 2006

# Exhibit 19

# The Maya Angelou Public Charter School

Official Report Card
Term: 2006-2007 School Year

Derrick Shelton
Grade: 11   Student Number: 9103653
125 Franklin Street NE #M-13
Washington, DC 20002

| COURSE | TEACHER | S1 | % | Q3 | % | % | Comments | Ab |
|---|---|---|---|---|---|---|---|---|
| Junior Transition | Jones, Katia | | | | 0 | | | 19 |
| English 3:Contemp Lit | Homonoff, Heather | 1 | 59 | 1 | 0 | | Grade due to absences | 52 |
| Algebra IIB | West, Nakita | | | 1 | 0 | | | 23 |
| US History | Reed, Margaret | 1 | 47 | 1 | 0 | | | 37 |
| Advisory MAPCS | Chait, Robin | 1 | 20 | 1 | 60 | | | 26 |
| Numeracy Block | Hill, Caroline | | | 1 | 0 | | | 16 |
| Literary Block | Walker, Alecia | | | 1 | 0 | | | 10 |
| Tutoring | Pounds, Moses | | 0 | | 0 | | | 5 |
| Vocational Education | Wilson, Derya L. | 1 | 61 | 1 | 0 | | | 0 |

*** Printed: April 24, 2007

PARENTS: Remember that you can access your student's grades online 24 hours a day, 7 days a week. If you need another copy of your username and password, please stop by the main office or call the school at 939-9080.

# Exhibit 20

## AFFIDAVIT OF ROBERTA L. GAMBALE

Roberta L. Gambale, Esquire, first being duly sworn under oath, declare and states as follows:

1.      That I am admitted to practice before the bars of the District of Columbia and the state of Washington, having been admitted in January of 1992 and May of 1996, respectively;

2.      That at all times pertinent hereto, I have been employed as a staff attorney in the law offices of James E. Brown & Associates, PLLC.

3.      That on December 11, 2006, the law firm of James E. Brown & Associates, PLLC was retained to represent the interests of D.S., in special education proceedings against the Maya Angelou Public Charter School due to its failure to comply with the disciplinary procedures set forth in the IDEIA as amended.

4.      That on February 2007, at a due process hearing complaint was filed against the Maya Angelou PCS.

5.      That pursuant to the due process hearing that was held on March 12, 2007, a Hearing Officer's Determination was issued on April 5, 2007 which ordered the Maya Angelou PCS to, inter alia, to convene a MDT meeting within ten (10), to revise D.S' IEP, and to address issues of placement as well as compensatory education resulting from past disciplinary acts that violated the IDEIA and constituted an denial of FAPE.

6.      That the meeting that Maya Angelou PCS was ordered to schedule within 10 days of the date of the April 5, 2007 Hearing Officer's Determination was scheduled for April 13, 2007, but was canceled on April 12, 2007 by the Special Educational Coordinator at the Maya Angelou PCS, Mr. Luseni.

7.      That in the voice mail that Mr. Luseni left cancelling the meeting, he indicated upon the

advice of counsel for Maya Angelou PCS, the scheduled meeting was cancelled.

8.      That by letter of April 13, 2007, Jessica Smith, counsel for Maya Angelou PCS, advised

that her client has no intention of complying with the April 5, 2007 Hearing Officer's

Determination.

9.      That April 13, 2007, I advised Dr. Peggy Peagler, District of Columbia Public

Schools monitor, that the Maya Angelou PCS had indicated through its counsel that it was not

going to comply with the April 5, 2007 Hearing Officer's Determination.

10.     That on May 3, 2007, DCPS scheduled a meeting which was later canceled because of the

      unavailability of Dr. Peggy Peagler, Compliance Officer for DCPS and Mr. Luseni,

      MAPCS' special education coordinator.

11.     That unless Maya Angelou PCS provides complies with the April 5, 2007 Hearing

Officer's Determination, D.S. will not be able to graduate as he was scheduled to do.

12.     Further the affiant sayeth not.

By:

Roberta L. Gambale, Esq.
James E. Brown and Associates, PLLC
1220 L. Street N.W., Suite 700
Washington, D.C. 20005
(202)742-2000

I _____ *Kelly Dau* _____ Notary Public of the District of Columbia hereby attest that on this _____ 16 th ___ day of _____ *May* ___, 2007, Roberta L. Gambale appeared before me in person and signed this AFFIDAVIT.


_____
Notary Public

Kelly Dau
Notary Public, District of Columbia
My Commission Expires 1-1-2010
_____
My Commission Expires

# Exhibit 21

DERRICK SHELTON,                     )
            Plaintiff               )
                                    )
                                    )
            v.                      )
                                    )
MAYA ANGELOU PUBLIC CHARTER          )
SCHOOL,                             )
                                    )
            Defendant               )
_____)

## AFFIDAVIT OF DERRICK SHELTON

I declare and state as follows:

1.    That to the best of my recollection I began "tutoring services" on January 17, 2007 at
      Maya Angelou Public Charter School, every Wednesday for a total of three hours per
      week.

2.    That each session begins around 2:00 p.m. and ends around 5:00p.m.

3.    That Ms. West, my math instructor, provides supervision and educational assistance in all
      subjects except Science.

4.    That since "tutoring services began I have received no counseling services.

5.    That each session consists of me completing work my classmates have completed during
      the week.

6.    That I have not received homework or class work packets to complete prior to attending
      my weekly "tutoring" sessions.

7.    That my recent report card indicates that I am failing all courses.

8.    That neither functional behavioral assessment nor behavioral implementation plan has
      been completed on my behalf.

9.    That I have not attended an MDT/IEP meeting since the issuance of the April 5, 2007
      HOD.

I declare under penalty of perjury under the laws of the District of Columbia that the foregoing is a true and accurate statement to the best of my knowledge.

Dated this _16_ day of May, 2007

_____
Derrick Shelton, Jr. Student

_____ Notary Public of the District of Columbia hereby attest that on this ___16th___ day of ___May___, 2007, Derrick Shelton appeared before me in person and signed this AFFIDAVIT.

_____
Notary Public

**Kelly Dau**
**Notary Public, District of Columbia**
My Commission Expires 1-1-2010

_____
My Commission Expires

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DERRICK SHELTON | MAYA ANGELOU PUBLIC CHARTER SCHOOL |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Roxanne D. Neloms<br>James E. Brown & Associates, PLLC<br>1220 L Street, NW 7th Floor<br>Washington, DC 20005<br>202-742-2000 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

● **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| | | | |
|---|---|---|---|
| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| | | | |
|---|---|---|---|
| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
20 usc 1400-1491 as amended Federal Question review of agency decision involving rights to Free Appropriate Public Education

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ ☐ Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form

DATE 6/17/07   SIGNATURE OF ATTORNEY OF RECORD

---

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.