FILED
MAY 2 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK SHELTON, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>MAYA ANGELOU PUBLIC CHARTER )<br>SCHOOL, )<br>)<br>    Defendant )<br>_____ ) | Case: 1:07-cv-00933<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 5/21/2007<br>Description: TRO/PI |

## MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pursuant to Federal Rules of Civil Procedure 65, Derrick Shelton, by and through his attorneys, file this Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") against Defendants Maya Angelou Public Charter School ("MAPCS") et al., under the Individuals with Disabilities Education Improvement Act ("IDEIA") 20 U.S.C. § 1400 et seq. and 42 U.S.C. § 1983. Derrick seeks from this Court immediate relief in the form of a temporary restraining order and/or preliminary injunction requiring MAPCS to enjoin the Defendant from further non-compliance with the April 5th, 2007 Hearing Officer Determination, and mandate that the Defendant re-enroll and/or readmit Derrick in school forthwith.

Respectfully Submitted,

Roxanne D. Nelom, 478157
Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2000
*Attorney for the Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| DERRICK SHELTON, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) Civil Action No. | 07 0933 |
| | ) | |
| MAYA ANGELOU PUBLIC CHARTER | ) | |
| SCHOOL, | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

COMES NOW, the Plaintiff, by and through his attorney, Roxanne D. Neloms of James E. Brown & Associates, PLLC and pursuant to Federal Rule Civil Procedure 65 governs entry of a temporary restraining order and/or preliminary injunction, respectfully moves this Honorable Court to grant the Plaintiff's request for a Temporary Restraining Order and/or Preliminary Injunction against the Defendant to enjoin the Defendant from further non-compliance with the April 5, 2007 HOD, for the reasons that are more specifically set forth in the attached Memorandum of Points and Authorities filed contemporaneously herewith and incorporated herein by reference as though set forth in its entirety.

### I. FACTUAL BACKGROUND

In this case, immediate injunctive relief is necessary to prevent MAPCS from inflicting further irreparable injury upon Derrick, a learning disabled child and to ensure that MAPCS provide him a free appropriate public education ("FAPE") to which he is guaranteed under the Individuals with Disabilities Education Improvement Act

2

("IDEIA"), 20 U.S.C. § 1400 *et seq.* To date MAPCS has refused to comply with an April 5, 2007 Hearing Officer's Determination that required MAPCS, among other things, to convene a MDT/IEP meeting within ten(10) calendar days to develop a functional behavioral assessment("FBA") and a behavioral implementation plan ("BIP") and determine an appropriate interim education placement.

According to his most recent IEP[1], Derrick was identified as learning disabled with ninety (90) minutes of specialized instruction, one (1) hour of special education consultation, one (1) hour and fifty-five minutes of advisory services. On November 22, 2006, Derrick was suspended as a result of an incident where he assaulted a fellow student. MAPCS intended to expel Derrick and failed to convene a manifestation determination review meeting as statutorily required and despite the parental request. Derrick spent more than ten (10) days out of school without an alternative educational placement and was unable to complete his required class assignments.

On December 12, 2006, counsel for the parent filed an administrative due process hearing request alleging that MAPCS failed to 1) comply with disciplinary procedures by failing to schedule a manifestation determination meeting review meeting; 2) comply with disciplinary procedures by failing to conduct a functional behavioral assessment and/or implement a behavior plan; 3) ensure that the student continued to receive a free and appropriate public education after his suspension exceeded the days; and 4) MAPCS failed to provide the student with FAPE. ***See December 12, 2006 Administrative Due Process Hearing Complaint.***

---

[1] March 26, 2004 IEP indicated that Derrick required 15 hours of specialized instruction and 30 minutes of psychological services per week. MAPCS reduced Derrick's hours and Derrick was retained his junior year.

3

The April 12, 2007 Hearing Officer's Determination determined that Derrick had been denied access to FAPE and ordered that within ten (10) days that MAPCS 1) convene a MDT/IEP meeting to develop an [functional behavior assessment] and a [behavioral implementation plan], discuss if any additional evaluations were warranted, review and revise the student's IEP as appropriate, discuss and determine the student's placement and discuss compensatory education and develop a compensatory education plan for the time student had not been provided an alternative interim placement decided by the IEP team; 2) ensure a representative of DCPS participates in the MDT/IEP meeting; 3) either allow the student to re-enroll at MAPCS or DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendars if recommended placement is private. . . ." *See April 2007 Hearing Officer's Determination*

MAPCS scheduled a MDT/IEP meeting with parent's counsel for April 13th, 2007 at 10:00 p.m. However, on April 12th, 2007 Mr. Luseni contacted Roberta Gamble and informed her that he could not go forward with the meeting because he had been advised by his attorneys that the April 5, 2007 Hearing Officer's Determination would be appealed. In an April 12, 2007 letter, parent's counsel contacted Jessica Smith of Dalton, Dalton, & Houston, requesting MAPCS comply with the April 5, 2007 HOD and to date, counsel for MAPCS has not complied with the April 5th, 2007 HOD. This motion for Preliminary Injunction seeks a determination that MAPCS has not complied the April 5th, 2007 Hearing Officer's Determination, and an order that comply forthwith.

Immediate action by this Honorable Court is necessary because the Defendant has not allowed school since December 2006, but has allowed Derrick to receive three hours

4

of "tutoring" per week without providing homework packets. In this matter, the proposed educational services provided MAPCS does not allow Derrick to access the general education curriculum nor has it allowed him to make progress towards the goals outlined in his IEP. In fact, an April 26, 2007 report reveals that Derrick is failing all of his courses. Moreover, MAPCS has not created a functional behavioral assessment, and developed behavioral intervention services and modifications, to address the behavior violation so that it does not recur. MAPCS refusal to comply with the April 5, 2007 Hearing Officer's Determination demonstrates total disregard for the authority of the hearing officer's determination, even after parent's counsel agreed to the scheduled MDT/IEP meeting. The statutory law requires that the proposed interim alternative educational placement must allow the student to "receive educational services, so as to enable the [student] to continue to participate in the general education curriculum although in another setting, and to progress toward meeting goals set out in the [student's] IEP; and receive, as appropriate a functional behavioral assessment, and behavioral intervention services and modifications, that are designed to address the behavior violation so that it does not recur." ***See 34 C.F.R. section 300.530***

    Should this Honorable Court grant Derrick's request for this preliminary injunction MAPCS will hopefully grasp the clear and unequivocal message that they cannot ignore or deny their responsibility to provide disabled children with their IDEIA entitlement to a free and appropriate public education and due process of law. The failure of the Defendant to comply, willingly, with the hearing officer's April 5, 2007 determination demonstrates its apparent disrespect for this administrative process and clear indicia of its lack of respect for IDEA, and most importantly Derrick.

## II. STANDARD OF REVIEW

Federal Rule Civil Procedure 65 governs entry of a temporary restraining order and/or preliminary injunction. In order to obtain a temporary restraining order, Plaintiff's must establish 1) substantial likelihood of success on the merits; 2) irreparable harm to the plaintiff; 3) that injunctive relief will not substantially harm the other party; and 4) that public interest favors the injunction. *See Serono Lab v. Shalala*, 332 U.S. App. D.C. 407, 158 F.3d 1311, 1317-1318 (1998). "These factors interrelate on a sliding scale and must be balanced against each other. *Independence Federal Savings Bank v. Bender*, 2004 U.S. Dist. Lexis 16914 (2004), citing *Davenport v. Int'l Bhd. Of Teamsters*, 334 U.S. App. D.C. 228, 166 F. 3d 356, 360-61(1999)(Internal quotations omitted).

The State Education Agency has the responsibility for ensuring that disabled students receive a free and appropriate education. 20 U.S.C. § 1412(a)(11). The SEA distributes funds to local education agencies ("LEA"), which in turn provide FAPE to disabled students. 20 U.S.C. § 1410(g)(1). An LEA is defined as " a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary or secondary schools in a city, county, township, school district, or other political subdivision of a State." 20 U.S.C. § 1401(15). In this matter, MAPCS operates as a District of Columbia Public Charter School and is its own LEA, and therefore required to provide services in accordance with IDEIA. MAPCS has refused to comply with the April 5, 2007 Hearing Officer's Determination that required it to comply with the discipline procedures and allow Derrick to return to school.

## III. DERRICK IS ENTITLED TO INJUNCTIVE RELIEF UNDER THE TRADITIONAL TEST FOR INJUNCTIVE RELIEF.

Plaintiff is entitled to injunctive relief to enforce the provisions of the IDEA. By the IDEA, "Congress very much meant to strip school of [their] *unilateral* authority." *Honig v. Doe*, 484 U.S. 305, 323 (1988) (emphasis in the original). Despite their unequivocal legal obligations, defendants have refused to afford Derrick due process of law, and yet continue to defy the law by denying the requested relief. Plaintiff is clearly entitled to injunctive relief to enforce the provisions of the IDEA, where defendants refuse to do so.

The Plaintiff meets the traditional standards for injunctive relief as set out in *Virginia Petroleum Jobbers Ass'n v. Federal Power Commission*, 259 F.2d 921, 925 (D.C. Cir. 1958); *see also Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977):

| | |
|---|---|
| a. | Has the petitioner made a strong showing that it is likely to prevail on the merits? |
| b. | Has the petitioner shown that without such relief it will suffer irreparable injury? |
| c. | Would the issuance of the injunction substantially harm other interested parties? |
| d. | Wherein lies the public interest? |

### A.   Substantial Likelihood of Success on the Merits.

An April 5, 2007 Hearing Officer's Determination found that Derrick had been denied access to a free and appropriate education due to MAPCS failure to comply with the discipline procedures outlined in the IDEIA. After ordering MAPCS to convene an MDT/IEP meeting within ten (10) days of the issuance of the HOD, Mr. Lusieni, upon reportedly, the advise of MAPCS counsel, refused to convene the MDT/IEP meeting. MAPCS refusal to comply with the April 5, 2007 HOD prohibits Derrick from accessing

7

the general education curriculum and progressing towards his IEP goals, all of which equates to a denial of FAPE. Based on the foregoing Derrick has undeniably demonstrated the likelihood of success on the merits.

### B. Though Plaintiff Need Not Demonstrate Irreparable Injury, Irreparable Harm Will Occur Absent Injunctive Relief.

Unlike injunctive relief sought in other types of cases, in an IDEIA case, the plaintiff need not meet the standard for a showing of irreparable harm. In *Cox v. Brown*, 498 F. Supp. At 828-29, this Court concluded that depriving a child of one day of an appropriate education is sufficient to find irreparable injury:

> Parents, as guardians of their children and protectors of their emotional, physical, and educational well-being, have the duty, responsibility, and right to demand nothing less than their children receive the fullest measure of education appropriate to their particularized needs, in accordance with the law. . . . [A]bsent injunctive relief, [their children] will suffer the irreparable harm of lacking each day of their young lives as appropriate education.

*Id.* at 829. It is thus axiomatic that if Congress thought it important enough to pass a statute to protect a disabled child's rights to education, then depriving a child of that right is sufficiently irreparable to warrant the imposition of injunctive relief.

Derrick has sustained and continues to sustain irreparable harm because MAPCS' outright refusal and/or failure to comply with the April 5, 2007 HOD. Counsel for MAPCS advised the staff at MAPCS of intentions to file an appeal regarding the April 5, 2007 HOD; however, as of this date MAPCS has not done so. While the statutory deadline to an appeal a case is ninety (90) days, their delay to file will continue to cause Derrick irreparable harm as he is being denied access to FAPE. Derrick's irreparable harm requires that he receive immediate relief from this court. More specifically, Derrick has not received any specialized instruction or related services in accordance

8

with statutory law. No progression has been made with respects to the goals outlined in Derrick IEP as he is currently failing all of his courses at MAPCS. This continued failure will result in Derrick repeating the eleventh grade for the second year in a row. MAPCS has purposely and unmistakably denied Derrick access to a FAPE by failing to comply with the April 5, 2007 Hearing Officer's Determination and as a result, Derrick is a child that continues to suffer irreparable harm.

### C.   MAPCS Suffers No Harm

MAPCS will not suffer any harm if this motion for injunctive relief is granted. MAPCS, is obligated under federal and local law to provide disabled children with a FAPE and it has failed to do so in this present case. MAPCS has been granted several opportunities to cure their denial of FAPE to Derrick through written request by parent's counsel, but has repeatedly refused to do so. MAPCS must required to comply with the April 5, 2007 Hearing Officer's Determination. Requiring MAPCS to follow through with their contractual and legal obligations will not cause any harm to the school system.

### D.   The Public Interest Favors the Granting of Injunctive Relief.

The public interest is best served by granting the requested injunctive relief. The public interest is always served when government officials fail to act in accordance with well established laws and principles, and fails to adhere to its' clear statutory obligations.

In this case, MAPCS has refused/failed to comply with the April 5, 2007 Hearing Officer's Determination, and has inexcusably prolonged providing Derrick with access to a free and appropriate education. Additionally, the administrative process is not operating as the final forum for the hearing of complaints and for granting relief. By granting the parent's request for this preliminary injunction the Court would be acting in

the best interest of public policy because it would hold MAPCS accountable for its failure to comply with the April 5, 2007 Hearing Officer's Determination .

## VI.   THE RELIEF IS APPROPRIATE.

The relief sought by Plaintiff is appropriate. The instant motion for preliminary injunction simply seeks to achieve what Derrick is entitled to, but which he is being denied by MAPCS' failure to comply with the April 5, 2007 Hearing Officer's Determination.

## VII. CONCLUSION

As set forth in the foregoing Memorandum of Points and Authorities, Plaintiff has met the four-prong test for injunctive relief. Therefore, Derrick Shelton respectfully requests that this Court grant their Motion of Preliminary Injunction and order the following relief: (1) a determination that MAPCS denied Derrick FAPE, (2) an order that MAPCS immediately, reconvene Derrick's MDT/IEP Meeting, develop an FBA and BIP and comply with the remainder of the April 5, 2007 Hearing Officer's Determination,(3) an award of compensatory education for denial of special education and its related services from December 2006. Plaintiff also seeks attorneys' fees and costs for litigating this action and the underlying administrative action, pursuant to 42 U.S.C. § 1988 and 20 U.S.C. § 1415.

Respectfully Submitted,

Roxanne D. Neloms 478157
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2000
202-742-2097/2098 (facsimile)
*Attorney for the Plaintiff*

U.S. District Court
for The District of Columbia

Derrick Shelton,
  Plaintiff

V.

Maya Angelou Public
Charter School,
  Defendant

FILED
MAY 21 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

07 0933

**65.1**

On May 21st 2007, counsel for the plaintiff emailed a complaint and motion package to Paul Dalton, attorney of Dalton, Dalton + Houston. A courtesy copy was also emailed to A Jessica McAuliffe of Dalton, Dalton + Houston, as well. These items were emailed on or around 9:25 Am.

X _____
Roxanne D. Neloms
478157