## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DERRICK SHELTON,

     Plaintiff,

    v.

MAYA ANGELOU PUBLIC CHARTER
SCHOOL,

     Defendant.

Civil Action No. 07–933 (CKK)

## ORDER
(June 12, 2007)

On May 21, 2007, Plaintiff, Derrick Shelton, filed a Complaint for declaratory and injunctive relief against Defendant, Maya Angelou Public Charter School (MAPCS) alleging violations of the Individuals with Disabilities Education Improvement Act (IDEIA), 20 U.S.C. § 1400 *et seq.*, and 42 U.S.C. § 1983. Plaintiff's Complaint seeks "an injunction prohibiting Defendants from refusing Derrick admission to MAPCS; a declaratory judgment declaring that the Defendant is in violation of the April 5, 2007, Hearing Officer's Determination," and reasonable attorneys fees and costs. Compl. at 6. The Court notes that the Hearing Officer's April 5, 2007 Determination substantively ordered the following:

1. MAPCS shall within ten (10) school days of the issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to develop a FBA [Functional Behavioral Assessment] and BIP [Behavioral Implementation Plan] for the student, discuss if any additional evaluations are warranted, review and/or revise the student's IEP as appropriate, discuss and determine the student's placement, and discuss compensatory education and develop a compensatory education plan for the time student has not been provided an alternative interim placement decided by the IEP team.

2. MAPCS shall ensure that a representative of DCPS [District of Columbia Public Schools] participates in the MDT/IEP meeting.

3.      MAPCS shall either allow the student to reenroll at MAPCS or DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.

4.      Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

5.      MAPCS and DCPS will be given a day for day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

6.      If there is not agreement by the parties as to the compensatory education plan for the student pursuant to this Order either party may petition this Hearing Officer for an expedited hearing on this issue.

Pl.'s TRO/PI Mot., Ex. 3 (Hearing Officer Determination) at 12.

Also on May 21, 2007, Plaintiff filed a [2] Motion for a Temporary Restraining Order and Preliminary Injunction.  In Plaintiff's TRO/PI Motion, Plaintiff requests the following relief in addition to attorney's fees and costs:

(1) a determination that MAPCS denied Derrick FAPE [Free Appropriate Public Education], (2) an order that MAPCS immediately, reconvene Derrick's MDT/IEP Meeting, develop an FBA and BIP and comply with the remainder of the April 5, 2007 Hearing Officer's Determination, (3) an award of compensatory education for denial of special education and its related service from December 2006.

Pl.'s TRO/PI Mot. at 10.

The Court held a telephone conference on the record with the Parties on May 22, 2007, during which the Court asked Plaintiff's counsel to specify, in light of the sweeping request for relief in Plaintiff's TRO/PI Motion, precisely what relief Plaintiff sought via its Motion rather than via the Complaint in its entirety.  Plaintiff's counsel initially stated that the only issue was MAPCS's failure to participate in an MDT meeting; Plaintiff's counsel further stated that she would not object to an MDT meeting with DCPS in which MAPCS would participate in order to

update Plaintiff's IEP to facilitate an interim placement which the District of Columbia would effectuate pending a resolution of Defendant's appeal of the Hearing Officer's Determination. Later during the conference call, Plaintiff's counsel also raised the issue of Plaintiff's failing grades. While the Court noted that this issue was not included in Plaintiff's request for relief in the TRO/PI, Plaintiff's counsel indicated concern that Plaintiff's grades be discussed at the meeting based on her perception that they fell within the four corners of receiving FAPE. The Court instructed Plaintiff's counsel to list when the meeting would take place, who would participate, and what issues should be addressed at the meeting such that Defendant's counsel could talk with his client and see if such issues could be addressed. The Court further indicated that by June 4, 2007, the Parties should either indicate whether the TRO/PI had been resolved or call chambers if no agreement had been reached such that the Court could set a briefing schedule.

On June 4, 2007, both Plaintiff and Defendant filed separate status reports with the Court. Both status reports indicate that an MDT meeting was held on May 31, 2007, attended by Plaintiff, Plaintiff's father, Plaintiff's counsel, Plaintiff's advocate, representatives from DCPS, and teachers and representatives from MAPCS. Def.'s Status Rep. at 1; Pl.'s Status Rep. ¶ 11. During the meeting, DCPS agreed to complete Plaintiff's FBA and IEP, and MAPCS agreed to participate. Pl.'s Status Rep. ¶¶ 13, 15, 16; Def.'s Status Rep. at 2. MAPCS further agreed to increase Plaintiff's tutoring to five hours a week with an extension of tutorial services until August 3, 2007. Pl.'s Status Rep. ¶ 17; Def.'s Status Rep. at 2. MAPCS further agreed to allow Plaintiff until August 3, 2007 to turn in class assignments from January 2006 to August 2007, and to update Plaintiff's records on August 3, 2007 accordingly. Pl.'s Status Rep. ¶ 18; Def.'s Status Rep. at 2. MAPCS further agreed to provide copies of biweekly and midterm reports

regarding Plaintiff's progress from January 2007 to May 2007 by June 4, 2007, which according to Plaintiff, were not received by close of business on June 4, 2007 (and it is unclear to the Court whether such reports have yet been provided). Pl.'s Status Rep. ¶ 19. MAPCS further agreed to provide a copy of an official transcript reflecting grades from Plaintiff's second and third quarters by June 22, 2007. Pl.'s Status Rep. ¶ 20. Both Parties agreed that the compensatory education issue had not been resolved, that Plaintiff's counsel did not propose a specific compensatory education plan at the meeting, but that she agreed to forward a proposed plan to Defendant by June 15, 2007. Pl.'s Status Rep. ¶ 22; Def.'s Status Rep. at 2 .

Plaintiff's Status Report states that "the May 31st, 2007 [sic] meeting is unresolved," Pl.'s Status Rep. at 1, indicating "[t]hat as of the filing of this status report, Derrick's functional behavior assessment and behavioral implementation plan have not been completed. MAPCS further refused to review and revise the IEP as it is obligated to do." *Id.* ¶ 27. However, in examining Plaintiff's counsel's representations during the May 22, 2007 conference call and the contents of the status reports, the Court notes that MAPCS participated in an MDT meeting on May 31, 2007, during which MAPCS agreed to participate in another MDT/IEP meeting convened by DCPS within forty-five days to review and revise Plaintiff's IEP. The Court further notes that Defendant agreed to revisit Plaintiff's grades in allowing Plaintiff to turn in work up until August 3, 2007, at which time his records would be updated. Accordingly, based on Plaintiff's representations to the Court during the May 22, 2007 conference call, the Court understands that Defendant, in action and in representation, has fulfilled Plaintiff's TRO/PI requests such that the Court shall DENY WITHOUT PREJUDICE Plaintiff's [2] Motion for a Temporary Restraining Order and Preliminary Injunction. However, the Court understands that

this denial without prejudice is based on Defendant fulfilling its representations to the Court (and accordingly to Plaintiff) as set forth in its Status Report.

Accordingly, it is this 12th day of June, 2007, hereby

ORDERED that based on the representations made by Plaintiff's counsel to the Court on May 22, 2007, and the representations set forth in the Parties' June 4, 2007 Status Reports, Plaintiff's [2] Motion for a Temporary Restraining Order and Preliminary Injunction shall be DENIED WITHOUT PREJUDICE; it is also

ORDERED that MAPCS shall participate in an MDT/IEP meeting with DCPS to be held by July 16, 2007 to complete, renew, and/or revise Plaintiff's FBA and IEP; it is also

ORDERED that MAPCS shall increase Plaintiff's tutoring to five hours a week effective immediately with an extension of tutorial services until August 3, 2007; it is also

ORDERED that MAPCS shall allow Plaintiff until August 3, 2007 to turn in class assignments from January 2006 to August 2007, at which time it shall update Plaintiff's records accordingly; it is also

ORDERED that if it has not done so already, MAPCS shall provide Plaintiff's counsel with copies of biweekly and midterm reports regarding Plaintiff's progress from January 2007 to May 2007 by June 13, 2007, at 5:00 p.m.; it is also

ORDERED that MAPCS shall provide a copy of an official transcript reflecting grades from Plaintiff's second and third quarters to Plaintiff's counsel by June 22, 2007; it is also

ORDERED that Plaintiff's counsel shall provide a proposed compensatory education plan to MAPCS by June 15, 2007.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge