## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DERRICK SHELTON,** | ) |
| **Plaintiff** | ) |
| | ) |
| | ) |
| **v.** | ) **Civil Action No. 07-cv-933(CKK)** |
| | ) |
| **MAYA ANGELOU PUBLIC CHARTER** | ) |
| **SCHOOL** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, the Plaintiff, by and through counsels, Roxanne D. Neloms and Domiento C.R. Hill and James E. Brown & Associates, PLLC and pursuant to Local Rule 7.1 and Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for entry of summary judgment against the Defendant for the reasons that are more specifically set forth in the attached Memorandum of Points and Authorities filed contemporaneously herewith and incorporated herein by reference as though set forth in its entirety.

Respectfully submitted,

_____/s/_____

Roxanne D. Neloms [478157]
Domiento C.R. Hill [ MD14793]
Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
Counsels for Plaintiff

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DERRICK SHELTON,** ) | |
| **Plaintiff** ) | |
| ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-cv-933(CKK)** |
| ) | |
| **MAYA ANGELOU PUBLIC CHARTER** ) | |
| **SCHOOL** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiffs, by and through their attorneys Roxanne D. Neloms, Domiento C.R. Hill, and James E. Brown & Associates, PLLC, and in their Memorandum of Points and Authorities Submitted in Support of Their Motion for Summary Judgment, represents unto this Honorable Court as follows

**I. RELEVANT BACKGROUND**

The April 4, 2007 Hearing Officer's Decision found that the parent sustained her burden in two of the three issues presented in the January and December 2006 Administrative Due Process complaints. ***See AR at 2-12.*** More specifically, the hearing officer noted that MAPCS failed to conduct a functional behavior assessment (FBA) and behavioral implementation plan (BIP) following the manifestation determination review meeting and failed to determine an interim  alternative placement in violation of the Individuals with Disabilities Education Act (IDEIA)  and/or continue to provide services following Derrick's suspension and expulsion. ***Id***. By order he stated the following:

2

1. MAPCS shall within ten (10) school days of the issuance of this Order, convene a multi-discplinary team/individualized educational program (MDT/IEP) meeting to develop a FBA and BIP for the student, discuss if any additional evaluations are warranted, review and/or revise the student's IEP as appropriate, discuss and determine the student's placement, and discuss compensatory education develop a compensatory education plan for the time the student had not been provided an alternative interim placement decided by the IEP team.

2. MAPCS shall ensure that a representative of DCPS particpates in the MDT/IEP meeting.

3. MAPCS shall either allow the student to reenroll at MAPCS or DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calender days if the recommended placement is private.

4. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

5. MAPCS and DCPS will be given a day for day extension of any of the prescribed time frames in this Order for any delay cauase dby the student, the parent and/or their representative(s).

6. If there is not [an] agreement by the parties as to the compensatory education plan for the student pursuant to this Order either party may petition this Hearing Officer for an expedited hearing on this issue.

*See Ar at 2-12.*

### *1. Relevant Facts that Occurred Prior to the Issuance of the April 2007 HOD*.

Derrick has been identified as learning disabled and attended Maya Angelu Public Charter School (MAPCS) during the 2006 2007 school year. *See Ar at 64-72.*   On November 16, 2006 Derrick struck a fellow student and was immediately suspended. *See Tr at 1-97.*   The following day Derrick returned to school upon his father's instruction as his suspension was not supported by documentation and MAPCS did not allow Derrick to re-enter school. *See Tr at 73-*

3

*90.* Subsequently MAPCS forwarded a letter documenting Derrick's suspension and impending

expulsion. *Id.*

Soon after Mr. Shelton, Derrick's father, appeared at MAPCS and spoke with the special

education coordinator, Mr. Luseni, who indicated that an MDR meeting had to be scheduled.

*See Tr at 73-90.* Derrick and his father returned to MAPCS the following day and spoke with

the principal and at that meeting Mr. Shelton pleaded that a lesser punishment be administered

and requested the delay of the manifestation determination review meeting. *Id.* Mr. Shelton and

Derrick sought the assistance of counsel once the principal and the special education coordinator

informed them Derrick had to attend his neighborhood school. *Id.* In a December 4, 2006 letter,

Derrick's counsel proposed several dates for a MDR meeting and further advised that Derrick

should continue to receive his services in connection with the "stay put" provision of the IDEIA.

*See Ar at 191.* She also requested that a meeting be scheduled to discuss possible alternative

placements and the development of a functional behavioral assessment. *Id* An administrative

due process hearing was filed on Derrick's behalf and in response, Mr. Luiseni forwarded a letter

scheduling the MDR and resolution meeting on the same day. *See Ar at 129 & 157. see Ar at*

*74;79;104.* The MDT meeting resulted in a finding that Derrick's behavior was not a

manifestation of his disability a fact of which was disputed by the educational advocate in a

letter. *Id.* The MDT failed to discuss alterative interim placements, nor did it discuss the

implementation of services, and while the MDT failed to discuss expulsion, Derrick was

expelled. *Id.* Again Derrick was advised that he should attend his neighborhood school even

though a hearing request had been filed and in the interim Derrick's parent believed that Derrick

was allowed to remain at MAPCS. *See Tr at 56-68;73-90.* At the resolution meeting Mr. Luseni

offered three hours of tutoring for Derrick and thereafter contacted Dr. Peggy Peagler, DCPS

placement specialist, upon which he informed her of Derrick's expulsion and she informed him that a MDT meeting was required to enroll him at his neighborhood school.  *See Tr 1-97.*

## 2. *Relevant Facts That Occurred After the April 2007 HOD.*

Soon after the hearing, Corey Hamilton, educational advocate, confirmed an MDT meeting on Derrick's behalf for April 13, 2007 at 10:00 am. *See Exhibit 1.* Despite MAPCS' initial willingness to participate in the MDT meeting, Mr. Luseni canceled the meeting stating that its counsel would be appealing the April 2007 HOD. *See Exhibit 2.* Derrick's counsel informed MAPCS counsel of the cancellation and specifically noted in her letter that the filing of an appeal does not act as an automatic stay of an administrative order and in reliance of her position cited the District of Columbia Circuit Local Rules 8 and 18. *See Exhibit 2&5.* She further noted the irreparable harm Derrick would endure if MAPCS refused to comply. *Id.* MAPCS counsel replied that it wold not comply with the April 2007 HOD and advised that Derrick enroll at his neighborhood, Cardoza Senior Highschool. *See Exhibit 3.* Since MAPCS refused to allow Derrick's re-entry into the school, Derrick's counsel sought the assistance of DCPS, the State Educational Agency. *See Exhibit 4.* By April 26, 2007 MAPCS had not held the ordered MDT meeting on Derricks behalf and it wholeheartedly stood fast on its position of noncompliance, so on May 21, 2007, counsel filed a preliminary injunction. *See Complaint filed May 21, 2007.*

In the meantime, the educational advocate contacted DCPS' placement specialist Dr. Peggy Peagler and requested that DCPS provide assistance by scheduling a meeting. *See Exhibit 7&8.* However, via email, Mr. Luseni reiterated that MAPCS would not comply because of its intent to appeal the April 2007 HOD. *See Exhibit 8.*

5

MAPCS counsel filed its complaint on May 22, 2007 and on the same day both parties participated in a teleconference, whereby counsel for Derrick noted that because MAPCS refused to comply with the April 2007 HOD, Derrick would not be able to graduate. Despite the abundance of correspondence noting MAPCS' refusal to comply, MAPCS counsel represented on the record that it had never refused to comply and stated it would participated in the meeting scheduled for Derrick. DCPS and the educational advocate confirmed May 31, 2007 as the next meeting date and per the courts' order, both parties submitted proposed stipulations and MAPCS counsel, via voicemail, informed that MAPCS could not comply with the proposed stipulations. *See Status Report filed June 4, 2007.* At the May 31, 2007 meeting, MAPCS continued its refusal of compliance with the April 2007 HOD and as a result, DCPS agreed to complete the bulk of what had been ordered so that Derrick could get back on track and possibly graduate. *Id.* Based on the status reports filed by both parties, the honorable court denied the plaintiff's preliminary injunction.

Meantime, both parties agreed that consolidation of both cases best served judicial economy; however, the motion to consolidate was denied as moot because opposing counsel failed to answer a show cause order as to why service had never been effectuate on the plaintiff. For the foregoing reasons, the plaintiff request that this Honorable Court grant its motion for summary judgment.

## II. STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the moving party is entitled to judgment as a matter of law and no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)*; Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). "The plain language of Rule 56(c) mandates the

6

entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, summary judgment may still be granted if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson*, 477 U.S. at 249-50.

Once the movant files a proper summary judgment motion, the burden shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 250. For a non-moving party to establish that a genuine issue for trial exists, it must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co.* 475 U.S. at 586.

As there are no genuine issues of material fact, this Court should grant the Plaintiff's motion for summary judgment.

7

## III. ARGUMENT

### A. MAPCS FAILED TO COMPLY WITH
### THE APRIL 2007 HEARING OFFICER'S DETERMINATION

#### 1. *MAPCS Subsequent Filing of an Appeal Did Not Stay Its Obligation to Comply with the April 2007 HOD.*

On several occasions MAPCS refused to comply with the April 2007 HOD and in support of its refusal to comply, MAPCS stated that it was appealing the HOD and would comply. *See Exhibit 3.* Notwithstanding the Defendant's failure to file a motion to stay the April 2007, Plaintiff's counsel initially informed MAPCS counsel of the District Columbia Circuit Local Rules 8 and 18 regarding automatic stays. *See Exhibit 2.* Nonetheless counsel believes that in accordance with 20 U.S.C. section 1415, MAPCS had an obligation to comply with the April 2007 HOD during the appeal process.

Pursuant to 20 U.S.C. section 1415 (j)... the "[m]aintenance of current educational placement, [omit], ***during the pendency of any proceedings conducted pursuant to this section***, unless the State or local educational agency and the parents agree otherwise agree, the child shall remain in the then-current educational placement of the child. . . ." *See 20 U.S.C. section 1415.*(empahsis added). In *Escambia County Board of Education, v. Benton*, 358 F. Supp. 2d 1112, (D.AL., 2005), the Court opined that "stay put" provisions are "implemented because due process hearing and ensuing civil action[s] by aggrieved party may take a significant amount of time to run their course". See *Escambia County Board of Education, v. Benton*, 358 F. Supp. 2d 1112, (D.AL., 2005). Thus, the "stay put" provision operates as an automatic injunction and the educational agency is required to maintain the educational placement of a disabled child until resolution is obtained. See *Wagner v. Board of Educ. of Montgomery County*, 335 F.3d 297, 301 (4th Cir. 2003)(stating that the "operation of 'stay put' provision 'is automatic'; the party seeking

8

it need not meet the usual requirements for obtaining preliminary injunctive relief"). Moreover, this provision "is designed to preserve the status quo pending resolution of challenged proceedings under the IDEA. . . ." See *Paul Verhoeven, et al v. Brunswick Sch. Comm.*, 207 F. 3d 1, (1st Cir 1999). Consequently, because a "stay put" provision is similar to an automatic injunction a school district is required, during an appeal, to comply with an administrative order.

Here, prior to the issuance of the April 2007 HOD Derrick's current educational placement was MAPCS, which Derrick attended on a daily basis. His March IEP 2006 identified him as learning disabled provided him with 4 hours and 25 minutes of services. ***See Ar at 64***. As a result of an incident on campus, Derrick had been suspended and removed from the campus to an alternative interim placement in violation of IDEA. ***See Ar at 212.*** The April 2007 HOD ordered MAPCS, among other things, to convene a MDT/IEP meeting to develop a FBA and BIP for the student, discuss if any additional evaluations are warranted, review and/or revise the student's IEP as appropriate, discuss and determine the student's placement, and discuss compensatory education develop a compensatory education plan for the time the student had not been provided an alternative interim placement decided by the IEP team. ***See Ar at 2-12.*** Despite being ordered to convene the meeting, MAPCS refused to comply because of its intent to appeal the April 2007 HOD. Because the Plaintiff filed this action before the court, the "stay put" provision of 20 U.S.C. section 1415 was triggered and MAPCS had to comply with April 2007 HOD. MAPCS had an obligation to ensure that Derrick's current educational placement(specialized instruction and related services) were maintained during this appeal process. See *Van Scoy et al v. San Luis Coastal Unified Sch. Dist.*, 353 F. Supp. 2d 1083(U.S. Dist. Cal 2005). MAPCS failure to comply resulted in Derrick being irreparably harmed as he

was not allowed to return back to his current educational placement during the resolution of this appeal.

### 2. *MAPCS Failed to Comply with the April 2007 HOD.*

In accordance with the April 2007 HOD MAPCS was ordered to:

> 1. MAPCS shall *within ten (10) school days* of the issuance of this Order, convene a multi-discplinary team/individualized educational program (MDT/IEP) meeting to *develop a FBA and BIP for the student, discuss if any additional evaluations are warranted, review and/or revise the student's IEP as appropriate, discuss and determine the student's placement*, and discuss compensatory education develop a compensatory education plan for the time the student had not been provided an alternative interim placement decided by the IEP team.
>
> 2. MAPCS shall ensure that a representative of DCPS particpates in the MDT/IEP meeting.
>
> 3. MAPCS shall either allow the student to reenroll at MAPCS or DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calender days if the recommended placement is private.
>
> 4. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

*See Ar  at 12.*

At no time during the pendency of this process has MAPCS complied with the April 2007 HOD and because of this refusal the educational advocate requested that DCPS convene a MDT meeting on Derrick's behalf.  *See Exihibit 3&8.* MAPCS constantly refused to comply with the April 2007 HOD, Derrick's MDT/Meeting was canceled several times. *Id.*   After the filing of the preliminary injunction, counsel for MAPCS represented that MAPCS would participate in the May 31st, 2007 scheduled meeting for Derrick.  Despite agreeing to participate MAPCS still refused to comply with the April 2007 HOD and due to the obvious delay set forth

10

by MAPCS, Derrick's psycho-educational expired. *See Status Report filed June 4, 2007.* DCPS, being the state educational agency, noted the expiration and agreed to complete the evaluation and made plans to complete the functional behavioral assessment and behavioral implementation plan. *Id.*

Failures to comply with hearing officer's determination result in per se denial of access to a free and appropriate education, as noted in the *Blackman/Jones Consent Decree.* More specifically, the untimely or failure to fully comply with a hearing officer's determination or a settlement agreement is a direct denial of a FAPE to the student, and thus represents a harm to the student. The Court noted in *Blackman/Jones* that "[t]here is a rebuttal presumption of harm for untimely HODs and untimely implementation of HODs/SAs ". See *Blackman/Jones* Consent Decree 8/24/06 at 45.

MAPCS' noncompliance includes the following: MAPCS was, among other things, required to participate within ten days of the issuance of the HOD and MAPCS refused. MAPCS was ordered to complete an FBA and BIP, instead DCPS completed the FBA and as early as September 2007 MAPCS stated Derrick did not need a BIP, despite the regulations requiring a BIP be created. MAPCS was further required to discuss an appropriate interim alternative placement with the MDT team. Instead discussing placement with the team, MAPCS told Derrick to attend his neighborhood school. *See Exhibit 3; See Ar at 199; see also status report filed June 4, 2007.*

More importantly, MAPCS acts as its own local educational agency and is responsible for ensuring that FAPE is provided to those students requiring special education and related services. Here, MAPCS blatantly refused to comply with the April 2007 HOD because they simply did not agree with the hearing officer's findings. Due to MAPCS noncompliance Derrick

11

was unable to graduate this past summer and as he has received failing grades, his chance to graduate has been postponed.  ***See Exhibit 11.*** This Court must find that MAPCS' refusal to comply with the April 2007 HOD was not excused by its intent to appeal.

## B. <u>MAPCS VIOLATED SECTION 1983</u>.

In his original complaint, the Plaintiff alleged that MAPCS violated 42 U.S.C. section 1983 when its blatantly refused to comply with the April 5, 2007 HOD. MAPCS is a school chartered under the District of Columbia, and the actions of MAPCS, as they relate to Derrick, were performed under the color of state law.  Pursuant to 42 U.S.C. Section 1983 "[e]very person, who under color of statute, ordinance, regulation, custom or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the Untied States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, other proceedings for redress." *See 42 U.S.C. section 1983.*

The Court established a four prong test encompassing the criteria for finding liability under Section 1983 on an IDEA violation that a plaintiff must demonstrate:

> (1) by a preponderance of the evidence that MAPCS violated one or more specific provisions of the IDEIA; (2) that exceptional circumstances exist, such that the conduct of MAPCS that caused the IDEIA violation was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEIA; (3) . . .[plaintiffs] must establish that MAPCS has a custom or practice that is the moving force behind the IDEIA violations; (4) show why the normal remedies offered under the IDEIA, and

specifically compensatory education, are inadequate to compensate for the harm suffered. See *Walker v. District of Columbia*, 157 F. Supp. 2d 11, 30 (D.D.C. 2001)(citations omitted); see also *Jackson v. District of Columbia*, Civ. No. 02-0968(D.D.C. September 21, 2003); *R.S. v. District of Columbia*, 292 F. Supp 2d 23 (D.D.C. 2003).

In the matter before the Court, MAPCS violated several provisions of the IDEIA, all of which were noted in the April 2007 HOD. ***See Ar at 2-12.*** The Hearing Officer determined that MAPCS failed to comply with provisions of 34 CFR section 300.530. For instance, 300.530 requires the completion of a functional behavioral assessment and behavioral intervention plan even if the violation committed by the student does not arise to a manifestation of his/her disability. *See 34 CFR section 300.530.* Additionally, the Hearing Officer determined that when MAPCS determined Derrick's interim alternative placement, it did do without the benefit of his IEP team. ***Id.***

Second, while complying with the April 2007 HOD would have been a sufficient remedy on Derrick's behalf, MAPCS' egregious behavior frustrated the process thereby further delaying Derrick's access to a free and appropriate education. For example, on April 12, 2007 Mr. Lusieni contacted Derrick's counsel and informed them that he would not participate in the April 13, 2007 meeting because the April 2007 HOD was being appealed; a position subsequently confirmed by MAPCS counsel. ***See Exhibits 2 & 3***. Notwithstanding, counsel for MAPCS represented on the record, during the May 22, 2007 teleconference, that it would participate in the meeting, MAPCS counsel refused to comply with proposed stipulations requiring

compliance with the April 2007 HOD and Mr. Luseni informed the team his participation would be limited. *See Exhibit 8.*

Third, the refusal to comply with hearing officer's determinations is not a new phenomenon in the District of Columbia Public School system. As previously, noted in the *Blackman/Jones* consent decree, noncompliance of an HOD constitutes a denial of FAPE and in this instance this noncompliance was prompt and maintained by MAPCS counsel. *See Exhibit 1-3.* Lastly, the remedies available to Derrick under IDEIA are inadequate to compensate Derrick for the harm he has suffered. Derrick was to graduate from MAPCS in June and because of its refusal to comply Derrick's graduation has now been delayed. *See Exhibit 10-11.*

### C.  THE HEARING OFFICER'S DETERMINATION IS CORRECT AS A MATTER OF LAW AND SHOULD NOT BE REVERSED.

As noted in the letters now submitted in the record, MAPCS refused to comply with the April 2007 HOD because they believed the hearing officer erred in his decision. MAPCS had an alternative and that alternative was to appeal the matter. As previously indicated MAPCS complaint was dismissed for failure to effectuate service. Nonetheless, the applicable standard of review requires that "a party challenging [an] administrative determination must [shoulder] the burden of persuading the court that the hearing officer was wrong, and that a court upsetting the officer's decision must at least explain its basis for doing so." *See Kerkam v. McKenzie*, 862 F.2d 884, (D.C. Cir. 1989) ("*Kerkam I*").

In interpreting "the preponderance standard of review", the Supreme Court noted in *Rowley*, that it is not a review that equates into an "unfettered de novo review". *See Board of Educ. Hendrick Hudson Central School Dist. Westchester County v. Rowley*, 458 U.S. at 206, 102 S. Ct. 3034; Courts must give administrative proceedings "due weight,"(*see also Simmons v. District of Columbia*, 355 F.Supp 2d. 12 (D.D.C 2004)) and [f]actual findings from

14

administrative proceedings are considered prima facie correct." *Id.* (Quoting *S.H. v. State Operated Sch. Dist. of the City of Newark*, 336 F. 3d 260, 270 (3d Cir. 2003)).

Courts may not substitute their own views for [that] of the hearing officer, (*id.* at *Rowley* 206; *see also Argueta v. Government of the District of Columbia,* 355 F. Supp. 2d. 408 (D.D.C 2005)*; Shaw v. Dist of Columbia*, 238 F. Supp. 2d 127, 135 (D.D.C. 2002)), and a court upsetting a hearing officer's decision "must a least explain its basis for doing so." *District of Columbia v. Ramirez* , 355 F.Supp. 2d. 63 (D.D.C 2005). Consequently, when neither party seeks to supplement the administrative record with additional evidence, a motion for summary judgment will operate as a motion for judgment based on the evidence of record. 20 U.S.C. § 1415(i)(2)(B); *Id*. at *Ramirez,* 355 F.Supp. 2d. 63 (D.D.C 2005). With regards to the issue of eligibility determinations, the Court may apply a traditional de novo standard of review. See *Kruvant v. District of Columbia*, Civ. Action No. 03-1402 (JDB), August 10, 2005.

Thus, in this matter MAPCS shoulders the burden of persuading the Court to disturb the April 2007 HOD. Such a burden is quite hard to overcome since the April 2007 HOD was based on a sound review of the evidence and the record. The hearing officer determined as a matter of law, that MAPCS violated several provisions of IDEIA, more specifically, 34 C.F.R. 300.530-300.536. For those reasons, this Court can not reverse the April 2007 HOD.

## IV. <u>CONCLUSION</u>

Based on the foregoing record, this Court must find that MAPCS failed to comply with April 2007 HOD and further violated Derrick's rights pursuant to 42 U.S.C. Section 1983. In addition, this Court must affirm the April 2007 HOD and further find that the Plaintiff prevailed.

[signature to follow]

15

Respectfully submitted,

_____/s/_____

Roxanne D. Neloms [478157]
Domiento C.R. Hill [ MD14793]
Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
Counsels for Plaintiff

16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DERRICK SHELTON,** | ) |
| **Plaintiff** | ) |
| | ) |
| | ) |
| **v.** | ) **Civil Action No. 07-cv-933(CKK)** |
| | ) |
| **MAYA ANGELOU PUBLIC CHARTER** | ) |
| **SCHOOL** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

1.    Derrick Shelton's, ("Derrick") Individualized Educational Program ("IEP") identifies him as learning disabled with ninety (90) minutes of counseling, one (1) hour of special education consultation, one (1) hour and fifty-five minutes of advisory services.  ***See Ar at 64-70.***

2.    On November 22, 2006, Derrick was suspended after he assaulted a fellow student. ***See Ar at 212.***

3.    That the hearing was held on March 12, 2007 and on April 5, 2007 the Hearing Officer issued a determination that found Derrick had been denied access to FAPE and ordered that within ten (10) days that 1) MAPCS to convene a MDT/IEP meeting to develop an [functional behavior assessment] and a [behavioral implementation plan], discuss if any additional evaluations were warranted, review and revise the student's IEP as appropriate, discuss and determine the student's placement and discuss compensatory education and develop a compensatory education plan for the time student had not been provided an alternative interim placement decided by the IEP team; 2) MAPCS

1

shall ensure a representative of DCPS participates in the MDT/IEP meeting; 3) MAPCS shall either allow the student to re-enroll at MAPCS or DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendars if recommended placement is private. . . ." *See Ar at 2-12.*

4.    That MAPCS scheduled a MDT/IEP meeting with parent's counsel for April 13th, 2007 at 10:00 p.m.  *See Exhibit 1-2.*

5.    That on April 12th, 2007 Mr. Luseni, special education coordinator, contacted Roberta Gamble, counsel for Plaintiff, and informed her that he could not go forward with the meeting because he had been advised by counsel for MAPCS that the April 5, 2007 Hearing Officer's Determination would be appealed**.  *See Exhibit 2 .***

6.    That in an April 12, 2007 letter, parent's counsel wrote Jessica Smith, Esq. of Dalton, Dalton, & Houston, requesting that MAPCS comply with the April 5, 2007 HOD.  *Id.*

7.    That at no time prior to the filing of the May 21, 2007 complaint and Preliminary Injunction/Temporary Restraining Order did counsel for MAPCS respond to the April 12th, 2007 letter nor did it attempt to comply with the April 5th, 2007 Hearing Officer's Determination.

8.    That in the teleconference held on May 22nd, 2007 at 1:15 p.m. before Judge Kollar-Kotelly, Paul Dalton of Dalton, Dalton & Houston agreed to participate in the MDT/IEP meeting and counsel for the Plaintiff agreed to forward a copy of

2

confirmation meeting notice and stipulations of items to be discussed at said meeting.

9.    That in a May 15, 2007 email, Mr. Luseni stated "[MAPCS has] made [its] position very clear regarding this matter. Again [MAPCS] is appealing the entire HOD, thus [our] contribution to your meeting will be limited. ***See Exhibit 8.***

9.    That on May 23rd, 2007, Corey Hamilton, educational advocate, forwarded a copy of the meeting confirmation via fax with no response.

10.    That on May 24th, 2007 and May 25th, 2007, respectively, counsel for Plaintiff forwarded via facsimile a proposed draft of stipulations and a copy of the meeting confirmation.

11.    That via voicemail, Ms. Smith informed counsel for the Plaintiff that it would attend the meeting but would not agree to the stipulations at this time.

12.    That on May 31st, 2007, all required parties attended the MDT meeting however, due to the obvious delay set forth by MAPCS, Derrick Shelton's psycho-educational expired.  DCPS noted the expiration and agreed to complete the evaluation. ***See Status Report Meetings Notes Submitted on June 4, 2007 .***

13.    That Mr. Lusieni, MAPCS special education coordinator, refused to complete the functional behavior assessment indicating that the April 5th, 2007 HOD was being appealed. ***Id.***

14.    That due to MAPCS' refusal to complete the functional behavioral assessment, Dr. Peagler, DCPS' placement specialist, agreed to complete Derrick's functional behavioral assessment, if MAPCS participated. ***Id.***

3

15. That MAPCS agreed to increase Derrick's tutoring to five hours a week with an extension of tutorial services until ***August 3rd, 2007.  See Exhibit*** .

16. That MAPCS further agreed to allow Derrick until August 3rd, 2007 to turn in class assignments from the time period of January 2006 to August  2007, at which time it agreed to update Derrick's report cards.  ***Id.***

17. That even though Derrick has completed assignments provided by MAPCS, his transcripts reflects that he has failed all but one course.  ***See Exhibit 11.***

Respectfully submitted,
                  /s/
_____
Roxanne D. Neloms [478157]
Domiento C.R. Hill [ MD14793]
Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
Counsels for Plaintiff

4

# Exhibit 1

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

---------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

April 11, 2007

**VIA FACSIMILE (202) 939-9084**
Maya Angelou Public Charter School
Attn: Mr. Luseni, Special Education Coordinator
1851 9th Street, N.W.- ( Shaw Campus)
Washington, DC 20001

**Re: Derrick Shelton**

Dear Mr. Luseni:

I hope you had an opportunity to enjoy a few days of the break. I am writing in regards to the above referenced-student, **Derrick Shelton.** It is my understanding that you are attempting the schedule the MDT for Derrick Shelton. At this said meeting we will be able to revisit the student's IEP, review evaluations, discuss his documented level of services, discuss comp ed, and address any further concerns of the parent. I am available to meet at the date and time listed below.

Friday, April 13, 2007 at 10:00

Please forward a Letter of Confirmation to signal that this date is confirmed or that you are rescheduling the meeting by close of business Thursday, April 12, 2007. I am confident that you will assure that there is a full team present on the date and time scheduled. It is imperative that the school works collaboratively with the parent to ensure that Derrick receives an appropriate education. If you have questions or concerns prior to the meeting, I can be reached at (202)742 2000.

Professionally,

*Corey Hamilton*

Corey Hamilton
Special Education Advocate

HP Fax Series 900
Plain Paper Fax/Copier

Fax History Report for

(202) 742-2099
Jan 06 1970 1:17am

Last Fax

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Jan 6 | 1:16am | Sent | 99399084 | 0:37 | 1 | OK |

Result:
   OK – black and white fax

# Exhibit 2

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |
| ----------------------------------- | e-mail: Admin@Jeblaw.biz | -------------------------------- |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

**April 12, 2007**

**Via Facsimile Only**
Jessica Smith Esq.
Dalton, Dalton and Houston, P.C.
1008 Pendleton Street
Alexandria, VA 22314

### Re: Derrick Shelton, DOB: 3/08/88

Dear Ms. Smith :

I have recently received a voicemail message from your client indicating that he would not proceed with the meeting scheduled for tomorrow for the above referenced student because your office intended to file an appeal of the order.

Please be advised that the filing of an appeal in itself <u>does not</u> act as a automatic stay of an administrative order. Absent a court order staying Hearing Officer's Determination ("HOD") your client has an obligation to comply with the provisions therein. This student will be irreparably harmed by a failure to comply with the order. A willful disregard of legal order constitutes contempt.

Please feel free to contact me at (202)742-2000 (ext. 2021) to advise me how the school intends to proceed.

Sincerely,

Roberta L. Gambale Esq.

Cc: Student

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

------------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

---------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

TO:      Ms. Jessica Smith, Esq.

FROM:   Roberta L. Gambale

DATE:   4/12/07

FAX NO: (703) 739-2323

SUBJECT:  Derek Shelton

NUMBER OF PAGES, INCLUDING FAX COVER SHEET:  2

COMMENTS:

## STATEMENT OF CONFIDENTIALITY:

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

HP Fax Series 900
Plain Paper Fax/Copier

Fax History Report for

(202) 742-2099
Jan 06 1970 9:32pm

Last Fax

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Jan 6 | 9:31pm | Sent | 97037392323 | 0:47 | 2 | OK |

Result:
   OK - black and white fax

# Exhibit 3

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323

Paul S. Dalton[*+]
Ellen Douglass Dalton[*+]
William E. Houston[^*]
Jessica M. Smith[*]
Kathryn T. McAuliffe[¥]

Washington DC. Office:
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

§ ADMITTED IN VA
*ADMITTED IN D.C.
* ADMITTED IN W. VA

*ADMITTED TO THE U.S. SUPREME COURT
*ADMITTED IN PA
¥ ADMITTED IN CT

April 13, 2007

Roberta Gambale, Esq.
James E. Brown and Associates
1220 L Street, NW, Suite 700
Washington, DC 20005

**VIA FAX: 202-742-2098**

  Re: Derrick Shelton

Dear Ms. Gambale:

  I am in receipt of your letter dated April 12, 2007. As you know, MAPCS is appealing the HOD issued on April 5, 2007, and thus will not be convening the MDT meeting outlined in the HOD. I understand your position to be that appealing the HOD is not an automatic stay of the HOD, but rather a court order is required to stay the HOD. I am requesting that you provide me with the legal authority that you are relying on for this position.

  Additionally, MAPCS has continued to provide Derrick with tutoring throughout the duration of the due process procedures, and in fact is still providing him tutoring. While MAPCS will continue to provide Derrick with tutoring, the tutoring will not and cannot continue indefinitely. Derrick was informed many months ago that he should register at Cardozo Senior High School. Derrick is an adult student and is doing a disservice to himself by not attending school. While MAPCS will continue to provide tutoring so as to mitigate and prevent any educational harm, Derrick should enroll at Cardozo.

  I look forward to hearing back from you regarding the legal authority requested above.

      Sincerely,

      Jessica M. Smith, Esq.

Cc: Quentin Graham, MAPCS
  Michael Luseni, MAPCS

# FAX TRANSMISSION COVER SHEET
## Dalton, Dalton & Houston P.C.
### Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

**DATE:**      April 13, 2007

**TO:**      Roberta Gambale, Esq.

**AT FAX:**   202-742-2098 / 2097

**FROM:**    Jessica M. Smith, Esq.

**RE:**      Derrick Shelton


**NUMBER OF PAGES INCLUDING THIS PAGE:**      2

_____

**COMMENTS:**

**********************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
**********************************************************************************

# Exhibit 4

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Fontaine-Covington |
| John A. Straus | Facsimile: (202) 742-2098 | Jani Tillery |
| ----------------------------------- | e-mail: Admin@Jeblaw.biz | ---------------------------------- |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

**April 13, 2007**

**Via Facsimile Only**
Dr. Peagler, Special Education Specialist
District of Columbia Public Schools
825 North Capitol Street, NE,
Washington, DC 20002

Re:   **Derrick Shelton / DOB: 3/8/88**

Dear Dr. Peagler

Pursuant to our conversation earlier today I left a message for Mr. Yancy regarding the above referenced student.   As we had discussed, the student is currently being denied educational services by Maya Angelou Public Charter School ("MAPCS"). Derrick was expelled by the school and despite the issuance of a Hearing Officer's Determination ("HOD") MAPCS is refusing to re-enroll him and/or convene a meeting to revise his IEP and discuss placement alternatives with DCPS.  He doesn't yet have a program suitable for transfer since his hours were significantly reduced due to the small setting and extra services provided at MAPCS to all students. The Special Education Coordinator, Mr. Luseni, has stated that he has been instructed by his attorney that they don't have to comply because they intend to file an appeal.

While we are in the process of proceeding with a injunction against MAPCS, in the interim, I want to do everything possible to minimize the harm to this student. He is supposed to be graduating this school year.   He doesn't feel like he can be successful academically at his neighborhood school, especially with the lack of services his current IEP would provide.  He was doing exceptionally well at MAPCS before the incident and I hate see his progress interrupted this way- especially when he was so near completion.

As District of Columbia Public Schools ("DCPS"), the State Education Agency ("SEA"), is ultimately responsible for ensuring that all disabled students residing in the District of Columbia are receiving a Free and Appropriate Public Education ("FAPE"), I wanted to make sure that you as the SES were duly informed of what wad occurring.  We would welcome any assistance you can provide in this matter.  I will continue to pursue a claim with the State

Enforcement and Investigation Division as recommended.

If you should have any questions or further suggestions with regards to what can be dome to help this student, please feel free to contact me at (202)742-2021.

Sincerely

Roberta Gambale, Esq.


cc:    Parent

```
            *********************
            ***   TX REPORT   ***
            *********************

    TRANSMISSION OK

    TX/RX NO            3975
    CONNECTION TEL                94425517
    CONNECTION ID
    ST. TIME            04/13 16:02
    USAGE T             00'27
    PGS. SENT           3
    RESULT              OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

Attorneys at Law

| | | |
|---|---|---|
| James E. Brown | 1220 L Street, NW | Juan J. Fernandez!+ |
| Domiento C.R. Hill | Suite 700 | Tilman L. Gerald |
| Roberta Gambale | Washington, DC 20005 | Roxanne D. Neloms |
| Miguel A. Hull | Telephone: (202) 742-2000 | Omar Karram |
| Christopher L. West | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |
| John A. Straus | e-mail: Admin@Jeblaw.biz | Jani Tillery |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:           **April 13, 2007**

TO:             **Dr. Peagler, Special Education Specialist, DCPS**

FAX NO.:        **(202)442-5518**

FROM:           **Roberta L. Gambale Esq.**

SUBJECT:        **Derrick Shelton**

NUMBER OF PAGES INCLUDING COVER SHEET:        **2**

COMMENTS:

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
John A. Straus

-------------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington
Jani Tillery

-------------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:              **April 13, 2007**

TO:                **Dr. Peagler, Special Education Specialist, DCPS**

FAX NO.:           **(202)442-5518**

FROM:              **Roberta L. Gambale Esq.**

SUBJECT:           **Derrick Shelton**

NUMBER OF PAGES INCLUDING COVER SHEET:    **2**

COMMENTS:

-------------------------------------

-------------------------------------

-------------------------------------

-------------------------------------

The attached information is **CONFIDENTIAL** and is intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s). Please note that any dissemination, distributions or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

# Exhibit 5

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Fontaine-Covington |
| John A. Straus | Facsimile: (202) 742-2098 | Jani Tillery |
| ---------------------------------- | e-mail: Admin@Jeblaw.biz | -------------------------------- |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

**April 16, 2007**

**Via Facsimile Only**
Jessica Smith Esq.
Dalton, Dalton and Houston, P.C.
1008 Pendleton Street
Alexandria, VA 22314

Re:   **Derrick Shelton, DOB: 3/08/88**

Dear Ms. Smith :

  I am in receipt of your April 13, 2007 letter regarding the above referenced student. The legal authority upon which I am relying upon in my assertion that an appeal does not act as an automatic stay of Hearing Officer's Determination ("HOD") issued on April 5, 2007 is District of Columbia Cir. L.R. 8 and L.R. 18. I am concerned that failure to comply with the order will result in irreparable harm to this student.

  Because of the small setting that MAPCS could offer, as well as, the additional services built into MAPCS' program, Derrick's hours of service were significantly reduced on his IEP. Both of your witnesses testified to this at hearing. With the program in place right now for this student, he will not be able to obtain the academic support that he needs at his neighborhood school. Also there is a question of transfer of credits. This student was on track to graduate and a transfer to another program at this junction in the school year could prohibit this student from earning the remaining credits that he needs. For these reasons Derrick is opposed to registering at Cardozo. At a minimum, he would need the team to convene to revise his program and discuss the transfer of credits.

  Please feel free to contact me at (202)742-2000 (ext. 2021) to advise me how the school intends to proceed.

Sincerely,

Roberta L. Gambale Esq.

cc: Student

```
                              **********************
                          ***   TX REPORT    ***
                              **********************


            TRANSMISSION OK

            TX/RX NO               4248
            RECIPIENT ADDRESS      97037392323
            DESTINATION ID
            ST. TIME               04/16 13:24
            TIME USE               00'23
            PAGES SENT             2
            RESULT                 OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown

Domiento C.R. Hill

Roberta Gambale

Miguel A. Hull

Christopher L. West

John A. Straus

-------------------------------

Attorneys at Law

1220 L Street, NW

Suite 700

Washington, DC 20005

Telephone: (202) 742-2000

Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+

Tilman L. Gerald

Roxanne D. Neloms

Omar Karram

Christie Fontaine-Covington

Jani Tillery

-------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia


# FAX COVER SHEET

DATE:            **April 16, 2007**

TO:              Ms. Jessica Smith Esq.-  **Dalton, Dalton, & Houston, P.C.**

FAX NO.:         **(703)739-4300**

FROM:            **Roberta L. Gambale, Esq.**

SUBJECT:         **Derrick Shelton**

NUMBER OF PAGES INCLUDING COVER SHEET: 2

COMMENTS:

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
|---|---|---|
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Fontaine-Covington |
| John A. Straus | Facsimile: (202) 742-2098 | Jani Tillery |
| ----------------------------------- | e-mail: Admin@Jeblaw.biz | ------------------------------- |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:              **April 16, 2007**

TO:                Ms. Jessica Smith Esq.-  **Dalton, Dalton, & Houston, P.C.**

FAX NO.:           **(703)739-4300**

FROM:              **Roberta L. Gambale, Esq.**

SUBJECT:           **Derrick Shelton**

NUMBER OF PAGES INCLUDING COVER SHEET:  2

COMMENTS:

The attached information is **CONFIDENTIAL** and is intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s). Please note that any dissemination, distributions or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

## Roberta Gambale

| | |
|---|---|
| **From:** | Peagler, Peggy (OSE) [Peggy.Peagler@k12.dc.us] |
| **Sent:** | Wednesday, April 25, 2007 12:12 PM |
| **To:** | Michael Luseni Director of Special Ed. Services |
| **Cc:** | Roberta Gambale |
| **Subject:** | request for student information |

Good afternoon Mr. Luseni,
 Please forward to my office by the close of business on Friday, April 27, 2007 all relevant and pertinent information pertaining to Derrick Shelton. This information should include a current copy of the student's IEP, evaluations, site review forms, units the student has earned high school credits for, and MDT notes. A MDT meeting has been scheduled and confirmed by Ms. Gambale for Thursday, May 3, 2007 11am at DCPS, Office of Special Education. Your attendance is required at this meeting.
Thank you for your cooperation

# Exhibit 6

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Fontaine-Covington |
| John A. Straus | Facsimile: (202) 742-2098 | Jani Tillery |
| ----------------------------------- | e-mail: Admin@Jeblaw.biz | --------------------------------- |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

**April 26, 2007**

**<u>Via Facsimile Only</u>**
Jessica Smith Esq.
Dalton, Dalton and Houston, P.C.
1008 Pendleton Street
Alexandria, VA 22314

**Re: Derrick Shelton, DOB: 3/08/88**

Dear Ms. Smith :

  Please be advised that it is our intent to file a preliminary injunction within five (5) business days unless Maya Angelou Public Charter School takes the necessary actions to comply with the Hearing Officer's Determination ("HOD") issued for the above referenced student. This student is being irreparably harmed by the school's failure to comply with the order.

Sincerely,

Roberta L. Gambale Esq.

Cc: Paul Dalton Esq.
   Student

```
                    **********************
               ***    TX REPORT    ***
                    **********************


TRANSMISSION OK

TX/RX NO              4419
CONNECTION TEL                  97037392323
CONNECTION ID
ST. TIME             04/27 09:40
USAGE T              00'22
PGS. SENT            2
RESULT               OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
John A. Straus

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington
Jani Tillery

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE: April 27, 2007

TO:    Jessica Smith, Esq. Dalton, Dalton & Houston, P.C

PHONE NO: (703) 739-4300

FAX NO: (703) 739-2323

FROM: Yamileth Amaya, Paralegal for Roberta Gambale, Esq.

SUBJECT: Derrick Shelton
DOB: 3/8/88

NUMBER OF PAGES INCLUDING COVER SHEET: **2**

COMMENTS: Please find attached correspondence regarding preliminary injunction.

STATEMENT OF CONFIDENTIALITY:

## JAMES BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
John A. Straus
----------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington
Jani Tillery
---------------------------------
! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE:  April 27, 2007

TO:   Jessica Smith, Esq. Dalton, Dalton & Houston, P.C

PHONE NO: (703) 739-4300

FAX NO: (703) 739-2323

FROM: Yamileth Amaya, Paralegal for Roberta Gambale, Esq.

SUBJECT:  Derrick Shelton
DOB: 3/8/88

NUMBER OF PAGES INCLUDING COVER SHEET: **2**

COMMENTS:  Please find attached correspondence regarding preliminary injuction.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information.  If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# Exhibit 7

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |
| ------------------------------- | e-mail: Admin@Jeblaw.biz | ------------------------------- |
| | | ! DC Bar Special Legal Consultant |
| | | + Admitted in Bolivia |

Tuesday, May 15, 2007

**VIA FACSIMILE )202) 939-9084**
Mr. Luseni,
Special Education Coordinator
1851 9th Street, N.W.-(Shaw Campus)
Washington, DC 20001

**Re: Derrick Shelton**

Dear Mr. Luseni:

I am writing in regards to the above referenced-student, **Derrick Shelton.** I am deeply
concerned about the student's program as a result of the meeting not going forward on Thursday,
May 3, 2007. Parent and I were both present and ready to move forward but the meeting did not
take place. We made several attempts to contact your office but with no success. The parent
continues to have strong concerns about the appropriateness of Derrick's current program and
would like to convene the meeting as soon as possible to address these issues. I have proposed
the following dates for your consideration.

Thursday, May 31, 2007 at 10:00
Thursday, May 31, 2007 at 2:00
Tuesday, June 5, 2007 at 1:00

Please forward a Letter of Confirmation to signal the preferred date and time, or reply
with a Letter of Invitation proposing additional dates no later than close of business, Thursday,
May 17, 2007. I'm confident you will also forward Ms. Bobo this information as well. If you
have questions, I can be reached at (202) 742-2000 or chamilton@jeblaw.biz.

Sincerely,

Corey Hamilton
Education Advocate

## Corey Hamilton

| | |
|---|---|
| **From:** | Peagler, Peggy (OSE) [Peggy.Peagler@k12.dc.us] |
| **Sent:** | Tuesday, May 15, 2007 1:13 PM |
| **To:** | Corey Hamilton |
| **Cc:** | Michael Luseni Director of Special Ed. Services |

**Subject:** RE:

Good afternoon Mr. Hamilton,
I am available to participate/facilitate this meeting at DCPS, 825 North Capitol Street on any of the given dates.
Please confirm the date and time.
Thank you

---

**From:** Corey Hamilton [mailto:chamilton@jeblaw.biz]
**Sent:** Tuesday, May 15, 2007 1:08 PM
**To:** Peagler, Peggy (OSE)
**Subject:**

Tuesday, May 15, 2007

### VIA FACSIMILE )202) 398-2535
Mr. Luseni,
Special Education Coordinator
1851 9th Street, N.W.-(Shaw Campus)
Washington, DC 20001

### Re: Derrick Shelton

Dear Mr. Luseni:

I am writing in regards to the above referenced-student, **Derrick Shelton.** I am deeply concerned about the student's program as a result of the meeting not going forward on Thursday, May 3, 2007. Parent and I were both present and ready to move forward but the meeting did not take place. We made several attempts to contact your office but with no success. The parent continues to have strong concerns about the appropriateness of Derrick's current program and would like to convene the meeting as soon as possible to address these issues. I have proposed the following dates for your consideration.

Thursday, May 31, 2007 at 10:00
Thursday, May 31, 2007 at 2:00
Tuesday, June 5, 2007 at 1:00

     Please forward a Letter of Confirmation to signal the preferred date and time, or reply with a Letter of Invitation proposing additional dates no later than close of business, Thursday, May 17, 2007. I'm confident you will also forward Ms. Bobo this information as well. If you have questions, I can be reached at (202) 742-2000 or chamilton@jeblaw.biz.

               Sincerely,

Corey Hamilton
Education Advocate

# Exhibit 8

# Corey Hamilton

| From: | Michael Luseni Director of Special Ed. Services [mluseni@seeforever.org] |
|---|---|
| Sent: | Tuesday, May 15, 2007 2:21 PM |
| To: | Peagler, Peggy (OSE); chamilton@jeblaw.biz |
| Subject: | Meeting |

**Importance:** High

Guys, we have made our position very clear regarding this matter. Again, we are appealing the entire HOD thus my contribution to your meeting will be limited. My understanding is that DCPS arrange the last meeting. I called and emailed Dr. Peagler on the day of the meeting stating that I could participate by phone and did not get a reply.

Mr. Hamilton, I did not get a call or a message from you on the day of the meeting. At this point I am willing to discuss tutoring and tutoring only. I would like to discuss this with you ASAP. Either email or call using the # below (**Please leave a message**)
I would like to meet any time next week. Because Derrick has in the past stated he wanted us to talk to your firm, I would appreciate it since he is your client that you contact him with any confirmation.
Thanks

Michael A. Luseni M.Ed
Director of Special Education Services
Maya Angelou Public Charter Schools
1851 9th Street NW. Washington, DC 20009
Phone: 202-939-9080 Ex:303/Fax: 202-939-9084

---

**From:** Peagler, Peggy (OSE) [mailto:Peggy.Peagler@k12.dc.us]
**Sent:** Tuesday, May 15, 2007 2:13 PM
**To:** Corey Hamilton
**Cc:** Michael Luseni Director of Special Ed. Services
**Subject:** RE:

Good afternoon Mr. Hamilton,
I am available to participate/facilitate this meeting at DCPS, 825 North Capitol Street on any of the given dates.
Please confirm the date and time.
Thank you

---

**From:** Corey Hamilton [mailto:chamilton@jeblaw.biz]
**Sent:** Tuesday, May 15, 2007 1:08 PM
**To:** Peagler, Peggy (OSE)
**Subject:**

Tuesday, May 15, 2007

## VIA FACSIMILE )202) 398-2535
Mr. Luseni,
Special Education Coordinator
1851 9th Street, N.W.-(Shaw Campus)
Washington, DC 20001

## Re: Derrick Shelton

-

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**WASHINGTON, D.C.**
**CONFIRMATION OF MEETING NOTICE**

Mr.

Corey Hamilton

Brown & Associates

_Parent / Guardian Name_

_Street # _ _ Street_ _ _ Quad _ Apt. No._

_City_ _ _ State_ _ Zip Code_

Date: 5/17/07

RE: Derrick Shelton

SCHOOL: Maya Angelo PCS

ID NO.

DOB: 3/8/88

Dear Mr. Hamilton / Attorney Gamball

A multidisciplinary team (MDT) meeting is scheduled to discuss the status of your child's educational needs. Your participation is essential, and we look forward to your valuable input. Your child's meeting is scheduled as follows:

Date: May 31, 2007 Time: 10:00am Place/Location: 825 N. Capitol St. NE Washington, DC (4th Floor)

The purpose and details of the meeting are printed below. You and the school may have additional individuals attend the meeting who have knowledge or special expertise regarding your child. Invited participants are listed under MDT members. _Office of Special Education_

**\*The purpose of this meeting is to:**

☒ \*\*develop/review IEP(including consideration of extended school year (ESY) services ☒ \*discuss CompEd IT Warranted

☐ \*\*review evaluation or reevaluation information ☒ discuss placement ☐ \*consider transition services needs

☐ develop the student evaluation plan (SEP) ☐ determine manifestation ☐ discuss quarterly review

☒ discuss documented levels of service ☐ discuss eligibility ☐ behavior plan review

☐ \*\*review records to support the completion of services as follows:

☐ Graduated ☐ Completed Services ☐ Aged Out ☐ Transferred Out of District ☐ Dropped Out

☐ Other:

\*\*Placement will be discussed.

**MDT Members:** ☐ Principal or Designee ☐ General Education Teacher ☐ Psychologist

☒ Parent ☒ Special Education Teacher ☐ Other: DCPS placement Specialist

☒ LEA Representative ☐ Speech and Language

☒ Student ☐ Social Worker

Parents may bring individuals to participate in the MDT meeting. These participants should have knowledge or special expertise regarding the child. The following individuals invited by parent: Corey Hamilton, Educational Advocate

If the purpose of the meeting includes consideration of a transition plan, your child is invited to attend and a representative of the following agency(ies) may be invited, if appropriate
\*

Any questions you may have concerning your child's program will be discussed at the above meeting. A copy of the Procedural Safeguards for parents is enclosed for your information. If the school can be of assistance to you, please contact _____ at _____ (school telephone number).

Sincerely, Dr. Peggy C. Reagler

202-442-5144

District of Columbia Public Schools 07-02-2001 Division of Special Education Confirmation of Meeting Notice

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |

---------------------------------                e-mail: Admin@Jeblaw.biz                ------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

---

# FAX COVER SHEET

**DATE:**        **05/23/07**

**TO:**          **Paul Dalton, Esq., Dalton, Dalton & Houston, P.C.**

**Cc:**          **Roxanne D. Nelson, James E. Brown & Associates, PLLC**

PHONE NO:        **(703) 739-4300**

FAX NO.:         **(703) 739-2323**

FROM:            **Corey Hamilton, Special Education Advocate**

SUBJECT:         **Derrick Shelton**

NUMBER OF PAGES INCLUDING COVER SHEET: **3**

COMMENTS:        Attached you will find a copy of meeting confirmation from DCPS office of Office of Special Education.

---

The attached information is **CONFIDENTIAL** and is intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s). Please note that any dissemination, distributions or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

# Exhibit 9

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Fontaine-Covington |
| John A. Straus | Facsimile: (202) 742-2098 | Jani Tillery |
| ---------------------------------- | e-mail: Admin@Jeblaw.biz | ------------------------------- |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

**June 11, 2007**

**Via Facsimile Only**
Jessica Smith Esq.
Dalton, Dalton and Houston, P.C.
1008 Pendleton Street
Alexandria, VA 22314

**Re:  Derrick Shelton, DOB: 3/08/88**

Dear Ms. Smith

I am writing to follow up on the above referenced student. Our office has yet to receive the promised progress reports and academic records from Maya Angelou Public Charter School. It is important for us to receive this information so that we are able to appropriately address his compensatory education needs and academic programming.

Please contact me at (202)742-2000 (ext. 2021) to advise me as to when this information will be provided.

Sincerely,

Roberta L. Gambale Esq.

cc: Dr. Peagler, DCPS
    Derrick Shelton, Student

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO            1934
RECIPIENT ADDRESS   97037392323
DESTINATION ID
ST. TIME            06/11 13:44
TIME USE            00'21
PAGES SENT          2
RESULT              OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | Attorneys at Law | |
|---|---|---|
| James E. Brown | 1220 L Street, NW | Juan J. Fernandez!+ |
| Domiento C.R. Hill | Suite 700 | Tilman L. Gerald |
| Roberta Gambale | Washington, DC 20005 | Roxanne D. Neloms |
| Miguel A. Hull | Telephone: (202) 742-2000 | Christie Fontaine-Covington |
| Christopher L. West | Facsimile: (202) 742-2098 | Jani Tillery |
| John A. Straus | e-mail: Admin@Jeblaw.biz | Kimberly Glassman |
| Omar Karram | | |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE:  June 11, 2007

TO:    Jessica Smith, Esq. Dalton, Dalton & Houston, P.C

PHONE NO: (703) 739-4300

FAX NO: (703) 739-2323

FROM: Yamileth Amaya, Paralegal for Roberta Gambale, Esq.

SUBJECT:  Derrick Shelton
DOB: 3/8/88

NUMBER OF PAGES INCLUDING COVER SHEET: **2**

COMMENTS:  Please find attached the correspondence regarding the progress reports and academic reports..

## JAMES E. BROWN & ASSOCIATES, LLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Christie Fontaine-Covington |
| Christopher L. West | Telephone: (202) 742-2000 | Jani Tillery |
| John A. Straus | Facsimile: (202) 742-2098 | Kimberly Glassman |
| Omar Karram | e-mail: Admin@Jeblaw.biz | |

-----------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE: June 11, 2007

TO:    Jessica Smith, Esq. Dalton, Dalton & Houston, P.C

PHONE NO: (703) 739-4300

FAX NO: (703) 739-2323

FROM: Yamileth Amaya, Paralegal for Roberta Gambale, Esq.

SUBJECT:   Derrick Shelton
DOB: 3/8/88

NUMBER OF PAGES INCLUDING COVER SHEET: **2**

COMMENTS:  Please find attached the correspondence regarding the progress reports and academic reports..

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information.  If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# Exhibit 10

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Fontaine-Covington |
| John A. Straus | Facsimile: (202) 742-2098 | Jani Tillery |
| ---------------------------------- | e-mail: Admin@Jeblaw.biz | -------------------------------- |
| | | ! DC Bar Special Legal Consultant |
| | | + Admitted in Bolivia |

**June 14, 2007**

**Via Facsimile Only**
 Dr. Peagler, Special Education Specialist
District of Columbia Public Schools
825 North Capitol Street, NE,
Washington, DC 20002            Re:   Derrick Shelton / DOB: 3/8/88

Dear  Dr. Peagler,

        I received the progress reports from Maya Angelou Public Charter School today for
Derrick.  While we have not received the interim exams or the re-evaluations, I wanted to get
back to the team with regards to the issue of Compensatory Education for Derrick.  After
reviewing the progress reports and based upon amount of services missed and tutor
recommendations, I would propose that Derrick be awarded not less than 200 hours of
instructional services and not less than 75  hours of counseling to address social emotional and
transitional needs. It is clear from the progress reports that Derrick needs additional academic
assistance, particularly in the area of English. In addition to individualized counseling, family
counseling would be appropriate to help mend the strain on Derrick's family relationships as a
result of the stress that resulted from Derrick's lack of placement this last school year as a result
of MAPCS's failure to comply with disciplinary procedures set forth in the IDEA.   Of course,
Derrick would reserve the right to request additional compensatory relief after the results of re-
evaluations are obtained.

        If you should have any questions or  further  suggestions with regards to what can be
dome to help this student, please feel free to contact me at (202)742-2021.

                                            Sincerely,

                                            Roberta Gambale, Esq.

cc:      Derrick Shelton
         Dr. Peagler, DCPS
         Ms. Jessica Smith, Esq.

```
*********************
***  TX REPORT  ***
*********************

TRANSMISSION OK

TX/RX NO              2307
RECIPIENT ADDRESS     97037392323
DESTINATION ID
ST. TIME              06/15 13:39
TIME USE              00'23
PAGES SENT            2
RESULT               OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Omar Karram |
| Domiento C.R. Hill | 1220 L Street, NW | Juan J. Fernandez!+ |
| Roberta Gambale | Suite 700 | Tilman L. Gerald |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Jani Tillery |
| John A. Straus | Facsimile: (202) 742-2098 | Kimberly Glassman |
| ------------------------------ | e-mail: Admin@Jeblaw.biz | ------------------------------ |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE: June 14, 2007

TO:    Jessica Smith, Esq. Dalton, Dalton & Houston, P.C

PHONE NO: (703) 739-4300

FAX NO: (703) 739-2323

FROM: Yamileth Amaya, Paralegal for Roberta Gambale, Esq.

SUBJECT:  Derrick Shelton
DOB: 3/8/88

NUMBER OF PAGES INCLUDING COVER SHEET: **2**

COMMENTS:  Please find attached correspondence regarding progress reports.

**STATEMENT OF CONFIDENTIALITY:**

```
*********************
***  TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              2232
RECIPIENT ADDRESS     94425517
DESTINATION ID
ST. TIME              06/14 15:53
TIME USE              00'23
PAGES SENT            2
RESULT                OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
John A. Straus

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Omar Karram
Juan J. Fernandez!+
Tilman L. Gerald
Roxanne D. Neloms
Jani Tillery
Kimberly Glassman

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE: June 14, 2007

TO: Dr. Peggy Peagler, Office of Special Education

FROM: Yamileth Amaya, Paralegal for Roberta Gambale, Esq.

PHONE: (202) 442-4800

FAX NO: 202-442-5517

SUBJECT: Derrick Shelton., DOB: 3/8/88

NUMBER OF PAGES INCLUDING COVER SHEET: 2

COMMENTS: Please find attached correspondence regarding progress report.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the
... If you are not the intended recipient, please notify James E. Brown

**FAX COVER SHEET**

TO:  DR. PIEGLER, DCPS
    (202)442-5517

    BROWN & ASSOCIATES *Attn: Roberta Dambale*
    (202)742 – 2098

    MR. & MRS. SHELTON

FROM:  MS. NAKITA D. WEST, TUTOR FOR DERRICK SHELTON
    (202)939-9080

RE:   PROGRESS REPORT FOR DERRICK SHELTON
    DECEMBER 22, 2006 – MAY 30, 2007
    INTERIM EXAMS  - NOT ATTACHED

DEAR PARTIES,

FOLLOWING IS THE PROGRESS REPORT FOR DERRICK SHELTON.  IF IS NOT A PROBLEM,
THE INTERIM EXAMS WILL BE SENT BY COB WEDNESDAY, AS I WOULD LIKE TO GIVE
DERRICK ADDITIONAL TIME BECAUSE HIS INTERIMS ARE INCOMPLETE WHICH WOULD
RENDER AN UNSUCCESSFUL GRADE.

THANK YOU

MS. WEST

*Comments:*
*This document was faxed on 6/4/07*
*COB. Please take notice that this is*
*MAPCS second attempt.*
      *Thanks*

## PROGRESS REPORT FOR DERRICK SHELTON

| Date | Assignment | Letter Grade | Number Grade |
|---|---|---|---|
| Friday, December 22, 2006 | | | |
| Wednesday, December 27, 2006 | | | |
| Wednesday, January 3, 2007 | | | |
| Wednesday, January 10, 2007 | Absent | | |
| | Introduction Polynomial Functions | A | 100 |
| | Real Number Properties | B | 87 |
| | Solving Polynomial Equations | INCOMPLET S | 79 |
| Algebra II | Review of Quadratic Functions and Formulas | A- | 94 |
| Wednesday, January 17, 2007 | | | |
| | Factoring Polynomials | A | 100 |
| | Adding, Subtracting, Multiplying and Dividing Polynomials | B | 80 |
| Algebra II | Classifying Polynomial Functions | B | 85 |
| Wednesday, January 24, 2007 | | | |
| | End Behavior of Polynomial Functions | A | 100 |
| Algebra II | Real Life Application of Polynomial Functions | A | 90 |
| | Polynomials Quiz | B | 86 |
| Wednesday, January 31, 2007 | | | |
| Algebra II | Introduction to Exponential/Logarithmic Functions | INCOMPLET B | 70 |
| | Introduction to Kite Runner | A | 100 |
| English III | Read Chapters 1 - 3 of the Kite Runner | INCOMPLET B | 0 |
| History | Last 60 Years Document Based Question (DBQ) | INCOMPLET B | 0 |
| Wednesday, February 7, 2007 | Absent | | |
| Wednesday, February 14, 2007 | | | |
| Algebra II | Continued Notes on Exponential/Logarithmic Functions | A | 90 |
| | Complete and continue reading chapters 1 -3 of the Kite Runner | INCOMPLET B | 0 |
| English III | Complete Crossword Puzzle | INCOMPLET E | 70 |
| Scheduled but not done | The Introduction to the UN | INCOMPLET E | 0 |
| Wednesday, February 21, 2007 | | | |
| Algebra II | Mathopoly Project/Teacher for A Day Project | A | 100 |
| History | Project for Last 60 Years | B | 80 |
| English III | Double Entry Journal on Kite Runner | INCOMPLET E | 0 |
| | Continue reading Kite Runner | INCOMPLET E | 0 |
| Wednesday, February 28, 2007 | Absent | | |
| Wednesday, March 7, 2007 | Absent | | |
| Scheduled but not done | | | |
| | Read the "Perils of Indifference" connect to the UN | INCOMPLET E | 0 |
| English III | Using Primary Sources | INCOMPLET E | 0 |
| Algebra II | Modeling Exponential Growth and Decay through population | I | 75 |
| | My Constitution - Preamble - Article II | A | 100 |
| History | Reading the Declaration of Independence and the Bill of Rights | A | 100 |
| Wednesday, March 14, 2007 | | | |
| Algebra II | Task I & II of Teacher of the Day Project | A- | 90 |
| History | Completion of Last Week History Assignments | | |
| Wednesday, March 21, 2007 | | | |
| English III | Continue reading the Kite Runner and complete Plot Summaries | INCOMPLET E | 0 |
| History | Continue completing My Constitution | B | 80 |
| Wednesday, March 28, 2007 | | | |
| Algebra II, English III and History | Turn in completed assignments | | |
| Algebra II | Discussion of Lesson being taught through Teacher for A Day | I | 70 |
| Friday, March 30, 2007 | | | |
| Algebra II, English III and History | Complete any Missing Assigments | | |
| Wednesday, April 4, 2007 | | | |
| | Introduction to Rational and Radical Functions DE) | A | 100 |
| | Try to continue to read the Kite Runner | INCOMPLET E | 0 |
| | 3rd Version of My Constitution | A | 100 |
| Wednesday, April 11, 2007 | Absent | | |
| Wednesday, April 18, 2007 | West @ Hospital | | |
| Wednesday, April 25, 2007 | | | |
| | Solving Rational and Radical Equations | B | 80 |
| | Correlation of Functions; Linear, Quadratic, Polynomial, Exponential, Rational and Logarithmic | A | 100 |
| | More Kite Runner Activities | I | 0 |
| Wednesday, May 2, 2007 | | | |
| | Last 60 years Project - Completion of My Constitution, Bill of Rights, Declaration of Independence | A | 100 |

| | | | |
|---|---|---|---|
| Wednesday, May 9, 2007 | | | |
| Wednesday, May 16, 2007 | | | |
| Wednesday, May 23, 2007 | Absent | | |
| Wednesday, May 30, 2007 | | | |
| | | INCOMPLETE | |
| | English II and Algebra II Interims | | |

ALGEBRA II AVERAGE 88
HISTORY AVERAGE 80
ENGLISH III AVERAGE 14

```
*********************
***  TX REPORT  ***
*********************


TRANSMISSION OK

TX/RX NO              4954
RECIPIENT ADDRESS     99399084
DESTINATION ID
ST. TIME              09/12 17:29
TIME USE              00'35
PAGES SENT            1
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

Wednesday, September 12, 2007

**VIA FACSIMILE (202) 939-9084**
Mr. Luseni,
Special Education Coordinator
Maya Angelo Public Charter School
Washington, DC

### RE: Derrick Shelton

Dear Mr. Luseni:

I am writing in regards to the above referenced-student, **Derrick Shelton.** I am writing to address my concerns over Derrick's recent grades and transcripts. I have been in close contact with the student and his family and assured that the student has been attending all tutoring sessions to complete all assignments. However, I have recently reviewed his transcripts and am concerned that the student has received scores of incomplete and failing grades for courses taken. I am confused as to why this has occurred and would appreciate a respond from your office as soon as possible explaining why this student has only received one credit towards graduation.

It is very important that Derrick is afforded the benefits of a highly supportive academic environment for the upcoming school year; however, it has been very difficult developing the student's program when he has an incomplete transcript. Please let me know what I can do to assist you in figuring out this matter.

If you have any questions, I can be reached at (202) 742-2000 or chamilton@jeblaw.biz.

**Roxanne Neloms**

| | |
|---|---|
| **From:** | Roberta Gambale |
| **Sent:** | Tuesday, September 11, 2007 3:48 PM |
| **To:** | Jessica M. Smith, Esq. |
| **Cc:** | Roxanne Neloms |

**Subject:** Derrick Shelton:

Dear Ms. Smith:

I am writing to follow up on student, Derrick Shelton, DOB: 3/8/88.

MAPCS has not provided the bi-weekly progress reports as promised at the May 31, 2007 meeting-  We have received the 8/27/07 transcript but in looking at the transcript it doesn't appear that Derrick has received any credit for the work that he did with tutor over summer. He's discouraged because it looks like he is going to need another full year to earn the credits he needs to graduate.  He only received a passing grade in math- the one subject that the tutor taught.

Mr. Hamilton, the advocate working with student has tried to contact Mr. Luseni and Derrick's former teachers to obtain some clarity with regards to his transcripts but apparently Mr. Luseni will not accept his telephone call.

I would ask that we provided with the progress reports and clarification regarding the calculation of Derrick's final grades as soon as possible. It is important for this student. Not having this information is impeding his progress.

I may be reached by telephone at (202) 742-2000 and/or by facsimile at (202)742-2098.

We will appreciate any assistance you can provide.

Sincerely,

Roberta L. Gambale Esq
James E. Brown and Associates, PLLC

## Roberta Gambale

| | |
|---|---|
| **From:** | Peagler, Peggy (OSE) [Peggy.Peagler@k12.dc.us] |
| **Sent:** | Wednesday, April 25, 2007 12:12 PM |
| **To:** | Michael Luseni Director of Special Ed. Services |
| **Cc:** | Roberta Gambale |
| **Subject:** | request for student information |

Good afternoon Mr. Luseni,
 Please forward to my office by the close of business on Friday, April 27, 2007 all relevant and pertinent information pertaining to Derrick Shelton. This information should include a current copy of the student's IEP, evaluations, site review forms, units the student has earned high school credits for, and MDT notes. A MDT meeting has been scheduled and confirmed by Ms. Gambale for Thursday, May 3, 2007 11am at DCPS, Office of Special Education. Your attendance is required at this meeting.
Thank you for your cooperation

Derek Shelton
05/3/07
Showed up at DCPS this morning with parent and student for the meeting for Derek
Shelton, DCPS was not prepared to go forward.  Dr. Peagler was not present and Mr.
Evan Murray was not aware of the meeting,  Mr. Murray contacted the charter school and
there was no answer.

```
        *********************
    ***   TX REPORT   ***
        *********************


TRANSMISSION OK

TX/RX NO             2067
RECIPIENT ADDRESS    94425517
DESTINATION ID
ST. TIME             06/12 15:46
TIME USE             00'20
PAGES SENT           2
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West
John A. Straus
Omar Karram

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
Roxanne D. Neloms
Christie Fontaine-Covington
Jani Tillery
Kimberly Glassman

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE:   June 12, 2007

TO: Dr. Peggy Peagler, Placement Monitor, Office of Special Education

FROM: Yamileth Amaya, Paralegal for Roberta Gambale, Esq.

PHONE: (202) 442-4800

FAX NO: 202-442-5517

SUBJECT: Derrick Shelton., DOB: 3/8/88

NUMBER OF PAGES INCLUDING COVER SHEET: 2

COMMENTS: Please find attached correspondence regarding progress report and academic reports.

STATEMENT OF CONFIDENTIALITY:

HP Fax Series 900
Plain Paper Fax/Copier

Fax History Report for

(202) 742-2099
May 23 2007 9:46am

Last Fax

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| May 23 | 9:45am | Sent | 97037392323 | 1:16 | 3 | OK |

Result:
  OK - black and white fax

# D.C. PUBLIC SCHOOLS
# OFFICE OF SPECIAL EDUCATION
## MAIN NUMBER (202) 442-4800
## FAX NUMBERS (202) 442-5517, 442-5518

### FACSIMILE TRANSMITTAL SHEET

TO: Mr. Hamilton

FROM: Dr. Peggy L. Peagler

COMPANY:

DATE: 5/17/07

FAX NUMBER: 442-2098

TOTAL NO. OF PAGES INCLUDING COVER: 2 pages

PHONE NUMBER:

SENDER'S REFERENCE NUMBER:

RE:

YOUR REFERENCE NUMBER:

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Meeting Confirmation for D. Shelton

825 NORTH CAPITOL STREET N.E., SIXTH FLOOR
WASHINGTON, DC 20002

## Corey Hamilton

**From:** Peagler, Peggy (OSE) [Peggy.Peagler@k12.dc.us]
**To:** undisclosed-recipients:
**Sent:** Tuesday, May 15, 2007 12:22 PM
**Subject:** Read:

Your message

To:     Peagler, Peggy (OSE)
Cc:
Subject:
Sent:    Tue, 15 May 2007 13:07:55 -0400

was read on Tue, 15 May 2007 13:21:52 -0400

**Corey Hamilton**

**From:**        Mail Delivery System [MAILER-DAEMON@smtp3-21.dc.gov]
**Sent:**        Tuesday, May 15, 2007 11:04 AM
**To:**          chamilton@jeblaw.biz
**Subject:**     Successful Mail Delivery Report

     

details.txt (511 B)     Message
                        Headers.txt (1 KB)

```
                        This is the mail system at host smtp3-21.dc.gov.

Your message was successfully delivered to the destination(s) listed below. If the message
was delivered to mailbox you will receive no further notifications. Otherwise you may
still receive notifications of mail delivery errors from other systems.

                        The mail system

<peggy.peagler@k12.dc.us>: delivery via 127.0.0.1[127.0.0.1]:10025: 250 OK,
    sent 4649D9FF_13577_131368_1
```

# Exhibit 11

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

------------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

------------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

Wednesday, September 12, 2007

**VIA FACSIMILE (202) 939-9084**
Mr. Luseni,
Special Education Coordinator
Maya Angelo Public Charter School
Washington, DC

### RE: Derrick Shelton

Dear Mr. Luseni:

I am writing in regards to the above referenced-student, **Derrick Shelton.** I am writing to address my concerns over Derrick's recent grades and transcripts. I have been in close contact with the student and his family and assured that the student has been attending all tutoring sessions to complete all assignments. However, I have recently reviewed his transcripts and am concerned that the student has received scores of incomplete and failing grades for courses taken. I am confused as to why this has occurred and would appreciate a respond from your office as soon as possible explaining why this student has only received one credit towards graduation.

It is very important that Derrick is afforded the benefits of a highly supportive academic environment for the upcoming school year; however, it has been very difficult developing the student's program when he has an incomplete transcript. Please let me know what I can do to assist you in figuring out this matter.

If you have any questions, I can be reached at (202) 742-2000 or chamilton@jeblaw.biz.

Sincerely,

Corey Hamilton
Special Educational Advocate

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              3223
RECIPIENT ADDRESS     99399084
DESTINATION ID
ST. TIME              09/12 17:34
TIME USE             00'29
PAGES SENT            1
RESULT               OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

--------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

----------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

Wednesday, September 12, 2007

**VIA FACSIMILE (202) 939-9084**
Mr. Luseni,
Special Education Coordinator
Maya Angelo Public Charter School
Washington, DC

### RE: Derrick Shelton

Dear Mr. Luseni:

I am writing in regards to the above referenced-student, **Derrick Shelton.** I am writing to address my concerns over Derrick's recent grades and transcripts. I have been in close contact with the student and his family and assured that the student has been attending all tutoring sessions to complete all assignments. However, I have recently reviewed his transcripts and am concerned that the student has received scores of incomplete and failing grades for courses taken. I am confused as to why this has occurred and would appreciate a respond from your office as soon as possible explaining why this student has only received one credit towards graduation.

It is very important that Derrick is afforded the benefits of a highly supportive academic environment for the upcoming school year; however, it has been very difficult developing the student's program when he has an incomplete transcript. Please let me know what I can do to assist you in figuring out this matter.

If you have any questions, I can be reached at (202) 742-2000 or chamilton@jeblaw.biz.

# Exhibit 12

(In the Matter of DS  HOD: April 4, 2007)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *State Enforcement and Investigation Division*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of Derrick Shelton | ) | IMPARTIAL DUE PROCESS |
| Date of Birth: March 8, 1988 | ) | |
| ("Student") | ) | HEARING OFFICER'S DECISION |
| | ) | |
| Petitioner, | ) | Hearing Date: March 12, 2007 |
| | ) | Record Closed: March 20, 2007 |
| v. | ) | Held at: 825 North Capitol St. NE |
| | ) | Washington, DC |
| Maya Angelou Public Charter School) | | |
| (MAPCS) and | ) | |
| | ) | |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| School: Cardozo SHS | ) | |
| | ) | |
| Respondents. | ) | |

| | |
|---|---|
| Counsel for Student: | Roberta Gambale, Esq. |
| | 1220 L Street, NW #565 |
| | Washington, DC  20001 |
| | |
| Counsel for Maya Angelou PCS | Jessica M. Smith, Esq. |
| | 1008 Pendleton Street |
| | Alexandria, Virginia  22314 |
| | |
| Counsel for DCPS: | Aaron E. Price, Sr., Esq. |
| | Office of General Counsel |
| | 825 North Capitol St. NE |
| | Washington, DC  20002 |

## JURISDICATION:

A Due Process Hearing was convened on March 12, 2007, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a due process complaint submitted by counsel for the student and parent filed January 12, 2007. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

1

(In the Matter of DS   HOD: April 4, 2007)

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (DS 1-30, MAPCS 1-15) which were admitted into the record. The record was closed with the submission by the parties of post hearing briefs on March 20, 2007.

## FINDINGS OF FACT [1]:

1. The student has been determined to be eligible for special education and related services with a disability classification of learning disabled (LD). The student attends Maya Angelou Public Charter School (MAPCS). (MAPCS 3)

2. The student's most recent individualized educational program (IEP) was developed March 16, 2006, at MAPCS and prescribes the following weekly services: 90 minutes of counseling, 1 hour of special education consultation, 1 hour and 55 minutes of "advisory" services.[2] (MAPCS 3)

3. The student performed well academically during the first quarter of school year (SY) 2006-07. However, the student was suspended and/or sent home early on a number of occasions the first quarter because of his behavior. (Student's testimony, DS 23)

4. On November 17, 2006, the student was engaged in an altercation and struck another student.[3] He was suspended from MAPCS as of the date of this incident. (Student's testimony, DS 24)

5. Prior to the student's November 17, 2006, suspension he was suspended for a total of four days: two days in September 2006 for being disrespectful to a teacher and for two other incidents for one day each. (Mr. Luseni's testimony)

6. Following the November 17, 2006, suspension, the student father instructed him to return to school because he had not been provided any documentation of the suspension. The student was not allowed to attend school and his father accompanied him to school a day or two later. The father was told by the school staff that the person responsible for sending out the suspension documentation was

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

[2] Mr. Luseni, MAPCS' special education coordinator testified that he provided the student consultation services and the "advisory" services were assistance from a special education teacher in an inclusion setting within general education classes. (Mr. Luseni's testimony)

[3] Based on testimony from a number of witnesses it appears the other student was his girlfriend.

not at school but would send the documentation upon her return. The student was not allowed to return to school. (Father's testimony)

7. On November 22, 2006, MAPCS' Dean of Student Affairs, Ms. Melanie Cobb, sent a letter to the student's parents indicating the student had been suspended with the intent to expel him from the school. The letter indicated that the schools' special education coordinator would be scheduling a manifestation determination review (MDR) meeting as soon a possible. (DS 17)

8. On Monday, November 27, 2006, the student and his father came to MAPCS and met with Mr. Michael Luseni, the special education coordinator. Mr. Luseni indicated that a MDR meeting needed to be held but he could not say if the student would be expelled. (Mr. Luseni's testimony)

9. The father requested to speak with the principal and Mr. Luseni arranged for the father to come the next day, November 28, 2006, and speak with the principal, Mr. Pinkard. The father requested that the student have a lesser punishment than expulsion and that the MDR meeting be delayed. Because the father seemed distraught about the possibility of having to find another school for his son Mr. Luseni did not press the father about setting a date to convene the MDR meeting and asked the father to call him about scheduling the meeting. The father did not call to schedule the meeting, however. (Mr. Luseni's testimony)

10. Because Mr. Pinkard and Mr. Luseni indicated to the father the student would not be allowed to return to the school and should go to his neighborhood school the parent retained counsel. (Father's testimony)

11. On December 4, 2006, the student's counsel sent a letter to MAPCS. The letter requested a MDR meeting and proposed dates for the meeting. The letter also advised the school the student should continue to be provided services under IDEIA §1515(k)(1), that an IEP team should be convened to discuss a possible alternative placement and that a functional behavior assessment (FBA) should be conducted. (DS 11)

12. The student's counsel filed a due process complaint on behalf of the parent and the student against MAPCS. That complaint was later amended to include the student only because he is over the age of eighteen. (DS 3)

13. On December 12, 2006, Mr. Luseni sent the parents a letter scheduling a combined MDR and resolution meeting for December 20, 2006, one of the dates proposed by the student's counsel. However, MAPCS later issued a notification scheduling the meetings for December 19, 2006. The MDR meeting was scheduled at 10:00 am; the resolution meeting was scheduled at 2:00 pm. (DS 19, 25)

14. MAPCS convened the multidisciplinary team (MDT)/MDR meeting on December 19, 2006. The student, his parents and his educational advocate, Mr. Corey

Hamilton, attended the meeting. The MAPCS participants of the MDT included, Ms. Corey Bellamy, counselor, Ms. Nakita West, Algebra teacher, Quentin Graham, PhD., psychologist, and Mr. Luseni, the special education coordinator. (DS 22)

15. The MDT determined the student's behavior was not a manifestation of his disability. Despite the fact that the student had been previously suspended the MDT thought the assault on the student that led to the suspension was an aberration. During the meeting Mr. Hamilton expressed a desire to review the student's IEP at a later date. The MDT did not discuss a placement for the student and there was no discussion of the services the student would be provided for the time he was not attending school. The decision to expel the student was not made at the MDR meeting. (Mr. Hamilton's testimony, Dr. Graham's testimony, DS 22)

16. On December 19, 2006, following the MDR meeting Mr. Hamilton sent a letter to Mr. Luseni, disputing the notes MAPCS had prepared from the MDR meeting. Mr. Hamilton pointed out that while the student's current disability classification was LD, the student and his parents believed the IEP did not reflect his true disability and if it did the behavior would have been a manifestation of that disability. (DS 10)

17. Mr. Hamilton indicated that he hoped the defects in the IEP would be addressed at the next MDT meeting. Mr. Hamilton believed the MDT had agreed at the MDR meeting to reconvene in January 2007 to discuss the issues related the student's IEP. (Mr. Hamilton's testimony, DS 10)

18. Mr. Hamilton also indicated in the letter to Mr. Luseni the student and his parents wanted to challenge the student's expulsion in a hearing.[4] (DS 10)

19. On December 19, 2006, following to the MDR meeting MAPCS' principal sent a letter to the student indicating that he had been expelled as of December 19, 2006. The letter indicated that MAPCS would provide the student tutoring for the time he was out of school after the tenth day of suspension. The letter directed the student to register at his neighborhood school as soon as possible and that his transcript and other records would be forwarded to DCPS. The letter did not indicate how the student could appeal the suspension. (DS 20)

20. Despite the letter from the MAPCS' principal indicating the student was expelled the student and his parents were under the impression the student was still enrolled at MAPCS until the due process hearing was complete. Consequently, they took no action to register the student in any other school. (Student's testimony, Mother's testimony)

---

[4] MAPCS Parent and Student Handbook sets forth a procedure for appealing expulsion decisions. The handbook states appeals are to be filed within three business days of the expulsion and directed to the principal of the school. (MAPCS )

21. Immediately following the MDR meeting MAPCS held the resolution meeting.
    The student's counsel attended the resolution meeting. There was a brief discussion
    of interim services for the student. Ms. Luseni offered to provide the student
    tutoring services; however, there was no agreement as to the amount of tutoring.
    Counsel indicated she wanted the student readmitted. MAPCS did not agree to
    readmit the student and the meeting ended. (Mr. Luseni's testimony)

22. Following the resolution meeting Mr. Luseni telephoned the student's counsel and
    left a message offering three hours of tutoring per week. Mr. Luseni then arranged
    for a tutor to provide the student services. (Mr. Luseni's testimony)

23. Mr. Luseni thereafter telephoned Dr. Peggy Peagler the schools DCPS liaison and
    informed her of the student's expulsion. Dr. Peagler stated that because of the
    limited number of specialized instruction hours in the student's IEP the student
    could go to the neighborhood school. Mr. Luseni then went to Cardozo Senior
    High School (Cardozo) and provided Cardozo's special education coordinator the
    student's records. Dr. Peagler informed Mr. Luseni no MDT/placement meeting
    was required for the student to enroll at his neighborhood school. (MAPCS 8)

24. On January 12, 2007, the student's counsel filed the amended due process
    complaint. (DS 3)

25. On January 18, 2007, Mr. Hamilton sent another letter to MAPCS proposing dates
    to reconvene the MDT to discuss the student's IEP. (Mr. Hamilton's testimony)

26. Mr. Luseni made three attempts to call the parent's counsel and was unable to leave
    a message regarding convening the resolution meeting. (Mr. Luseni's testimony,
    MAPCS 9, 12)

27. The student believed MAPCS began providing him tutoring on January 17, 2007.
    Prior to the tutoring starting MAPCS provided the student no services following his
    suspension. The student's Math teacher Ms. Nakita West provided the tutoring.
    The student went to tutoring once per week at MAPCS on Wednesdays when most
    other students were out of the school attending internships. The student has not
    been provided any related services following his suspension.[5] (Student's testimony)

28. The school's tutor had resigned and Mr. Luseni indicated the three hours would be
    provided on retroactive basis. On December 22, 2006, Ms. West began providing

---

1.  [5] The student also testified the tutoring was inconsistent and he primarily received tutoring in Math
    and only received work in other subjects on one or two occasions. The parties submitted post hearing
    affidavits and there is a tutoring log in MAPCS' disclosures. In addition, Mr. Luseni testified that
    because the school's prior tutor had resigned tutoring was to be provided to the student retroactively.
    In review of this evidence there is disagreement as to when the tutoring began, the quantity of
    tutoring delivered, the subjects covered in the tutoring and the student's availability for tutoring.

*[handwritten:] 17, 2007 Began tutoring service*

*[handwritten:] November 17, 2006 — (5 January 8 2007) January 17, 2007*

*[handwritten:] No service  12/22/06 (Ms. West provided service*

tutoring and she maintained a log of when she provided tutoring. (Mr. Luseni's testimony)

29. On February 8, 2007, the student's counsel sent a letter to Mr. Luseni regarding the tutoring MAPCS was providing. The letter indicated that there had only been four tutoring sessions and only in Math. Counsel requested the student receive additional tutoring so that he would not fall behind in his graduation requirements. (DS 13)

30. On February 22, 2006, the student's counsel sent Mr. Luseni another letter indicating the student was not being provided the tutoring services consistently. The letter stated the student had invoked his right to "stay put" under IDEIA and should be allowed to return to MAPCS until a due process hearing was held. Counsel asked to be advised when the student would be allowed to return to school or when FAPE would be made available. (DS 14)

31. On March 2, 2007, MAPCS' counsel sent a letter to parent's counsel proposing dates for a resolution meeting on the amended complaint. A second resolution meeting was convened but the complaint was not resolved. (MAPCS 12)

**ISSUE(S): [6]**

Did DCPS deny the student FAPE by:

1. Failing to follow the disciplinary procedures under IDEA by failing to timely convene a MDR?
2. Failing to conduct a functional behavior assessment (FBA) and implement a behavior intervention plan (BIP) following the student's suspension?
3. Failing to provide the student an alternative placement and or continue to provide services following the student's suspension/expulsion?

**CONTENTIONS OF THE PARTIES: [7]**

The student's counsel asserted the following:

1. The MDR was not convened until December 19, 2006, outside the required ten day period.
2. MAPCS conducted no FBA and did not provide the student an alternative placement and/or sufficient services during his suspension.

---

[6] The alleged violation(s) and/or issue(s) raised in the complaint may or may/not directly correspond to the issue(s) outlined here. However, the issue(s) listed here were reviewed during the hearing and clarified and agreed to by the parties as the issue(s) to be adjudicated.

[7] The contentions are the arguments made by opposing counsel and do not reflect any findings or conclusions made by the Hearing Officer.

(In the Matter of DS  HOD: April 4, 2007)

3. Tutoring services were not put in place until after the student was expelled and outside the statutory period when services were to be provided.
4. There was a unilateral determination by MAPCS as to the amount of tutoring and that the student would be returned to his neighborhood school.
5. There was no placement meeting ever convened.
6. A suspension of more than ten days constitutes a change of placement and a placement meeting should have been convened.
7. Stay put protections were asserted.
8. The advocate requested a MDT meeting to review the student's IEP which was never convened.

MAPCS counsel asserted the following:

1. MAPCS sent a letter to the parents on November 22, 2006, indicating a MDR would be convened.
2. MAPCS made attempts to convene the MDR within the required ten day period.
3. The parent requested the MDR be postponed at the meetings with Mr. Luseni.
4. Nonetheless, any delay in convening the meeting does not rise to the level of a denial of FAPE.
5. A FBA is only required if the behavior is deemed to be a manifestation of the student's disability. Or if removed for more than 10 days for a violation of code of conduct. (42 CFR 300.530 (d)(1), (c) and (f)).
6. MAPCS made provisions for services to continue through tutoring for a reasonable time until another placement was secured.
7. A request for more tutoring hours was not made for two months after the tutoring began and after another placement at DCPS was offered.
8. The student was informed he should report to his neighborhood school and his records were transferred to Cardozo.
9. The student was informed of his right to appeal the expulsion but the proper appeal procedures were not followed thus his expulsion is final.
10. The student has not availed himself of the full tutoring services that were provided.
11. IDEIA provides that during the pendency of the due process proceeding the student is to remain in the current educational placement.
12. After the MDR the parties agreed the tutoring provided by MAPCS would be the alternative placement.
13. There was no requirement for a placement meeting as the student was provided an alternative placement.
14. There was no unilateral placement to Cardozo; MAPCS did not and cannot issue a notice of placement to a DCPS school.
15. Once the student's new location (Cardozo) was determined the student should have enrolled there and challenged the location if he so chose.
16. The post hearing documents submitted by student's counsel should be excluded.

## CONCLUSIONS OF LAW:

Pursuant to IDEIA Sec. 1415 (f)(3)(E)(i) a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education (FAPE).

Pursuant to IDEIA § 1415 (f)(3)(E)(ii) in matters alleging a procedural violation a hearing officer may find that a child did not receive FAPE only if the procedural inadequacies impeded the child's right to FAPE, significantly impeded the parent's opportunity to participate in the decision making process regarding provision of FAPE, or caused the child a deprivation of educational benefits.

Pursuant to 5 DCMR 3030.3 the burden of proof is the responsibility of the party seeking relief. [8] In this case the student is seeking relief and has the burden of proof that the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

1. Did DCPS deny the student FAPE by failing to follow the disciplinary procedures under IDEA by failing to timely convene a MDR? Conclusion: The student's counsel did not sustain the burden of proof.

Pursuant to 42 CFR 300.530(e) [9] MAPCS was to convene a manifestation determination within 10 school days of the student's suspension of more than ten school days. The student had been suspended a total of four school days prior to the November 17, 2006, suspension. Therefore, as of the sixth school day following the November 17, 2006, suspension a MDR meeting was to have occurred. This would have been on or before November 28, 2007. Mr. Luseni testified that he met with the student and his father on November 27, 2007, and reiterated the need to convene a MDR meeting within ten school days as was mentioned in MAPCS' November 22, 2006, letter to the student's parents.

Mr. Luseni credibly testified that the father wanted to delay the meeting and once the student retained counsel the MDR was convened on a date proposed by his counsel. Although MAPCS convened the MDR meeting nearly fifteen school days beyond the date it should have occurred, the meeting was convened on a date the parent's counsel suggested. MAPCS offered to provide the student compensation in the form of tutoring

---

[8] Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

[9] 42 CFR 300.530 (e) Manifestation determination. (1) Within 10 school days of any decision to change the placement of a child with a disability because of a violation of a code of student conduct, the LEA, the parent, and relevant members of the child's IEP Team (as determined by the parent and the LEA) must review all relevant information in the student's file, including the child's IEP, any teacher observations, and any relevant information provided by the parents to determine – (1) if the conduct in question was caused by, or had a direct and substantial relationship to, the child's disability, (ii) If the conduct in question was the direct result of the LEA's failure to implement the IEP.

for the days he was out of school beyond that time frame.  The Hearing Officer concludes that despite the fact that the MDR did not occur within the required time, under these circumstances, the delay was justified and did rise to the level of a denial of FAPE.

2. Did DCPS deny the student FAPE by failing to conduct FBA and implement a BIP? Conclusion:  The student's counsel sustained the burden of proof.

Once the MDR meeting was convened the MDT determined the student's behavior, that was the basis for the suspension, was not a manifestation of his disability.  Although Mr. Hamilton testified that at the MDR meeting he raised concerns that the student's IEP was inappropriate and later indicated in his letter that the IEP did not reflect the student's true disability classification, the student's disability classification was not challenged in the complaint and there was no evidence presented that the student's disability classification was other than LD.  In addition, there was no evidence that the MDT determination that the student's behavior was not a manifestation of the student's disability was erroneous.  Consequently, the Hearing Officer concludes that the student's behavior for which he was suspended on November 17, 2007, was not a manifestation of his disability.

Pursuant to 42 CFR 200.530(d)(i)[10] if the behavior for which the student was removed from MAPCS was determined to not be a manifestation of his disability, the student was to have received, as appropriate, a functional behavioral assessment, and behavioral intervention services and modifications, designed to address the behavior violation so that it did not recur.

There was no dispute that a FBA and BIP were not developed and or implemented.  Although there was testimony from Mr. Luseni and Dr. Graham that the MDT discussed the student's behavior and found it to be an aberration, their testimony was not sufficient evidence that a FBA and/or BIP, designed to address the student's behavior violation so that it did not recur, was inappropriate or unwarranted.

Therefore, the Hearing Officer concludes MAPCS should have conducted a FBA and BIP following the MDR meeting.  The student was suspended because of his behavior on three occasions prior to the November 17, 2006, suspension.  In addition, there was some indication the student may not haven taking full advantage of the tutoring that had been put in place following the suspension.  The number of suspensions and the student's behavior seemed to have warranted some intervention to ensure the student would not continue to engage in behavior disruptive to his education.  The fact that the FBA was not

---

[10] 42 CFR 300.530 (d) Services (1) a child with a disability who is removed from the child's current placement pursuant to paragraphs (c), or (g) of this section must (i) continue to receive educational services, as provided in 300.100(a), so as to enable the child to continue to participate in the general education curriculum, although in another setting, and to progress toward meeting the goals set out in the child's IEP; and (ii) receive, as appropriate, a functional behavioral assessment, and behavioral intervention services and modifications, that are designed to address the behavior violation so that it does not recur. (2) The services required in paragraph (d)(1)...may be provided in an interim alternative setting... (5) If the removal is a change of placement under §300.536, the child's IEP Team determines appropriate services under paragraph (d)(1) of this section.

conducted and a BIP was not implemented caused the student a deprivation of educational benefits and was a denial of FAPE.

3. Did DCPS deny the student FAPE by failing to provide the student an alternative placement and/or continue to provide services following the student's suspension/expulsion?    Conclusion:  The student's counsel sustained the burden of proof.

Pursuant to 42 CFR 300.530(b)[11] and 300.536[12] once MAPCS removed the student from school for a total of ten school days in SY 2006-07, any further removal from school constituted a change of placement. The student had been suspended a total of four school days prior to the November 17, 2006, suspension. Therefore, as of the sixth school day following the November 17, 2006, suspension the student was considered to have had a change of placement.

Pursuant to 42 CFR 300.530 (d)(i) MAPCS was to have continued to provide educational services to the student so as to enable him to participate in the general education curriculum, although in another setting and to progress toward meeting the goals set out in the student's IEP.

Pursuant 42 CFR 300.530(g)[13] MAPCS was authorized to remove the student to an interim alternative educational setting for not more than 45 school days regardless of whether the student's behavior was a manifestation of his disability.  And pursuant to 42

---

[11] 42 CFR 300.530(b)(1) - school personnel under this section may remove a child with a disability who violates a code of student conduct from his or her current placement to an appropriate interim alternative educational setting, another setting or suspension for not more than 10 consecutive school days (to the extent those alternatives are applied to children without disabilities), and for additional removals of not more than 10 consecutive school days in that same school year for separate incidents of misconduct (as long as those removals do not constitute a change of placement. (2) After a child with a disability has been removed from his or her current placement for 10 school days in the same school year, during any subsequent days of removal the public agency must provide services to the extend required under paragraph (d) of this section.

[12] 42 CFR 300.536 - Change of placement because of disciplinary removals. (a) For purposes of removals of a child with a disability from the child's current educational placement under 300.530 through 300.535, a change of placement occurs if (1) the removal is for more than 10 consecutive school days; or (2) the child has been subjected to a series of removals that constitute a pattern, - (i) because the series of removals total more than 10 school days in a school year; because the child's behavior is substantially similar to the child's behavior in previous incidents that resulted in the series of removals and (iii) because of such additional factors as the length of each removal, the total amount of time the child has been removed, and the proximity of the removals to one another.
(b)(1) The public agency decides on a case by case basis whether a pattern of removals constitutes a change of placement.

[13] 42 CFR 300.530(g) - school personnel may remove a student to an interim alternative educational setting for not more than 45 school days without regard to whether the behavior is determined to be a manifestation of the child's disability if the child …(3) has inflicted serious bodily injury upon another person while at school, on school premises or at a school function under the jurisdiction of an SEA or an LEA.

CFR 330.531 the student's IEP team was to determine the interim alternative educational setting for services under 300.530(d) and (g).

Dr. Graham credibly testified there was no discussion during the MDR meeting of what services would be provided to the student following the MDR meeting or for the time the student had already been out of school. Dr. Graham also testified there was no discussion at the MDR meeting as to a placement for the student. At the resolution meeting that followed the MDR meeting the evidence seems to indicate the full MDT, save the student's educational advocate, remained and participated in the resolution meeting. The educational advocate was replaced by the student's counsel.

Mr. Luseni testified that there was a discussion of what services would be provided the student; however, there was no agreement among the team as to the services that would be provided. There seemed to be a general agreement the student would be provided tutoring but there was no agreement as to the details of the tutoring and the amount. Beyond the discussion of tutoring there was no discussion as to the student's placement. Mr. Luseni unilaterally decided the amount of the tutoring after the resolution meeting. He stated that amount was his first offer and the student's counsel did not request any more tutoring prior to the due process complaint being filed.

Dr. Graham testified the decision to expel the student from MAPCS was not made at the MDR meeting by the MDT. The decision was apparently made by the MAPCS' principal since he signed the letter notifying the student of the expulsion. The expulsion also constituted a change of placement. Although MAPCS apparently has no authority to place a student in another school including a DCPS school, MAPCS was still obligated as an LEA to fulfill the requirement of 42 CFR 300.531 and ensure an IEP team determined the student's interim alternative placement. [14]

MAPCS' counsel asserted that the tutoring provided the student constituted the interim alternative placement. However, this assertion is not consistent with the notification to the student by the principal that he should register at his neighborhood school, and is not consistent with Mr. Luseni's testimony about his conversations with DCPS and carrying the student's records to Cardozo. The Hearing Officer concludes that the decision to provide the student tutoring was not a decision made by the student's IEP team. [15] The Hearing Officer concludes there was no interim alternative placement decided by the IEP team and that failure impeded the student's right to FAPE and caused the student a deprivation of educational benefits.

Although during the hearing there was no specific discussion of "stay put" rights, the Hearing Officer concludes that even if the tutoring was considered to be the student's

---

[14] Whether the student's removal from MAPCS was a suspension or an expulsion it remained a removal from the student's current educational setting that required a placement decision by an IEP team.

[15] Although MAPCS' counsel provided an affidavit from Ms. West in which she stated that in her view the tutoring was an appropriate interim alternative placement for the student, there was no supporting testimony that the MDT came to that conclusion.

11

interim alternative placement, pursuant to 42 CFR 300.530(g) the tutoring was to have been in place no longer than 45 school days, and the student would have returned to his regular classes at MAPCS.[16]  MAPCS has posited apparently conflicting assertions, one that the student's alternative interim placement was the MAPCS tutoring and two, that the student's placement was changed to Cardozo and no placement meeting by a MDT/IEP team was necessary.  The Hearing Officer concludes that under either assertion the student was denied FAPE.  He has not been allowed to return to MAPCS and he has not been provided a MDT/IEP meeting in which is placement could be determined.

**ORDER:**

1.  MAPCS shall within ten (10) school days of the issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to develop a FBA and BIP for the student, discuss if any additional evaluations are warranted, review and/or revise the student's IEP as appropriate, discuss and determine the student's placement, and discuss compensatory education and develop a compensatory education plan for the time student had not been provided an alternative interim placement decided by the IEP team.

2.  MAPCS shall ensure that a representative of DCPS participates in the MDT/IEP meeting.

3.  MAPCS shall either allow the student to reenroll at MAPCS or DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.

4.  Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

5.  MAPCS and DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

6.  If there is not agreement by the parties as to the compensatory education plan for the student pursuant to this Order either party may petition this Hearing Officer for an expedited hearing on this issue.

---

[16] Even if the tutoring was considered to be the interim alternative placement the evidence was not clear from the evidence as to whether the full amount of tutoring was delivered.

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

Coles B. Ruff, Esq.
**Hearing Officer**
**Date: April 4, 2007**

Issued: 04|5|07

13

**In the MATTER OF Derrick Shelton V. DCPS**

**INDEX OF EXHIBITS**

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| DS 1-30 | Parent's Disclosures | Yes |
| MAPCS 1-15 | MAPCS Disclosures | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

14

In the MATTER OF Derrick Shelton V. DCPS

RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 1/12/07 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 2/21/07 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

15

# INDEX OF NAMES

## In the MATTER OF Derrick Shelton V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Maya Angelou PCS Special Education Coordinator | Mr. Michael Luseni |
| Maya Angelou PCS Psychologist | Quentin Graham, Ph.D. |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vs. child's name) | Mr. Derrick Shelton |
| Child's Parent(s) (specific relationship) | Ms. Rachelle Bobo (Mother) |
| Child/Parent's Representative | Roberta Gambale, Esq. |
| DCPS Representative | Aaron E. Price, Sr., Esq. |
| Parent's Educational Advocate | Mr. Corey Hamilton |
| Maya Angelou PCS Representative | Jessica M. Smith, Esq. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

16

# Exhibit 13

## Roxanne Neloms

| | |
|---|---|
| **From:** | Roberta Gambale |
| **Sent:** | Tuesday, September 11, 2007 3:15 PM |
| **To:** | Roxanne Neloms |
| **Subject:** | RE: Derrick Shelton |

Yes. Corey's also tried to call Maya Angelou regarding the transcripts. I feel a little uncomfortable with contacting the school directly as they have attorney- who made an issue of this. How about if I have Corey send letter to MAPCS and I will send one to Jessica.

RG

**From:** Roxanne Neloms
**Sent:** Tuesday, September 11, 2007 2:44 PM
**To:** Roberta Gambale
**Subject:** RE: Derrick Shelton

Thank you very much. If you would not mind, could you send over a letter to Maya Angelou with this information. My motion for summary judgment is due on 10/01.

**From:** Roberta Gambale
**Sent:** Tuesday, September 11, 2007 2:31 PM
**To:** Roxanne Neloms
**Subject:** Derrick Shelton

I met with Derrick yesterday and wanted to update you regarding status. We never did receive progress reports from his tutor. We have received a transcript but in looking at the transcript it doesn't appear that Derrick has received any credit for the work that he did with tutor over summer. He's discouraged because it looks like he is going to need another full year to earn credits to graduate.

In addition, Derrick was served with papers- I think for the appeal and I have asked him and mom to get us a copy asap.

DCPS did develop an IEP for him on 8/15/07 and has increased his IEP hours from 5 to 15 but the only placement they are offering is Cardozo – neighborhood school. So far – though he is registered they haven't even given him a schedule.

I am planning on filing a new complaint. Wanted to touch base with you first.


Roberta


10/30/2007