UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DERRICK SHELTON,** | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL ACTION NO. 07-933 (CKK) |
| | : |
| **MAYA ANGELOU PUBLIC** | : |
| **CHARTER SCHOOL** | : |
| | : |
| | : |
| Defendant. | : |
| _____ | : |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Defendant, by and through undersigned counsel, and requests that this honorable Court grant a summary judgment pursuant to Federal Rule of Civil Procedure 56 (c), finding that Hearing Officer Coles B. Ruff erred in his findings against MAPCS and reverse the April 5, 2007, Hearing Officer's Decision, finding no denial of a free, appropriate, public education by MAPCS. In support of its Motion and pursuant to Local Rules 7(a), (c), and (h), the Defendant submits its Memorandum of Points and Authorities in Support of its Motion for Summary Judgement, a Statement of Material Facts as to which there is no Genuine Issue, and a proposed Order.

Respectfully submitted,
_____/s/_____
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DERRICK SHELTON,** | : |
| | : |
|     **Plaintiff** | : |
| | : |
|     v. | :CIVIL ACTION NO. 07-933 (CKK) |
| | : |
| **MAYA ANGELOU PUBLIC** | : |
| **CHARTER SCHOOL** | : |
| | : |
| | : |
|     **Defendant.** | : |
| _____ | : |

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Defendant, by and through undersigned counsel, and requests that this honorable Court grant a summary judgment pursuant to Federal Rule of Civil Procedure 56 ( c) finding that Hearing Officer Coles B. Ruff erred in his findings against MAPCS and reverse the April 5, 2007, Hearing Officer's Decision, finding no denial of a free, appropriate, public education by MAPCS.

However, prior to outlining the factual background and errors committed below, Defendant requests this Court consider the third affirmative defense of its Answer filed June 15, 2007, with the Court. In that defense, Defendant stated:

"The Complaint is now moot in light of the Court's Order on June 12, 2007. This Court has already denied the Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (TRO/PI'). The Motion for TRO/PI requested the same relief as the Complaint, which is essentially compliance with the HOD. Since the Complaint's prayer for relief requests an injunction, and this Court has already denied the injunction, this Complaint should be dismissed as moot."

2

## FACTUAL BACKGROUND

The Plaintiff was attending MAPCS during the 2006-2007 school year. A.R. 3. The Plaintiff has a learning disability, and his Individualized Education Plan ("IEP") called for a total of 4.5 hours of specialized instruction and counseling per week. A.R. 3. The Plaintiff was a relatively model student, and with intensive work with MAPCS, was on the honor roll. A.R. 101.

On or around November 17, 2006, after a break-up with his girlfriend who also attended MAPCS, the Plaintiff assaulted his ex-girlfriend in the hallway at MAPCS. A.R. 3. The Plaintiff was seen shoving the ex-girlfriend, choking her, and hitting her with an open hand. A.R.23. Due to the violent nature of this incident, the Plaintiff was immediately disciplined and removed from MAPCS. A.R. 23.

MAPCS sent a letter to the Plaintiff on November 22, 2006 indicating the need to convene a manifestation determination review ("MDR"). A.R. 4. Following the incident, the Plaintiff's father went to MAPCS on more than one occasion to meet with Mr. Michael Luseni, the Director of Special Education, and Mr. Gene Pinkard, the Principal, at which time they all discussed the need to convene an MDR within10 days. A.R. 4. The Plaintiff and his father met with Mr. Luseni on November 27, 2006 and again on November 28, 2006. At both meetings, Mr. Luseni informed the Plaintiff of the need to convene the MDR within 10 days. The Plaintiff and his father asked for the MDR to be postponed until they could locate a new placement. A.R. 4.

On December 12, 2006, having not yet heard back from the Plaintiff nor his father, MAPCS sent a letter for invitation for the MDR. A.R. 4. With the MDR still pending, MAPCS informed the Plaintiff and his parents that after the Plaintiff's suspension exceeded 10 days,

MAPCS would provide a tutor for the Plaintiff so that he could continue to access the general education curriculum pending the MDR. A.R. 114.

MAPCS convened the MDR on December 19, 2006. A.R. 4. The Plaintiff, his parents, and his educational advocate, Mr. Corey Hamilton, were in attendance at the MDR meeting. The Plaintiff discussed with the MDR team the incident leading to his removal from the school. The Plaintiff did not deny assaulting his ex-girlfriend. A.R. 107-111. The MDR team found that the assault was the result of a personal issue and was not a manifestation of the Plaintiff's learning disability. A.R. 108. The Plaintiff's advocate, Mr. Hamilton, was in agreement with the decision of the MDR team at the meeting. A.R. 108.

Since the assault was not a manifestation of the Plaintiff's learning disability, MAPCS was permitted under the IDEA to discipline the Plaintiff the same as a general education student. A.R. 107-108. The team at MAPCS agreed that since the incident was isolated and of a personal nature, a functional behavior assessment ("FBA") and behavior intervention plan ("BIP") were not appropriate or warranted for the student. A.R. 107-108. According to MAPCS's Parent and Student Handbook, conduct which constitutes danger to another student's physical health or an assault on another student is an expellable offense. Thus, the recommendation of the MDR team was expulsion. A.R. 107-108. The recommendations for expulsion were submitted to the Principal for a final determination. A.R. 107-108. The Principal agreed with the MDR recommendation and expelled the Plaintiff. A.R. 108-109.

The Plaintiff and his parents were informed of their right to appeal the disciplinary decision to the appropriate entity. A.R. 79. MAPCS submitted the Plaintiff's documentation for placement referral to the District of Columbia Public Schools ("DCPS"), which is the State

Educational Agency ("SEA"), on December 21, 2006. A.R. 79.

Prior to MAPCS convening the MDR, the Plaintifft filed for an administrative due process hearing on or around December 12, 2006.[1] MAPCS convened a resolution meeting following the MDR on December 19, 2006. A.R. 4. The Plaintiff's attorney, Ms. Roberta Gambale, Esq., attended the resolution meeting. A.R. 110. At the resolution meeting, MAPCS offered to provide the Plaintiff with three hours of tutoring per week for a reasonable period of time until a new placement was determined by DCPS. A.R. 111.

MAPCS's IEP team determined that 3 hours of individualized one-on-one tutoring per week was appropriate since the Plaintiff's IEP called for a total of 4.5 hours of specialized instruction and counseling in a classroom setting. A.R. 110-113. The DCPS Placement Specialist assigned to MAPCS, Dr. Peggy Peagler, indicated that the Plaintiff's neighborhood school could implement his IEP of 4.5 hours of specialized instruction and counseling, and thus he should attend his neighborhood school, Cardozo Senior High School. A.R. 112-113.

MAPCS informed the Plaintiff that he should enroll in his neighborhood school, in order to avoid any gaps in educational services. A.R. 112-113. MAPCS then delivered the Plaintiff's educational record to Cardozo SHS. A.R. 112-113.

The due process hearing convened on March 12, 2007. A.R. 2. During the time period

---

[1] The December 12, 2006 complaint was dismissed by the Chief Hearing Officer for insufficiencies on December 22, 2006. However, the Chief Hearing Officer permitted the Plaintiff to amend the complaint and restart all administrative time lines. The Plaintiff refiled the due process complaint on January 12, 2007. A.R. 129.

between the Plaintiff's expulsion and the hearing, MAPCS continued to offer 3 hours of tutoring per week to the Plaintiff. The Plaintiff sporadically attended the tutoring sessions, but ultimately stopped attending the tutoring sessions on or around February 21, 2007.

Hearing Officer Coles B. Ruff issued his Decision ("HOD") on April 5, 2007. A.R. 14. The Hearing Officer found that

    i.    While MAPCS did not convene the MDR within the required 10 days, the delay was the result of the Plaintiff's request and thus did not constitute a denial of a free appropriate public education ("FAPE").

    ii.    MAPCS denied the Plaintiff a FAPE by failing to conduct an FBA and BIP following the expulsion.

    iii.    MAPCS denied the Plaintiff a FAPE by failing to continue to provide services to the Plaintiff following the expulsion. A.R. 9-13.

The Hearing Officer ordered MAPCS to, *inter alia,* convene an IEP meeting within 10 days to develop a FBA / BIP, discuss if further evaluations were needed, revise the IEP as appropriate, discuss and determine placement, discuss and determine compensatory education, and develop a compensatory education plan for the time that MAPCS did not provide interim services. A.R. 13. The Hearing Officer then ordered MAPCS to reenroll the Plaintiff, unless DCPS issued a prior notice of placement after the IEP meeting. A.R. 13.

### ARGUMENT

**The Court Should Dismiss this Matter As Moot.**

In light of the Court's Order on June 12, 2007, the Court has already denied the Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (TRO/PI"). The Motion for

TRO/PI requested the same relief as the Complaint, which is essentially compliance with the HOD.  Since the Complaint's prayer for relief requests an injunction, and this Court has already denied the injunction, this Complaint should be dismissed as moot.

**The Court should Grant Summary Judgment and Reverse the HOD, because the Hearing Officer Erred in finding  that MAPCS denied the Defendant a FAPE by failing to conduct an FBA and BIP following the expulsion**.

The party seeking summary judgment has the initial responsibility of demonstrating the absence of a genuine dispute of material facts through the pleadings, depositions, answers to interrogatories, admissions on file, and in this case the administrative record. *Celortex Corp v.Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56.  The nonmoving party must then "go beyond the pleadings and by [its] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See Celortex* at 324.  In the instant case, the facts are clear when reviewing the administrative record.

The issues in this case are legal in nature because the underlying factual issues are undisputed. The evidence regarding the issues is clear and the facts surrounding them are undisputed in the record which makes this case appropriate for a summary judgment.

A.   **The Hearing Officer Erred in finding  that MAPCS denied the Defendant a FAPE by failing to conduct an FBA and BIP following the expulsion.**

The Hearing Officer found that "there was no evidence that the MDT determination that the student's behavior was not a manifestation of the student's disability was erroneous. Consequently, the Hearing Officer concludes that the student behavior for which he was

suspended on November 17, 2007, was not a manifestation of his disability." *See* HOD at 9. Since the Hearing Officer found that the decision of the MDR was correct, he erred in finding that MAPCS should have conducted an FBA / BIP. Pursuant to IDEA, a student who is removed from his current placement for more than 10 days due a violation of the school's code of conduct must "receive, *as appropriate*, a functional behavior assessment. . . ." 20 U.S.C. § 1415(k)(1)(D)(ii); 30 C.F.R. § 300.530(d)(1)(ii) (emphasis added). The MDR determined that an FBA / BIP was **not** appropriate for the Plaintiff. Since the Hearing Officer already found that the decision of the MDR was correct, he erred in finding that MAPCS should have conducted an FBA / BIP.

B.     **The Hearing Officer erred in finding that MAPCS denied the Defendant a FAPE by failing to continue to provide services to the Defendant following the expulsion and to request the student be readmitted.**

The Hearing Officer found that the decision of the MDR was correct and appropriate. Therefore, MAPCS was permitted to discipline the student as a general education student without violating IDEA. Since MAPCS properly expelled the Plaintiff, MAPCS was not under an obligation to continue to provide services to him. MAPCS, however, did provide services in the form of individualized tutoring for 3 hours per week. The Plaintiff failed to avail himself of these services, and MAPCS cannot be held responsible for the Plaintiff not availing himself of these services. Thus, the Hearing Officer erred in finding that MAPCS failed to provide services after the expulsion thus denying the Plaintiff FAPE.

## CONCLUSION

Based on the arguments above the Defendant requests that this Court issue a Summary Judgment for the Defendant and against the Plaintiff and reverse the April 5, 2007, Hearing

8

Officer's Decision.

Respectfully submitted,

/s/

Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 17th day of December, 2007.

/s/
Paul S. Dalton, Esq.
Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DERRICK SHELTON,** | : |
| | : |
|     **Plaintiff** | : |
| | : |
|     v. | :CIVIL ACTION NO. 07-933 (CKK) |
| | : |
| **MAYA ANGELOU PUBLIC** | : |
| **CHARTER SCHOOL** | : |
| | : |
| | : |
|     **Defendant.** | : |
| _____ | : |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Fed .R. Civ. P. Rule 56 and LCvR 7 (h), the Defendant hereby submits the following Statement of Material Facts to which there is no genuine issue:

1. The Plaintiff was attending MAPCS during the 2006-2007 school year. A.R. 3.

2. The Plaintiff has a learning disability, and his Individualized Education Plan ("IEP") called for a total of 4.5 hours of specialized instruction and counseling per week. A.R. 3.

3. The Plaintiff was a relatively model student, and with intensive work with MAPCS, was on the honor roll. A.R. 101.

4. On or around November 17, 2006, after a break-up with his girlfriend who also attended MAPCS, the Plaintiff assaulted his ex-girlfriend in the hallway at MAPCS. A.R. 3.

5. The Plaintiff was seen shoving the ex-girlfriend, choking her, and hitting her with an open hand. A.R.23. Due to the violent nature of this incident, the Plaintiff was immediately disciplined and removed from MAPCS. A.R. 23.

6. MAPCS sent a letter to the Plaintiff on November 22, 2006 indicating the need to

convene a manifestation determination review ("MDR"). A.R. 4.

7. Following the incident, the Plaintiff's father went to MAPCS on more than one occasion to meet with Mr. Michael Luseni, the Director of Special Education, and Mr. Gene Pinkard, the Principal, at which time they all discussed the need to convene an MDR within 10 days. A.R. 4.

8. The Plaintiff and his father met with Mr. Luseni on November 27, 2006 and again on November 28, 2006. At both meetings, Mr. Luseni informed the Plaintiff of the need to convene the MDR within 10 days. The Plaintiff and his father asked for the MDR to be postponed until they could locate a new placement. A.R. 4.

9. On December 12, 2006, having not yet heard back from the Plaintiff nor his father, MAPCS sent a letter for invitation for the MDR. A.R. 4.

10. With the MDR still pending, MAPCS informed the Plaintiff and his parents that after the Plaintiff's suspension exceeded 10 days, MAPCS would provide a tutor for the Plaintiff so that he could continue to access the general education curriculum pending the MDR. A.R. 114.

11. MAPCS convened the MDR on December 19, 2006. A.R. 4. The Plaintiff, his parents, and his educational advocate, Mr. Corey Hamilton, were in attendance at the MDR meeting. The Plaintiff discussed with the MDR team the incident leading to his removal from the school. The Plaintiff did not deny assaulting his ex-girlfriend. A.R. 107-111.

12. The MDR team found that the assault was the result of a personal issue and was not a manifestation of the Plaintiff's learning disability. A.R. 108.

13. The Plaintiff's advocate, Mr. Hamilton, was in agreement with the decision of the MDR

team at the meeting. A.R. 108.

14. Since the assault was not a manifestation of the Plaintiff's learning disability, MAPCS was permitted under the IDEA to discipline the Plaintiff the same as a general education student. A.R. 107-108.

15. The team at MAPCS agreed that since the incident was isolated and of a personal nature, a functional behavior assessment ("FBA") and behavior intervention plan ("BIP") were not appropriate or warranted for the student. A.R. 107-108.

16. According to MAPCS's Parent and Student Handbook, conduct which constitutes danger to another student's physical health or an assault on another student is an expellable offense. Thus, the recommendation of the MDR team was expulsion. A.R. 107-108.

17. The recommendations for expulsion were submitted to the Principal for a final determination. A.R. 107-108. The Principal agreed with the MDR recommendation and expelled the Defendant. A.R. 108-109.

18. The Plaintiff and his parents were informed of their right to appeal the disciplinary decision to the appropriate entity. A.R. 79. MAPCS submitted the Plaintiff's documentation for placement referral to the District of Columbia Public Schools ("DCPS"), which is the State Educational Agency ("SEA"), on December 21, 2006. A.R. 79.

19. Prior to MAPCS convening the MDR, the Defendant filed for an administrative due process hearing on or around December 12, 2006.[1]

---

[1] The December 12, 2006 complaint was dismissed by the Chief Hearing Officer for insufficiencies on December 22, 2006. However, the Chief Hearing Officer permitted the Plaintiff to amend the complaint and restart all administrative time lines. The Plaintiff refiled the due process complaint on January 12, 2007. A.R. 129.

20. MAPCS convened a resolution meeting following the MDR on December 19, 2006. A.R. 4.

21. The Plaintiff's attorney, Ms. Roberta Gambale, Esq., attended the resolution meeting. A.R. 110.

22. At the resolution meeting, MAPCS offered to provide the Plaintiff with three hours of tutoring per week for a reasonable period of time until a new placement was determined by DCPS. A.R. 111.

23. MAPCS's IEP team determined that 3 hours of individualized one-on-one tutoring per week was appropriate since the Defendant's IEP called for a total of 4.5 hours of specialized instruction and counseling in a classroom setting. A.R. 110-113.

24. The DCPS Placement Specialist assigned to MAPCS, Dr. Peggy Peagler, indicated that the Plaintiff's neighborhood school could implement his IEP of 4.5 hours of specialized instruction and counseling, and thus he should attend his neighborhood school, Cardozo Senior High School. A.R. 112-113.

25. MAPCS informed the Plaintiff that he should enroll in his neighborhood school, in order to avoid any gaps in educational services. A.R. 112-113. MAPCS then delivered the Plaintiff's educational record to Cardozo SHS. A.R. 112-113.

26. The due process hearing convened on March 12, 2007. A.R. 2.

27. During the time period between the Plaintiff's expulsion and the hearing, MAPCS continued to offer 3 hours of tutoring per week to the Plaintiff. The Plaintiff sporadically attended the tutoring sessions, but ultimately stopped attending the tutoring sessions on or around February 21, 2007.

28. Hearing Officer Coles B. Ruff issued his Decision ("HOD") on April 5, 2007. A.R. 14. The Hearing Officer found that

   i. While MAPCS did not convene the MDR within the required 10 days, the delay was the result of the Plaintiff's request and thus did not constitute a denial of a free appropriate public education ("FAPE").

   ii. MAPCS denied the Plaintiff a FAPE by failing to conduct an FBA and BIP following the expulsion.

   iii. MAPCS denied the Plaintiff a FAPE by failing to continue to provide services to the Plaintiff following the expulsion. A.R. 9-13.

29. The Hearing Officer ordered MAPCS to, *inter alia,* convene an IEP meeting within 10 days to develop a FBA / BIP, discuss if further evaluations were needed, revise the IEP as appropriate, discuss and determine placement, discuss and determine compensatory education, and develop a compensatory education plan for the time that MAPCS did not provide interim services. A.R. 13. The Hearing Officer then ordered MAPCS to reenroll the Plaintiff, unless DCPS issued a prior notice of placement after the IEP meeting. A.R. 13.

Date: December 17, 2007                                Respectfully submitted,

                                                       _____/s/_____
                                                       Paul S. Dalton, Esq
                                                       D.C. Bar No. 439118
                                                       Dalton & Dalton, P.C.
                                                       1008 Pendleton Street
                                                       Alexandria, Virginia 22314
                                                       (703) 739-4300 (ph)
                                                       (703) 739-2323 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DERRICK SHELTON,** | : |
| | : |
| Plaintiff | : |
| | : |
| v. | :CIVIL ACTION NO. 07-933 (CKK) |
| | : |
| **MAYA ANGELOU PUBLIC** | : |
| **CHARTER SCHOOL** | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Upon consideration of the Defendant's Motion for Summary Judgment, and any opposition thereto, it is hereby

ORDERED: that Defendant's Motion for Summary Judgment is GRANTED;

FURTHER ORDERED: The April 5, 2007, Hearing Officer's Determination is reversed.

_____  _____
Date                                    Colleen Kollar-Kotelly
                                        United States District Judge