IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DERRICK SHELTON,** )<br>Plaintiff ) <br> ) <br> ) <br> v.   ) <br>   ) <br>**MAYA ANGELOU PUBLIC CHARTER** ) <br>**SCHOOL** ) <br>   ) <br>Defendant.   ) <br>_____ ) | Civil Action No. 07-cv-933(CKK) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**COMES NOW**, the Plaintiff, by and through counsels, Roxanne D. Neloms and Domiento C.R. Hill and James E. Brown & Associates, PLLC and pursuant to Local Rule 7.1 and Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for entry of summary judgment against the Defendant for the reasons that are more specifically set forth in the attached Memorandum of Points and Authorities filed contemporaneously herewith and incorporated herein by reference as though set forth in its entirety.

Respectfully submitted,

/s/
Roxanne D. Neloms [478157]
Domiento C.R. Hill [ MD14793]
Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
Counsels for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DERRICK SHELTON,** ) | |
| **Plaintiff** ) | |
| ) | |
| ) | |
| v. ) | Civil Action No. 07-cv-933(CKK) |
| ) | |
| **MAYA ANGELOU PUBLIC CHARTER** ) | |
| **SCHOOL** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiffs, by and through their attorneys Roxanne D. Neloms, Domiento C.R. Hill, and James E. Brown & Associates, PLLC, and in their Memorandum of Points and Authorities Submitted in Support of Their Opposition to the Defendant's Motion for Summary Judgment, represents unto this Honorable Court as follows

**I. RELEVANT BACKGROUND**

The April 4, 2007 Hearing Officer's Decision found that the parent sustained her burden in two of the three issues presented in the January and December 2006 Administrative Due Process complaints. *See AR at 2-12.* More specifically, the hearing officer noted that MAPCS failed to conduct a functional behavior assessment (FBA) and behavioral implementation plan (BIP) following the manifestation determination review meeting and failed to determine an interim alternative placement in violation of the Individuals with Disabilities Education Act

2

(IDEIA) and/or continue to provide services following Derrick's suspension and expulsion. *See Ar at 2-12.*

Derrick has been identified as learning disabled and attended Maya Angelu Public Charter School (MAPCS) during the 2006 2007 school year. *See Ar at 64-72.* On November 16, 2006 Derrick struck a fellow student and was immediately suspended. *See Tr at 1-97.* The following day Derrick returned to school upon his father's instruction as his suspension was not supported by documentation and MAPCS did not allow Derrick to re-enter school. *See Tr at 73-90.* Subsequently MAPCS forwarded a letter documenting Derrick's suspension and impending expulsion. *Id.*

Soon after Mr. Shelton, Derrick's father, appeared at MAPCS and spoke with the special education coordinator, Mr. Luseni, who indicated that an MDR meeting had to be scheduled. *See Tr at 73-90.* Derrick and his father returned to MAPCS the following day and spoke with the principal and at that meeting Mr. Shelton pleaded that a lesser punishment be administered and requested the delay of the manifestation determination review meeting. *Id.* Mr. Shelton and Derrick sought the assistance of counsel once the principal and the special education coordinator informed them Derrick had to attend his neighborhood school. *Id.* In a December 4, 2006 letter, Derrick's counsel proposed several dates for a MDR meeting and further advised that Derrick should continue to receive his services in connection with the "stay put" provision of the IDEIA. *See Ar at 191.* She also requested that a meeting be scheduled to discuss possible alternative placements and the development of a functional behavioral assessment. *Id* An administrative due process hearing was filed on Derrick's behalf and in response, Mr. Luiseni forwarded a letter scheduling the MDR and resolution meeting on the same day. *See Ar at 129 & 157.* *see Ar at 74;79;104.* The MDT meeting resulted in a finding that Derrick's behavior was not a

3

manifestation of his disability a fact of which was disputed by the educational advocate in a letter. *Id.* The MDT failed to discuss alterative interim placements, nor did it discuss the implementation of services, and while the MDT failed to discuss expulsion, Derrick was expelled. *Id.* Again Derrick was advised that he should attend his neighborhood school even though a hearing request had been filed and in the interim Derrick's parent believed that Derrick was allowed to remain at MAPCS. *See Tr at 56-68;73-90.* At the resolution meeting Mr. Luseni offered three hours of tutoring for Derrick and thereafter contacted Dr. Peggy Peagler, DCPS placement specialist, upon which he informed her of Derrick's expulsion and she informed him that a MDT meeting was required to enroll him at his neighborhood school. *See Tr 1-97.*

Corey Hamilton, the educational advocate, confirmed an MDT meeting on Derrick's behalf for April 13, 2007 at 10:00 am. *See Exhibit 1.* Despite MAPCS' initial willingness to participate in the MDT meeting, Mr. Luseni canceled the meeting stating that its counsel would be appealing the April 2007 HOD. *See Exhibit 2.* Derrick's counsel informed MAPCS counsel of the cancellation and specifically noted in her letter that the filing of an appeal does not act as an automatic stay of an administrative order and in reliance of her position cited the District of Columbia Circuit Local Rules 8 and 18. *See Exhibit 2&5.* She further noted the irreparable harm Derrick would endure if MAPCS refused to comply. *Id.* MAPCS counsel replied that it wold not comply with the April 2007 HOD and advised that Derrick enroll at his neighborhood, Cardoza Senior Highschool. *See Exhibit 3.* Since MAPCS refused to allow Derrick's re-entry into the school, Derrick's counsel sought the assistance of DCPS, the State Educational Agency. *See Exhibit 4.* By April 26, 2007 MAPCS had not held the ordered MDT meeting on Derricks

4

behalf and it wholeheartedly stood fast on its position of noncompliance, so on May 21, 2007, counsel filed a preliminary injunction. *See Complaint filed May 21, 2007.*

In the meantime, the educational advocate contacted DCPS' placement specialist Dr. Peggy Peagler and requested that DCPS provide assistance by scheduling a meeting. *See Exhibit 7&8.* However, via email, Mr. Luseni reiterated that MAPCS would not comply because of its intent to appeal the April 2007 HOD. *See Exhibit 8*.

MAPCS counsel filed its complaint on May 22, 2007 and on the same day both parties participated in a teleconference, whereby counsel for Derrick noted that because MAPCS refused to comply with the April 2007 HOD, Derrick would not be able to graduate. Despite the abundance of correspondence noting MAPCS' refusal to comply, MAPCS counsel represented on the record that it had never refused to comply and stated it would participated in the meeting scheduled for Derrick. DCPS and the educational advocate confirmed May 31, 2007 as the next meeting date and per the courts' order, both parties submitted proposed stipulations and MAPCS counsel, via voicemail, informed that MAPCS could not comply with the proposed stipulations. *See Status Report filed June 4, 2007.* At the May 31, 2007 meeting, MAPCS continued its refusal of compliance with the April 2007 HOD and as a result, DCPS agreed to complete the bulk of what had been ordered so that Derrick could get back on track and possibly graduate. *Id.*

In its papers, the Defendant argues that the matter presently before the Court should be denied as moot, because the Court denied the Plaintiff's Motion for a Preliminary Injunction. In addition, the Defendant maintains that the April 2007 HOD, as a matter of law, was determined incorrectly. For the reasons that follow, the Court should grant the Plaintiff's motion and deny the Defendant's motion for summary judgment.

5

## II. STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the moving party is entitled to judgment as a matter of law and no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, summary judgment may still be granted if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson*, 477 U.S. at 249-50.

Once the movant files a proper summary judgment motion, the burden shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 250. For a non-moving party to establish that a genuine issue for trial exists, it must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co.* 475 U.S. at 586.

As there are no genuine issues of material fact, this Court should grant the Plaintiff's motion for summary judgment.

### III. ARGUMENT

### A. PARENT'S COMPLAINT IS NOT MOOT.

The Defendant argues that the matter presently before the Court should be dismissed as the moot because the June 12, 2007 Order denied the Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction because the relief sought in the motion and complaint were essentially the same.  As relief in the complaint, the Plaintiff sought an injunction prohibiting the Defendants from refusing Derrick entrance into MAPCS, a declaratory judgment that Defendant was in violation of the April 2007 HOD, and an award of reasonable attorney fees and costs regarding this action.  A matter is considered moot when that matter no longer presents a justiciable controversy because the issues involved are no longer live and ripe*.  See Black's Dictionary.*

The issues presented before the Court remain justiciable because at the very core of the Plaintiff's complaint is the Defendant's blatant refusal to comply with the April 2007 HOD. MAPCS staff consistently informed Plaintiff's counsel that because they were seeking an appeal, it would not comply with the order.  MAPCS believed that the hearing officer incorrectly decided the matters and therefore sought appeal of said HOD(the appeal was later dismissed for failure to effectuate service).  Even though Plaintiff's counsel informed MAPCS that filing an appeal would not stay its obligation to comply under the law, MAPCS refused to comply.  This refusal indefinitely postponed the Derrick's ability to graduate.  More importantly, the April 2007 HOD decision was determined correctly as a matter of law.  As much as MAPCS desired not to complete the FBA and BIP on Derrick, it had no choice.  The law is quite clear with regards to the completion of an FBA and BIP, even where the child's behavior was found not to be a manifestation of their disability.  The Court's refusal to grant the preliminary injunction

7

only meant that the Court did not believe that harm placed on Derrick was not irreparable. Derrick should not be penalized for MAPCS' failure to comply with the law. The Court must find that matters presented in the May 21, 2007 Complaint are not moot.

### B. THE HEARING OFFICER'S DETERMINATION IS CORRECT AS A MATTER OF LAW AND CAN NOT BE REVERSED.

The Defendant argues that this Court should reverse the April 2007 HOD because the Hearing Officer erred in finding that MAPCS denied the Plaintiff access to free and appropriate education. The Defendant believed that as a matter of law, that among other things, it was not required to complete a functional behavior assessment and a behavioral intervention plan.

The April 2007 HOD ordered MAPCS to:

> 1. MAPCS shall *within ten (10) school days* of the issuance of this Order, convene a multi-discplinary team/individualized educational program (MDT/IEP) meeting to *develop a FBA and BIP for the student, discuss if any additional evaluations are warranted, review and/or revise the student's IEP as appropriate, discuss and determine the student's placement*, and discuss compensatory education develop a compensatory education plan for the time the student had not been provided an alternative interim placement decided by the IEP team.
>
> 2. MAPCS shall ensure that a representative of DCPS particpates in the MDT/IEP meeting.
>
> 3. MAPCS shall either allow the student to reenroll at MAPCS or DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calender days if the recommended placement is private.
>
> 4. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

*See Ar at 12.*

As the facts previously indicated, MAPCS made a determination to expel Derrick based on his behavior which resulted in the physical altercation with another student. Upon

8

determining to remove a student from a current placement to an interim alternative educational placement, a school may do so, if among other things, a student has inflicted serious bodily injury against another. See 20 U.S.C. 1415 (G). However, 20 U.S.C. 1415 (k) becomes relevant and thus applicable. For instance, 20 U.S.C. 1415 (k)(C) and (D) state the following:

> (C)Additional Authority. If school personnel seek to *order a change in placement that would exceed 10 school days and the behavior gave rise to the violation of the school code* and *is determined not to be a manisfestation of the child's disability* pursuant to subparagraph (e), the relevant *discliplinary procedures applicable to children without disabilities may be applied to the child in the same manner and to the same duration* in which the procedures would be applied to children without disabilites, except as provided in an interim alternative educational setting.
> (D) *Services*. A child with a disability who is removed from the child's current placement under subparagraph (G) *(irrespective of whether the behavior is determined to be a manisfestation of the child's disability)* or subparagraph (C) *shall*:
>
> (i) *continue to receive educational servies*, as provided in Section 1412 (a)(1) of this title, so as to enable the child to continue to participate in the general education curriculum, *although in another setting*, and to progress toward meeting the goals set out in the child's IEP; and
> (ii) receive, *as appropriate, a functional behavioral assessment, behavioral intervention services and modifications*, that are designed to *address the behavior violation so that is does not recur*. (Emphasis added).

See 20 U.S.C. 1415 (k) (C)(D).

Thus based on the aforementioned statute, MAPCS had an obligation to provide Derrick with the appropriate specialized instruction and related services, even if those services had to be carried out in an alternative placement. MAPCS' obligation also extended to the completion of both the functional behavioral assessment and behavioral intervention plan. The completion of

9

said assessments were necessary to address the behavior that precipitated Derrick's expulsion. Both of these assessments had to be completed irrespective of the behavior being linked to the disability. The Defendant argues that MAPCS had no obligation to complete the assessments because the "MDT team determined that the FBA/BIP were not appropriate." ***See Defendant's Motion for Summary Judgment at page 8***. However, the Defendant has misinterpreted that portion of the statute. The statute utilizes the subordinate conjunction "as" instead of the subordinate conjunction "if". "As" is defined as "at the time when", "if" is defined as "in the event that" and "appropriate" is defined as suitable". ***See The New Webster's Library of Practical Information***. Thus, if the statute utilized the phrase "if appropriate", the Defendant would have the option of determining that the assessments were not suitable for completion; but, the statute utilized the phrase "as appropriate" which meant that the assessments were to be completed during a suitable time once the MDT determined an appropriate interim alternative educational placement. In this case, MAPCS failed to complete the functional behavioral assessment and behavioral implementation plan as the law required and as the April 2007 HOD ordered. In theory the assessments were to be completed after the MDT made a determination regarding an interim educational placement. It is of no consequence that the hearing officer determined that the manifestation meeting occurred in compliance with some portions of the statute, other parts of the statute required MAPCS to complete a functional behavioral assessment and a behavior implementation nonetheless.

The Defendant further argued that it had no duty to provide access to a free and appropriate education to the Plaintiff upon his expulsion, however, 20 U.S.C. 1412 (a)(1) in connection with 20 U.S.C. 1415 (k) (C)(D), requires that educational services be provided to a child with a disability whether they are suspended or expelled. ***See  20 U.S.C. 1412 (a)(1) and***

10

*20 U.S.C. 1415 (k) (C)(D)*. Thus, MAPCS had an obligation to provide educational services on the Plaintiff's behalf. In a sworn affidavit, Derrick noted that between November 2006 and January 2007, he received less than ten (10) hours of tutoring and on many occasions was not informed of the tutor's unavailability. *See AR at 283-284.* MAPCS blatantly refused to comply with the April 2007 HOD because they disagreed with the hearing officer's findings. The hearing officer determined as a matter of law, that MAPCS violated several provisions of IDEIA, more specifically, 34 C.F.R. 300.530-300.536. For those reasons, this Court should not reverse the April 2007 HOD.

## IV. CONCLUSION

Based on the foregoing record, this Court must find that MAPCS failed to comply with April 2007 HOD and further violated Derrick's rights pursuant to 42 U.S.C. Section 1983. In addition, this Court must affirm the April 2007 HOD and further find that the Plaintiff prevailed. The Plaintiff further request that the Court award relief it deems as just and proper.

    Respectfully submitted,
    _____/s/_____
    Roxanne D. Neloms [478157]
    Domiento C.R. Hill [ MD14793]
    Brown & Associates, PLLC
    1220 L. Street, NW, Suite 700
    Washington, DC 20005
    (202)742-2000 (Tele.)
    Counsels for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DERRICK SHELTON,** )<br>　　　　**Plaintiff** )<br> )<br> )<br>　　v. )<br> )<br>**MAYA ANGELOU PUBLIC CHARTER** )<br>**SCHOOL** )<br> )<br>　　　　**Defendant.** )<br>_____ ) | **Civil Action No. 07-cv-933(CKK)** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF MATERIAL FACTS**

1.　Plaintiff does not dispute paragraphs 1-3.

2.　Plaintiff disputes paragraph 4-5. Plaintiff stated that the female student grabbed him by the throat and in defense he pushed her with an open hand. *See AR at 77*.

3.　Plaintiff does not dispute paragraphs 6-10.

4.　Plaintiff disputes paragraph 11-13. Plaintiff claimed self defense and the educational advocate requested that the team reconvene to the IEP. *See AR at 74-77.*

5.　Plaintiff does not dispute paragraph 14.

6.　Plaintiff disputes paragraph 15. The MDT team notes do not reflect the consideration of either a functional behavioral assessment or a behavioral implementation plan.

7.　Plaintiff does not dispute paragraphs 16-20.

8.　Plaintiff is unable to respond to paragraphs 21-25, 27 because the referenced pages fail to correspond to the Defendant's alleged statements of material facts.

9. Plaintiff does not disribute paragraphs 26, 28-29.

                                        Respectfully submitted,
                                        /s/
                                      Roxanne D. Neloms [478157]
                                      Domiento C.R. Hill [ MD14793]
                                      Brown & Associates, PLLC
                                      1220 L. Street, NW, Suite 700
                                      Washington, DC 20005
                                      (202)742-2000 (Tele.)
                                      Counsels for Plaintiff

2