UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK SHELTON : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Civil Action No. 07-933 ( CKK) |
| : | |
| MAYA ANGELOU PUBLIC : | |
| CHARTER SCHOOL : | |
| : | |
| Defendant. : | |
| _____ : | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

The defendant, through undersigned counsel, submits its reply to plaintiff's opposition to Maya Angelou PCS' Motion for Summary Judgment and respectfully requests this Court to grant a summary judgment pursuant to Federal Rule of Civil Procedure 56©, finding that the Hearing Officer Coles B. Ruff erred in his April 5, 2007, Hearing Officer's Determination.

**ARGUMENT**

**The Court Should Dismiss this Matter As Moot.**

In Plaintiff's Opposition to Defendant's Motion for Summary Judgment counsel never addresses the fact that the relief requested in her Motion for Temporary Restraining Order/Preliminary Injunction (TRO/PI") was the same relief as the Complaint, which is essentially compliance with the HOD.  Since the Complaint's prayer for relief requests an injunction, and this Court has already denied the injunction, this Complaint should be dismissed as moot.  What counsel does instead is restate the

facts of the case for a second time and offer nothing additional in the way of legal analysis. Relying on a flawed legal determination by the Hearing Officer is no better than setting sail in a beautiful boat with a hole in its hull.

Nor does counsel's reliance on 20 U.S.C. 1415(k)(c)and (d) help. Defendant was not seeking to change the student's placement, it instead sought to and did dismiss the student for hitting his ex girlfriend hard enough to cause great concern. This attack was out of jealously; not as a result of his educational disability. Thus pursuant to the cited statutory authority, the Defendant could either expel the student, requiring no further services or place the student in an alternative setting - requiring some level of services. The defendant properly elected expulsion, requiring no further services.

Even the Hearing Officer in this case properly concluded that "there was no evidence that the MDT determination that the student's behavior was not a manifestation of the student's disability was erroneous." Consequently, the Hearing Officer concludes that the student's behavior for which he was expelled on November 17, 2007, was not a manifestation of his disability." *See* HOD at 9. Since the Hearing Officer found that the decision of the MDR was correct, he erred in finding that MAPCS should have conducted an FBA / BIP.

**The Hearing Officer erred in finding that MAPCS denied the Defendant a FAPE by failing to continue to provide services to the Defendant following the expulsion and to request the student be readmitted.**

The Hearing Officer found that the decision of the MDR was correct and appropriate. Therefore, MAPCS was permitted to discipline the student as a general education student without violating IDEA. Since MAPCS properly expelled the Plaintiff,

MAPCS was not under an obligation to continue to provide services to him. MAPCS, however, did provide services in the form of individualized tutoring for 3 hours per week. The Plaintiff failed to avail himself of these services, and MAPCS cannot be held responsible for the Plaintiff not availing himself of these services. Thus, the Hearing Officer erred in finding that MAPCS failed to provide services after the expulsion thus denying the Plaintiff FAPE.

## CONCLUSION

Based on the arguments above the Defendant requests that this Court issue a Summary Judgment for the Defendant and against the Plaintiff and reverse the April 5, 2007, Hearing Officer's Decision.

Respectfully submitted,
/s/
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 15th day of January, 2008.

/s/
Paul S. Dalton, Esq.
Counsel for Defendant