UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK SHELTON<br><br>    Plaintiff,<br><br>    v.<br><br>MAYA ANGELOU PUBLIC CHARTER SCHOOL,<br><br>    Defendant. | Civil Action No. 07-933 (CKK) |

**MEMORANDUM OPINION**
(September 18, 2009)

Plaintiff, Derrick Shelton, an adult student, brought this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et. seq.*,[1] as well as 42 U.S.C. § 1983 ("Section 1983"), against Defendant, Maya Angelou Public Charter School ("MAPCS"). The IDEA provides that all children with disabilities will be provided a free and appropriate public education ("FAPE"), and provides for procedural safeguards to ensure that disabled children receive individualized education programs ("IEP") to fulfill the Act's goals. Plaintiff alleges that Defendant MAPCS has failed to comply with an April 5, 2007 Hearing Officer Determination ("HOD"), and seeks declaratory and injunctive relief.

The parties in this case previously filed cross-motions for summary judgment. In a Memorandum Opinion and Order dated September 26, 2008, the Court denied Defendant's

---

[1] The IDEA was reauthorized and recodified pursuant to the Individuals with Disabilities Education Improvement Act in 2004, Pub. L. No. 108-446, 118 Stat. 2647 (2004). The amendments provide that the short title of the reauthorized and amended provisions remains the Individuals with Disabilities Education Act. *See* Pub. L. No 108-446, § 101; 118 Stat. at 2647; 20 U.S.C. § 1400 (2006) ("This chapter may be cited as the 'Individuals with Disabilities Education Act'"). Accordingly, the Court refers to the amended Act herein as the IDEA.

motion for summary judgment, and granted-in-part and denied-in-part Plaintiff's motion for summary judgment. *See Shelton v. Maya Angelou Pub. Charter Sch.*, 578 F. Supp. 2d 83 (D.D.C. 2008). As is specifically relevant to the instant Memorandum Opinion, the Court denied Plaintiff's motion for summary judgment with respect to his Section 1983 claim, finding that Plaintiff had "altogether fail[ed] to demonstrate that he is entitled to summary judgment."[2] *See id.* at 105. The Court emphasized in particular that Plaintiff had wholly "fail[ed] to establish 'that the District of Columbia has a custom or practice that is the moving force behind the alleged IDEA violations,'" as is required to state a Section 1983 claim based upon an alleged IDEA violation. *See id.* (quoting *Walker v. District of Columbia*, 157 F. Supp. 2d. 11, 30 (D.D.C. 2001)). Rather, Plaintiff's motion for summary judgment "state[d] only that 'the refusal to comply with hearing officer's determinations is not a new phenomenon in the District of Columbia Public School system,'" and did "not provide any factual support for this assertion." *Id.* at 105 (quoting Pl.'s MSJ at 14). Although such a failure "would ordinarily indicate that his Section 1983 claim should not proceed to trial," because the Defendant had not addressed Plaintiff's Section 1983 claim *at all* in its motion for summary judgment nor had it moved for summary judgment in its favor on that claim, the Court was unable to dismiss the Section 1983 claim from this lawsuit. *See id.* Accordingly, the Court denied Plaintiff's motion for summary

---

[2] The Court also denied Plaintiff's motion for summary judgment with respect to his IDEA claim and allegations that MAPCS' refusal to implement the HOD ultimately resulted in a denial of FAPE. *Shelton*, 578 F. Supp. 2d at 101-04. As permitted by the Court's September 26, 2008 Order, Plaintiff has since filed a renewed motion for summary judgment on his IDEA claim and request for compensatory education. *See* Pl.'s Mem. in Support of his Request for Compensatory Education, Docket No. [30]. Plaintiff's renewed motion filed with respect to his IDEA claim shall be addressed by separate order and is not at issue in the instant Memorandum Opinion.

judgment with respect to his Section 1983 claim, but concluded that Plaintiff's Section 1983 must remain in the lawsuit for the time being. *Id.* However, given the complete lack of support for Plaintiff's Section 1983 claim, the Court directed the Defendant to "file an appropriate motion regarding the viability of Plaintiff's Section 1983 claim." *Id.*

Pursuant to that directive, Defendant filed a [29] Motion to Dismiss Plaintiff's Section 1983 Claim, which is now pending before the Court. Upon a searching examination of both parties' filings, the relevant statutes and case law, and the entire record herein, the Court finds that Plaintiff has failed to state a Section 1983 claim, and therefore GRANTS Defendant's [29] Motion to Dismiss pursuant to Rule 12(b)(6), for the reasons set forth below.

## I. BACKGROUND

The Court assumes familiarity with the factual background of this case, which is set forth in detail in its September 26, 2008 Memorandum Opinion, *see generally Shelton*, 578 F. Supp. 2d 83, and therefore discusses only those facts and allegations that are relevant to the pending Motion to Dismiss.[3] On May 21, 2007, Plaintiff filed the Complaint in the above-captioned civil action. *See* Compl., Docket No. [1]. As is relevant to the issues at hand, Plaintiff's Complaint alleges a Section 1983 claim based on alleged violations of the IDEA—more specifically, the Defendant's refusal to comply with the April 5, 2007 HOD. *See* Compl. ¶¶ 26-31. Plaintiff contends that "MAPCS have [*sic*] violated and continue to violate section 1983 by blatantly refusing to comply with the April 5, 2007 HOD," and that these actions, which "were performed under the color of state law," resulted in a violation of Plaintiff's "rights under federal statute"

---

[3] The Court emphasizes that, although Defendant's briefing occasionally refers to materials outside the pleadings, *see, e.g.,* Def.'s Reply at 3 (referencing "[t]he exhibits relied on by both Plaintiff and Defendant in the recent filings"), the Court has not relied upon or considered any material outside the pleadings in ruling upon the instant Motion to Dismiss.

(*i.e.*, the IDEA). *Id.* ¶¶ 27-29.  Plaintiff furthis alleges that he "has suffered and is suffering irreparable harm to his education and development," and that "the actions of MAPCS are interfering with [his] ability to obtain access to a free and appropriate education." *Id.* ¶¶ 30-31. Noticeably absent from Plaintiff's Complaint is any allegation that the District or MAPCS has or had a custom or practice of refusing to comply with HODs or that the alleged IDEA violation in this case were somehow caused by an alleged municipal custom or practice.  *See generally id.*

Currently pending before the Court is Defendant's Motion to Dismiss, in which the Defendant asserts that Plaintiff's Section 1983 claim should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).[4]  *See* Def.'s MTD, Docket No. [29].  Plaintiff has filed an Opposition, *see* Pl.'s Opp'n, Docket No. [32], and Defendant a Reply, *see* Def.'s Reply, Docket No. [33].  Accordingly, briefing with respect to Defendant's Motion to Dismiss is now complete and the matter is ripe for the Court's review and resolution.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (per curiam).  Although "detailed factual allegations"

---

[4] Although Defendant, in moving to dismiss Plaintiff's Section 1983, did not specifically articulate that its motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), it is nonetheless readily apparent that Defendant's motion is a Rule 12(b)(6) motion for failure to state a claim.  *See, e.g.,* Def.'s MTD at 2 ("Plaintiff has failed to establish . . . the required elements for a § 1983 claim); Pl.'s Opp'n at 2 (describing Defendant's motion as a "Rule 12(b)(6) motion[]").

are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). However, as the Supreme Court recently made clear, a plaintiff must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1950. Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.* at 1950.

### III. DISCUSSION

As the Court previously explained in its September 26, 2008 Memorandum Opinion, courts in this District have concluded that "IDEA violations can be the predicate for a § 1983

claim based on those statutory violations." *Johnson v. District of Columbia*, 190 F. Supp. 2d 34, 46-47 (D.D.C. 2002); *R.S. v. District of Columbia*, 292 F. Supp. 2d 23, 28 (D.D.C. 2003). In considering such claims, courts have largely applied a four-part test, requiring plaintiffs to show: (1) that the defendant violated IDEA; (2) that "exceptional circumstances" exist, such that the defendant's conduct that caused the IDEA violation was persistently egregious and prevented or frustrated the plaintiff from securing equitable relief under the IDEA; (3) "that the District of Columbia has a custom or practice that is the moving force behind the alleged IDEA violations"; and (4) that the normal remedies offered under the IDEA, including compensatory education, are inadequate to compensate the plaintiff for the harm he or she allegedly suffered. *Walker v. District of Columbia*, 157 F. Supp. 2d. 11, 30 (D.D.C. 2001); *R.S.*, 292 F. Supp. 2d at 28. Alternatively, some courts have only considered the first and third factors of the *Walker* test. *See R.S.*, 292 F. Supp. 2d at 29 (citing *Johnson*, 190 F. Supp. 2d at 46-47, *Zearley v. Ackerman*, 116 F. Supp. 2d 109, 114 (D.D.C. 2000)).

Defendant has moved for dismissal of Plaintiff's Section 1983 claim pursuant to Rule 12(b)(6), arguing that—even assuming Plaintiff can demonstrate a violation of the IDEA as required in prong one—Plaintiff has failed to adequately allege the required elements as set forth in the second, third and fourth prongs of the *Walker* test. Because the Court agrees with Defendant that Plaintiff has failed to allege "that the District of Columbia has a custom or practice that is the moving force behind the alleged IDEA violations," as is required under the third prong, Plaintiff's Section 1983 claim fails for this reason, and the Court need not consider Defendant's arguments in the alternative.

Plaintiff's Section 1983 claim is predicated solely upon the Defendant's refusal to comply

with the April 5, 2007 HOD.  *See* Compl. ¶¶ 26-31.  As the Court previously explained in its September 26, 2008 Memorandum Opinion, Plaintiff's allegation that the Defendant violated the April 5, 2007 HOD is, without more, insufficient to support a Section 1983 claim.  Plaintiff must also set forth some factual basis to support an allegation that a municipal policy or custom caused Defendant to violate the HOD.  *See Shelton*, 578 F. Supp. 2d at 104-05.  This Plaintiff has not done.  Indeed, Plaintiff has neither alleged that the Defendant's refusal to comply with the HOD was somehow caused by an alleged municipal custom or practice nor has he set forth in his Complaint any factual allegations that would support a reasonable inference that the District or MAPCS has or had a custom or policy of refusing to comply with HODs.  *See generally* Compl.

Plaintiff's only argument in support of his claim that he has sufficiently alleged a municipal policy or practice is his ill-founded assertion that the Defendant's refusal to comply with the April 5, 2007 HOD is somehow by itself a municipal policy.  *See* Pl.'s Opp'n at 9.  According to Plaintiff, "MAPCS' refusal to comply with a hearing officer's determination resulted in a single decision that became policy."  *Id.*  Plaintiff further continues that this "single decision made by MAPCS, resulted in staff understanding that in situations regarding unfavorable HOD's, noncompliance was allowed because the unfavorable HOD was being appealed."  *Id.*  Significantly, however, Plaintiff has not offered any factual support for this statement nor has he pointed to any factual allegations in the Complaint or elsewhere that could reasonably be inferred to support such an assertion.  Simply opining without support that a particular act is a policy does not make it so.  Rather, Plaintiff must offer a factual basis for this claim, which he has not done.

Plaintiff responds that "section 1983 does not require a plaintiff to prove multiple

instances of misconduct if the plaintiff can prove an unconstitutional municipal policy responsible for a single instance of misconduct." *Id.*  This argument misses the point entirely.  Although a Plaintiff need not allege multiple instances of misconduct in order to successfully state a Section 1983 claim, a plaintiff ***does*** need to include some factual basis for the allegation that a municipal policy or custom caused the alleged IDEA violations—whether that is shown through allegations of multiple incidents or otherwise.  Accordingly, because Plaintiff's Complaint does not set forth any factual allegations that could support a reasonable inference that the Defendant had a policy or practice of refusing to comply with HODs or that the alleged IDEA violation in this case was the result of a municipal policy, Defendant's [29] Motion to Dismiss Plaintiff's Section 1983 Claim for failure to state a claim pursuant to Rule 12(b)(6) is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's [29] Motion to Dismiss Plaintiff's Section 1983 Claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  An appropriate Order accompanies this Memorandum Opinion.

Date:   September 18, 2009

                                                  /s/
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge